**No. 2:25-cv-00606-NCM**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

In re HOME BUILDING CORP., Debtor.

HOME BUILDING CORP., Appellant,

v.

WILLIAM K. HARRINGTON, United States Trustee, Appellee.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

# APPENDIX OF APPELLEE WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
FREDERICK GASTON HALL
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.: (202) 307-1399
frederick.g.hall@usdoj.gov

WILLIAM K. HARRINGTON
United States Trustee for Region 2
CHRISTINE G. BLACK
Assistant United States Trustee
ANDREW D. VELEZ-RIVERA
Trial Attorney

Department of Justice
Office of the United States Trustee
Alphonse D'Amato
Federal Courthouse
560 Federal Plaza, Room 560
Central Islip, NY 11722
Tel.: (631) 715-7800
andy.velez-rivera@usdoj.gov

**INDEX**

*In re Home Building Corp.*, No. 8-24-72229-reg (Bankr. E.D.N.Y.)


| *Tab* | *Date* | *Entry* | *Document* | *Pages* |
|---|---|---|---|---|
| 1 | n/a | n/a | Docket sheet as of 03/04/2025 | A001 – A012 |
| 2 | 06/10/2024 | 1 | Chapter 11 Voluntary Petition for Non-Individuals | A013 – A043 |
| 3 | 08/11/2024 | 12 | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2024 | A044 – A055 |
| 4 | 08/11/2024 | 13 | Amended Schedule E/F | A056 – A059 |
| 5 | 08/29/2024 | 16 | Motion to Dismiss or Convert | A060 – A073 |
| 6 | 09/16/2024 | 23 | Chapter 11 Monthly Operating Report for the Month Ending: 7/31/2024 | A074 – A085 |
| 7 | 10/11/2024 | 28-1 | Affirmation in Support of Debtor's Opposition to U.S. Trustee's Motion to Dismiss or Convert Case | A086 – A089 |
| 8 | 10/11/2024 | 28-4 | Exhibit B – Pitsa Kadianakis Proof of Claim | A090 – A122 |
| 9 | 10/14/2024 | 32 | Affirmation of Secured Creditor in Support of Trustee's Motion to Dismiss, or in Alternative Convert to Chapter 7 | A123 – A126 |
| 10 | 10/14/2024 | 32-2 | Exhibit B – Forbearance Agreement dated 09/11/2023 | A127 – A131 |
| 11 | 10/14/2024 | 32-3 | Exhibit C – Forbearance Agreement dated 01/30/2024 | A132 – A133 |
| 12 | 10/24/2025 | 33 | Order | A134 – A135 |

| *Tab* | *Date* | *Entry* | *Document* | *Pages* |
|---|---|---|---|---|
| 13 | 10/29/2024 | 34 | Chapter 11 Monthly Operating Report for the Month Ending: 8/31/2024 | A136 – A147 |
| 14 | 10/29/2024 | 35 | Chapter 11 Monthly Operating Report for the Month Ending: 9/30/2024 | A148 – A159 |
| 15 | 11/26/2024 | 43-1 | Application for Compensation for Ronald D. Weiss as Attorney for Debtor | A160 – A186 |
| 16 | 11/22/2024 | 47 | Transcript regarding the hearing held on September 16, 2024 | A187 – A198 |
| 17 | 11/25/2024 | 48 | Transcript regarding the hearing held on October 21, 2024 | A199 – A211 |
| 18 | 11/29/2024 | 53 | Debtor's Response to U.S. Trustee's Motion to Dismiss or Convert Case | A212 – A215 |
| 19 | 12/04/2024 | 55 | Affirmation Regarding Attorney's Fees Transferred to Escrow Account | A216 |
| 20 | 01/17/2025 | 59 | Decision [Re: Application for Compensation, ECF 43] | A217 – A231 |
| 21 | 01/24/2025 | 60 | Order Denying Debtor's Counsel's Fee Application and Disgorging Debtor's Counsel's Pre-Petition Retainer | A232 – A234 |
| 22 | 01/31/2025 | 63 | Notice of Appeal | A235 – A260 |
| 23 | 02/19/2025 | 74 | Transcript regarding the hearing held on July 15, 2024 | A261 – A277 |
| 24 | 02/19/2025 | 75 | Transcript regarding the hearing held on December 2, 2024 | A278 – A318 |
| 25 | 02/19/2025 | 76 | Transcript regarding the hearing held on August 12, 2024 | A319 – A330 |

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee for Region 2

April 2, 2025

By: /s/ *Frederick G. Hall*
FREDERICK GASTON HALL
Trial Attorney

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
FREDERICK GASTON HALL
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel.: (202) 307-1399
frederick.g.hall@usdoj.gov

WILLIAM K. HARRINGTON
United States Trustee for Region 2
CHRISTINE G. BLACK
Assistant United States Trustee
ANDREW D. VELEZ-RIVERA
Trial Attorney

Department of Justice
Office of the United States Trustee
Alphonse D'Amato
Federal Courthouse
560 Federal Plaza, Roome 560
Central Islip, NY 11722
Tel.: (631) 715-7800
andy.velez-rivera@usdoj.gov

**PlnDue, DsclsDue, HoldDisc, APPEAL**

# U.S. Bankruptcy Court
# Eastern District of New York (Central Islip)
# Bankruptcy Petition #: 8-24-72229-reg

*Assigned to:* Robert E. Grossman
Chapter 11
Voluntary
Asset

*Date filed:* 06/10/2024
*341 meeting:* 07/11/2024
*Deadline for filing claims:* 10/10/2024
*Deadline for filing claims (govt.):* 12/09/2024

***Debtor***
**Home Building Corporation**
350 Sunrise Highway
West Babylon, NY 11704
SUFFOLK-NY
Tax ID / EIN: 46-2045861

represented by **Ronald D. Weiss, P.C.**
734 Walt Whitman Road
Suite 203
Melville, NY 11747
(631) 271-3737
Fax : (631) 271-3784
Email: weiss@ny-bankruptcy.com

**Ronald D Weiss**
Ronald D. Weiss, Esq.
445 Broadhollow Road
Suite CL-10
Melville, NY 11747
631-271-3737
Fax : 631-271-3784
Email: weiss@ny-bankruptcy.com

***U.S. Trustee***
**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
(631) 715-7800

***US Trustee Trial Attorney***
**William J. Birmingham**
Office of The United States Trustee - Region 2
560 Federal Plaza
Central Islip, NY 11722
631-715-7789

| Filing Date | # | Docket Text |
|---|---|---|
| 06/10/2024 | 1 (31 pgs) | Chapter 11 Voluntary Petition for Non-Individuals. Fee Amount $ 1738. Filed by Ronald D Weiss on behalf of Home Building Corporation |

| | | |
|---|---|---|
| | | Chapter 11 Plan due by 10/8/2024. Disclosure Statement due by 10/8/2024. (Weiss, Ronald) (Entered: 06/10/2024) |
| 06/10/2024 | 2 (1 pg) | Pre-Petition Statement Pursuant to E.D.N.Y LBR 2017-1 Filed by Ronald D Weiss on behalf of Home Building Corporation (Weiss, Ronald) (Entered: 06/10/2024) |
| 06/10/2024 | | Receipt of Voluntary Petition (Chapter 11)( 8-24-72229) [misc,volp11a] (1738.00) Filing Fee. Receipt number A22697724. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/10/2024) |
| 06/10/2024 | 3 (3 pgs; 2 docs) | Meeting of Creditors Filed by United States Trustee. 341(a) meeting to be held on 7/11/2024 at 02:00 PM at Telephonic Meeting: Phone 1 (877) 988-1229, Participant Code 6493694, Enter # sign. (Birmingham, William) (Entered: 06/10/2024) |
| 06/10/2024 | 4 (3 pgs; 2 docs) | Deficient Filing Chapter 11Affidavit Pursuant to E.D.N.Y. LBR 1007-4 due 6/10/2024. Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a) due by 6/10/2024. Corporate Disclosure Statement Pursuant to FBR 1073-3 due 6/10/2024. Incomplete Filings due by 6/24/2024. (ylr) (Entered: 06/10/2024) |
| 06/10/2024 | 5 (1 pg) | Letter *Corporate Resolution* Filed by Ronald D Weiss on behalf of Home Building Corporation (Weiss, Ronald) (Entered: 06/10/2024) |
| 06/10/2024 | 6 (1 pg) | Letter *: Corporate Disclosure Statement* Filed by Ronald D Weiss on behalf of Home Building Corporation (Weiss, Ronald) (Entered: 06/10/2024) |
| 06/11/2024 | 7 (3 pgs; 2 docs) | Order Scheduling Initial Case Management Conference . Status hearing to be held on 7/15/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. Signed on 6/11/2024 (amp) (Entered: 06/11/2024) |
| 06/12/2024 | 8 (4 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 06/12/2024. (Admin.) (Entered: 06/13/2024) |
| 06/12/2024 | 9 (4 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 06/12/2024. (Admin.) (Entered: 06/13/2024) |
| 06/13/2024 | 10 (4 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 06/13/2024. (Admin.) (Entered: 06/14/2024) |
| 06/28/2024 | 11 (3 pgs) | Notice of Appearance and Request for Notice Filed by Edward A Wiener on behalf of Pitsa Kadianakis (Wiener, Edward) (Entered: 06/28/2024) |
| 07/15/2024 | | Hearing Held and Adjourned; - Appearance: Scott Dillon; William Birmingham; Status hearing to be held on 08/12/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (RE: related document(s)7 Order Scheduling Initial Case Management Conference) (amp) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 08/11/2024 | 12<br>(15 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2024 Filed by Ronald D Weiss on behalf of Home Building Corporation (Attachments: # 1 Bank Statement) (Weiss, Ronald) (Entered: 08/11/2024) |
| 08/11/2024 | 13<br>(4 pgs) | Amended Schedule(s), Required Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) Schedule E/F, Fee Amount $34 Filed by Ronald D Weiss on behalf of Home Building Corporation (Weiss, Ronald) (Entered: 08/11/2024) |
| 08/11/2024 | | Receipt of Amended Schedule(s), Required Statement(s) and Affidavit Pursuant to E.D.N.Y. LBR 1009-1(a) (Fee Due)( 8-24-72229-reg) [misc,aschsfa] ( 34.00) Filing Fee. Receipt number A22861997. Fee amount 34.00. (re: Doc# 13) (U.S. Treasury) (Entered: 08/11/2024) |
| 08/12/2024 | | Hearing Held and Adjourned; - Appearances: Scott Dillon, William J. Birmingham, Edward A Wiener. Status hearing to be held on 09/16/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (RE: related document(s)7 Order Scheduling Initial Case Management Conference) (amp) (Entered: 08/12/2024) |
| 08/21/2024 | 14<br>(16 pgs) | Motion to Set Last Day to File Proofs of Claim Filed by Ronald D Weiss on behalf of Home Building Corporation. (Weiss, Ronald) (Entered: 08/21/2024) |
| 08/22/2024 | 15<br>(12 pgs; 2 docs) | Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof. Proofs of Claims due by 10/10/2024. Government Proof of Claim due by 12/9/2024. Signed on 8/22/2024 (Attachments: # 1 Exhibit Notice of Deadline Requiring Filing Proofs of Claim) Related document(s) 14 Motion to Set Last Day to File Proofs of Claim filed by Debtor Home Building Corporation. (dng). (Entered: 08/22/2024) |
| 08/29/2024 | 16<br>(16 pgs; 3 docs) | Motion to Convert Case Chapter 11 to 7 ., or in the alternative Motion to Dismiss Case Filed by William J. Birmingham. Hearing scheduled for 9/30/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Birmingham, William) (Entered: 08/29/2024) |
| 08/29/2024 | 17<br>(3 pgs) | Affidavit/Certificate of Service *of the Notice of Motion and United States Trustees Application in Support of Motion Under Bankruptcy Code section 1112(b) Seeking Entry of an Order Converting the Within Case to a Case Under Chapter 7 of the Bankruptcy Code; or in the Alternative, Dismissing the Within Case* Filed by United States Trustee (RE: related document(s)16 Motion to Convert Case Chapter 11 to 7 filed by US Trustee Trial Attorney William J. Birmingham, Motion to Dismiss Case) (Birmingham, William) (Entered: 08/29/2024) |
| 09/01/2024 | 18<br>(3 pgs) | BNC Certificate of Mailing with Notice of Hearing on Dismissal Notice Date 09/01/2024. (Admin.) (Entered: 09/02/2024) |
| 09/04/2024 | 19<br>(8 pgs; 3 docs) | Application to Employ Ronald D. Weisss, P.C. as Attorney for Debtor-in-Possession Filed by Ronald D Weiss on behalf of Home Building Corporation. (Attachments: # 1 Affirmation in Support # 2 Proposed Order) (Weiss, Ronald) (Entered: 09/04/2024) |

| | | |
|---|---|---|
| 09/09/2024 | 20<br>(2 pgs) | Order Authorizing Retention of Chapter 11 Attorney Ronald D. Weiss, P.C. (RE: related document(s)19 Application to Employ filed by Debtor Home Building Corporation). Signed on 9/9/2024 (amp) (Entered: 09/09/2024) |
| 09/12/2024 | 21<br>(2 pgs; 2 docs) | Affidavit/Certificate of Service *Date 12 of September 2024* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)15 Order Establishing Deadline for Filing Proofs of Claim) (Attachments: # 1 Service List) (Weiss, Ronald) (Entered: 09/12/2024) |
| 09/13/2024 | 22<br>(14 pgs; 4 docs) | Attorney to refile-Application to Employ Maltz Auctions, Inc as Broker *for Debtor* Filed by Ronald D Weiss on behalf of Home Building Corporation. (Attachments: # 1 Maltz signed affidavit # 2 Debtor affidavit # 3 proposed order) (Weiss, Ronald) Modified on 9/16/2024 (ylr). (Entered: 09/13/2024) |
| 09/16/2024 | 23<br>(14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 7/31/2024 Filed by Ronald D Weiss on behalf of Home Building Corporation (Attachments: # 1 Bank Statement) (Weiss, Ronald) (Entered: 09/16/2024) |
| 09/16/2024 | | Hearing Held and Adjourned; - Appearances: Scott Dillon, William J. Birmingham, Edward A Wiener. Status hearing to be held on 10/21/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (RE: related document(s)7 Order Scheduling Initial Case Management Conference) (amp) (Entered: 09/16/2024) |
| 09/16/2024 | 24<br>(1 pg) | Letter of Adjournment: Hearing rescheduled from September 30, 2024 at 9:30am to October 21, 2024 at 9:30am Filed by William J. Birmingham (RE: related document(s)16 Motion to Convert Case Chapter 11 to 7 filed by US Trustee Trial Attorney William J. Birmingham, Motion to Dismiss Case) (Birmingham, William) (Entered: 09/16/2024) |
| 09/26/2024 | 25<br>(14 pgs; 4 docs) | Attorney Instructed to Refile- Amended Application to Employ Maltz Auctions as Broker Filed by Ronald D Weiss on behalf of Home Building Corporation. (Attachments: # 1 Debtor Affidavit in Support # 2 Maltz Affidavit in Support # 3 Proposed Order) (Weiss, Ronald) Modified on 9/27/2024 (ylr). (Entered: 09/26/2024) |
| 09/27/2024 | 26<br>(12 pgs) | Application to Employ Maltz Auctions, Inc d/b/a Maltz Auctions as Broker Filed by Ronald D Weiss on behalf of Home Building Corporation. (Weiss, Ronald) (Entered: 09/27/2024) |
| 09/30/2024 | | Adjourned Without Hearing - 'Hearing scheduled for 10/21/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY.(RE: related document(s)16 Motion to Convert Case Chapter 11 to 7,Motion to Dismiss Case Filed by US Trustee Trial Attorney William J. Birmingham) (amp) (Entered: 09/30/2024) |
| 10/11/2024 | 27<br>(3 pgs) | Order Granting Application to Employ Maltz Auctions, Inc d/b/a Maltz Auctions as Broker (Related Doc # 26) Signed on 10/11/2024. (amp) (Entered: 10/11/2024) |
| 10/11/2024 | 28<br>(134 pgs; 5 docs) | Affirmation in Opposition Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)16 Motion to Convert |

| | | |
|---|---|---|
| | | Case Chapter 11 to 7 filed by US Trustee Trial Attorney William J. Birmingham, Motion to Dismiss Case) (Attachments: # 1 Affirmation in Support # 2 Exhibit A -Part 1 # 3 Exhibit A - part 2 # 4 Exhibit B) (Weiss, Ronald) (Entered: 10/11/2024) |
| 10/11/2024 | 29 (8 pgs; 2 docs) | Motion to Authorize/Direct *: Motion for Comfort Order Regarding Automatic Stay* Filed by Ronald D Weiss on behalf of Home Building Corporation. Hearing scheduled for 11/18/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # 1 Motion) (Weiss, Ronald) (Entered: 10/11/2024) |
| 10/11/2024 | 30 (2 pgs) | Amended Notice of Motion/Presentment Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)29 Motion to Authorize/Direct filed by Debtor Home Building Corporation) (Weiss, Ronald) (Entered: 10/11/2024) |
| 10/11/2024 | 31 (2 pgs; 2 docs) | Affidavit/Certificate of Service *Date 11 October 2024* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)28 Affirmation in Opposition filed by Debtor Home Building Corporation, 29 Motion to Authorize/Direct filed by Debtor Home Building Corporation, 30 Amended Notice of Motion/Presentment filed by Debtor Home Building Corporation) (Attachments: # 1 Service List) (Weiss, Ronald) (Entered: 10/11/2024) |
| 10/14/2024 | 32 (44 pgs; 4 docs) | Affirmation in Support *of Trustee's Motion to Dismiss or, in the alternative, Convert to Chapter 7* Filed by Edward A Wiener on behalf of Pitsa Kadianakis (RE: related document(s)16 Motion to Convert Case Chapter 11 to 7 filed by US Trustee Trial Attorney William J. Birmingham, Motion to Dismiss Case) (Attachments: # 1 Exhibit A - Filed Proof of Claim # 2 Exhibit A - Forbearance Agreement dated 09/11/2023 # 3 Exhibit C - Forbearance Agreements dated 01/30/2024) (Wiener, Edward) (Entered: 10/14/2024) |
| 10/21/2024 | | Hearing Held; - Appearances: William J. Birmingham, Edward A Wiener, Scott Dillon. (RE: related document(s)7 Order Scheduling Initial Case Management Conference); Case Dismissed (amp) (Entered: 10/21/2024) |
| 10/21/2024 | | Hearing Held; - Appearances: William J. Birmingham, Edward A Wiener, Scott Dillon. (RE: related document(s)16 Motion to Convert Case Chapter 11 to 7,Motion to Dismiss Case Filed by US Trustee Trial Attorney William J. Birmingham); Motion Granted as Stated on the Record; UST Submit Order, Mr. Weiss' firm to file an application for compensation (amp) (Entered: 10/21/2024) |
| 10/24/2024 | 33 (2 pgs) | Ordered, that within ten days from the date of the entry Order, the Debtor is directed to file all outstanding Monthly Operating Reports (MORs) and pay all outstanding United States Trustee Quarterly Fees due under 28 U.S.C §1930(a)(6); and that upon the Debtors filing of the MORs and payment of United States Trustee Quarterly Fees, the Debtors case commenced under chapter 11 of the Bankruptcy Code will be dismissed upon submission of a proposed dismissal order by the United States Trustee. (RE: related document(s)16 Motion to Convert Case Chapter 11 to 7 filed by US Trustee Trial Attorney William J. Birmingham, Motion to Dismiss Case). Signed on 10/24/2024 (amp) (Entered: 10/24/2024) |

**A005**

| | | |
|---|---|---|
| 10/29/2024 | 34 (18 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 8/31/2024 Filed by Ronald D Weiss on behalf of Home Building Corporation (Attachments: # 1 Bank Statement) (Weiss, Ronald) (Entered: 10/29/2024) |
| 10/29/2024 | 35 (14 pgs; 2 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 9/30/2024 Filed by Ronald D Weiss on behalf of Home Building Corporation (Attachments: # 1 Bank Statement) (Weiss, Ronald) (Entered: 10/29/2024) |
| 10/30/2024 | 36 (27 pgs) | Incorrect Event used and there is no Notice of Motion attached - Attorney to refile using correct event and Notice of Motion - Motion for Costs/Atty Fees Filed by Ronald D Weiss on behalf of Home Building Corporation. (Weiss, Ronald) Modified on 10/30/2024 (amp). (Entered: 10/30/2024) |
| 10/31/2024 | 37 (9 pgs; 2 docs) | Notice of Appeal to District Court. . Fee Amount $298 Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)33 Generic Order). Appellant Designation due by 11/14/2024. Transmission of Designation to District Court Due by 12/2/2024. (Weiss, Ronald) (Entered: 10/31/2024) |
| 10/31/2024 | | Receipt of Notice of Appeal( 8-24-72229-reg) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A23075155. Fee amount 298.00. (re: Doc# 37) (U.S. Treasury) (Entered: 10/31/2024) |
| 10/31/2024 | 38 (2 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation) (one) (Entered: 10/31/2024) |
| 10/31/2024 | 39 (22 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation) (Attachments: # 1 Docket Sheet) (one) (Entered: 10/31/2024) |
| 11/02/2024 | 40 (3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 11/02/2024. (Admin.) (Entered: 11/03/2024) |
| 11/06/2024 | 41 (2 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 24-cv-07643 District Court Judge Natasha C. Merle assigned. (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation) (one) (Entered: 11/06/2024) |
| 11/08/2024 | 42 (10 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/08/2024. (Admin.) (Entered: 11/09/2024) |
| 11/12/2024 | 43 (29 pgs; 2 docs) | Application for Compensation. for Ronald D. Weiss as Attorney for Debtor; Fees: $24979.00 Expenses: $2,500.00. Objections to be filed on 11/25/2024. Filed by Ronald D Weiss on behalf of Home Building Corporation. Hearing scheduled for 12/2/2024 at 09:30 AM at Courtroom 860 (Judge Grossman), CI, NY. (Attachments: # 1 Application) (Weiss, Ronald) Modified on 11/26/2024 (amp). (Entered: 11/12/2024) |

A006

| | | |
|---|---|---|
| 11/12/2024 | 44 (2 pgs; 2 docs) | Affidavit Re: *Date 12 November 2024* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)43 Application for Compensation filed by Debtor Home Building Corporation) (Attachments: # 1 Service List) (Weiss, Ronald) (Entered: 11/12/2024) |
| 11/13/2024 | 45 (1 pg) | Letter of Adjournment: Hearing rescheduled from November 18, 2024 at 9:30 am to November 20, 2024 at 9:30 am Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)29 Motion to Authorize/Direct filed by Debtor Home Building Corporation) (Weiss, Ronald) (Entered: 11/13/2024) |
| 11/14/2024 | 46 (1 pg) | Letter *to withdraw Motion for Comfort Order, Docket No. 29* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)29 Motion to Authorize/Direct filed by Debtor Home Building Corporation, 45 Letter of Adjournment filed by Debtor Home Building Corporation) (Weiss, Ronald) (Entered: 11/14/2024) |
| 11/18/2024 | | Withdrawn without hearing(RE: related document(s)29 Motion to Authorize/Direct Filed by Debtor Home Building Corporation); Letter filed #46 (amp) (Entered: 11/18/2024) |
| 11/22/2024 | 47 (14 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 09/16/24. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) Hearing Held and Adjourned (Case Owned BK)). Notice of Intent to Request Redaction Due By 11/29/2024. Redaction Request Due By 12/13/2024. Redacted Transcript Submission Due By 12/23/2024. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/20/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (eScribers LLC) (Entered: 11/22/2024) |
| 11/25/2024 | 48 (15 pgs; 3 docs) | Transcript & Notice regarding the hearing held on 10/21/24. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) Hearing Held (Case Owned BK), Hearing Held (Document BK & AP)). Notice of Intent to Request Redaction Due By 12/2/2024. Redaction Request Due By 12/16/2024. Redacted Transcript Submission Due By 12/26/2024. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 02/24/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (eScribers LLC) (Entered: 11/25/2024) |
| 11/26/2024 | 49 (8 pgs) | Objection to Professional Fees Filed by William J. Birmingham (RE: related document(s)43 Application for Compensation filed by Debtor Home Building Corporation) (Birmingham, William) (Entered: 11/26/2024) |
| 11/26/2024 | 50 (2 pgs) | Affidavit/Certificate of Service *of the Objection of the United States Trustee to the Application for Compensation* Filed by United States Trustee (RE: related document(s)49 Objection to Professional Fees filed by US Trustee Trial Attorney William J. Birmingham) (Birmingham, William) (Entered: 11/26/2024) |

| | | |
|---|---|---|
| 11/27/2024 | 51 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/27/2024. (Admin.) (Entered: 11/28/2024) |
| 11/27/2024 | 52 (3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 11/27/2024. (Admin.) (Entered: 11/28/2024) |
| 11/29/2024 | 53 (4 pgs) | Response *to Objection* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)49 Objection to Professional Fees filed by US Trustee Trial Attorney William J. Birmingham) (Weiss, Ronald) (Entered: 11/29/2024) |
| 12/02/2024 | | Hearing Held; - Appearances: William J. Birmingham, Ronald D Weiss. (RE: related document(s)43 Application for Compensation Filed by Debtor Home Building Corporation); Court to entere Decision (amp) (Entered: 12/02/2024) |
| 12/03/2024 | 54 (10 pgs; 3 docs) | Incomplete Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 24-cv-07643-NCM - No Designations Filed. (RE: related document(s)33 Generic Order, 37 Notice of Appeal filed by Debtor Home Building Corporation) (alh) (Entered: 12/03/2024) |
| 12/04/2024 | 55 (1 pg) | Affirmation of Compliance: *Attorney's Fees Transferred to Escrow Account* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s) Hearing Held (Document BK & AP)) (Weiss, Ronald) (Entered: 12/04/2024) |
| 12/17/2024 | 56 (397 pgs; 43 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation). Appellee designation due by 12/31/2024. (Attachments: # 1 Statement of Issues # 2 ECF #1 - Voluntary Petition # 3 ECF #2 Pre Petition Stmt # 4 ECF #5 - Corporate Resolution # 5 ECF #7 - Order Scheduling Initial Case Mgt # 6 ECF #12 -June 2024 Operating Report # 7 ECF #13 Amended Sch # 8 ECF #14 - Motion to Set Last Day to File Proofs of Claim # 9 ECF #15 - Order establishing deadline for POC # 10 ECF #16 Motion to Convert # 11 ECF #19 - Application to Employ Ronald D. Weiss PC PART 1 # 12 ECF #20 - Order Authorizing Retention of Chapter 11 Attorney Ronald D. Weiss # 13 ECF #23 - Chapter 11 Monthly Operating Report July 2024 # 14 ECF #26 - Application to Employ Maltz Auctions # 15 ECF #27 - Order Granting Application to Employ Maltz Auctions # 16 ECF #28 - Aff in Opp to MTD PART 1 # 17 ECF #28 - Aff in Opp to MTD PART 2 # 18 ECF #28 - Aff in Opp to MTD PART 3 # 19 ECF #28 - Aff in Opp to MTD PART 4 # 20 ECF #28 - Aff in Opp to MTD PART 5 # 21 ECF #29 -Motion to Authorize Direct- Motion for Comfort Order Regarding Automatic Stay PART 1 # 22 ECF #29 -Motion to Authorize Direct - Motion for Comfort Order Regarding Automatic Stay PART 2 # 23 ECF #30 - Amended Notice of Motion # 24 ECF #32 -Affirmation in Support of Trustee Motion # 25 ECF #32 -Affirmation in Support of Trustee Motion Part 2 # 26 ECF #32 -Affirmation in Support of Trustee Motion Part 2 # 27 ECF #32 -Affirmation in Support of Trustee Motion Part # 28 Order # 29 ECF #34 - Operating Report August 2024 # 30 ECF #35 - Operating Report Sept 2024 # 31 ECF #37 - Notice of Appeal # 32 ECF #41 - Notice of Docketing Record on Appeal to District Court # 33 ECF #43 - Application for Compensation Part 1 # 34 ECF #43 - Application for Compensation Part 2 # 35 ECF #44 - Affidavit # 36 ECF # 46 - Letter to withdraw Motion for Comfort Order |

| | | |
|---|---|---|
| | | # 37 ECF # 47 - Transcript Notice # 38 ECF # 48 - Transcript Notice # 39 ECF # 049 - Objection to Processional Fees # 40 ECF # 54 Incomplete Transmittal # 41 ECF # 53 Incomplete Transmittal # 42 ECF #55 - Affirmation of Compliance)(Weiss, Ronald) (Entered: 12/17/2024) |
| 01/02/2025 | 57 (4 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation, 56 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation). Appellee designation due by 01/16/2025. (Attachments: # 1 Statement of Issues)(Weiss, Ronald) (Entered: 01/02/2025) |
| 01/03/2025 | 58 (438 pgs; 19 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 24-cv-07643 -- **Late Filed Appellant Designations** (RE: related document(s)37 Notice of Appeal filed by Debtor Home Building Corporation, 57 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation) (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4 # 4 Part 5 # 5 Part 6 # 6 Part 7 # 7 Part 8 # 8 Part 9 # 9 Part 10 # 10 Part 11 # 11 Part 12 # 12 Part 13 # 13 Part 14 # 14 Part 15 # 15 Part 16 # 16 Bankruptcy Court Docket Sheet) (one) (Entered: 01/03/2025) |
| 01/17/2025 | 59 (15 pgs) | Decision: This Court accepts that chapter 11 will likely continue to be used on an emergency basis solely to obtain the benefits of the automatic stay to give debtors time to negotiate with, for example, secured creditors, landlords, or other parties, or to stay enforcement of a judgment. For the vast majority of small bankruptcy matters, the debtor has a viable path to reorganize or liquidate as permitted by the Code. This Decision should not be viewed as limiting relief to the honest debtor in anyway. That said, the fee application of chapter 11 debtors counsel who uses the chapter 11 process with no plan but merely to delay a secured creditor should be carefully scrutinized by the court and, when appropriate, fees should be disallowed. The approval of debtors counsel fees by the bankruptcy court is a critical component of the bankruptcy process, and each professional retained by a chapter 11 debtor must be fully aware that fees are subject to court approval. This is a fundamental issue: professionals who use the bankruptcy process as the Weiss Firm has done in this case should understand the risk that a court may deny their compensation as requested. This Court hopes that bankruptcy attorneys and courts will recognize this concern and develop appropriate procedures to restore balance and integrity to the system. The UST is directed to submit a proposed order consistent with this Decision. (RE: related document(s)43 Application for Compensation filed by Debtor Home Building Corporation). Signed on 1/17/2025 (amp) (Entered: 01/17/2025) |
| 01/24/2025 | 60 (3 pgs) | Ordered, that the Motion under 11 U.S.C. §330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure is denied with respect to Debtors Counsels request for compensation; and that within seven days from the date of entry of this Order, Debtors Counsel is directed to disgorge to the Debtor, the $30,000.00 Pre-Petition Retainer; and that within ten days from the date of entry of this Order, Debtors Counsel is directed to file an affirmation of compliance attesting that the $30,000.00 Pre-Petition Retainer has been disgorged, in full, to the Debtor; and that with respect to Debtors Counsels request for reimbursement of Expenses, within seven days from the date of the entry of this Order, Debtors Counsel is directed to provide to the United States Trustee, with proper documentation evidencing the $2,400.00 of |

| | | |
|---|---|---|
| | | Expenses paid by Debtors Counsel. (RE: related document(s)43 Application for Compensation filed by Debtor Home Building Corporation, 59 Opinion/Decision for External Web Page). Signed on 1/24/2025 (amp) (Entered: 01/24/2025) |
| 01/29/2025 | 61 (5 pgs) | Response *to Order giving proof of Fees/Costs* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)60 Generic Order) (Weiss, Ronald) (Entered: 01/29/2025) |
| 01/29/2025 | 62 (2 pgs) | Response *that Counsel has disgorged $30,000.00 to the Debtor* Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)60 Generic Order) (Weiss, Ronald) (Entered: 01/29/2025) |
| 01/31/2025 | 63 (27 pgs; 2 docs) | Notice of Appeal to District Court. . Fee Amount $298, Civil Cover Sheet Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)59 Opinion/Decision for External Web Page, 60 Generic Order). Appellant Designation due by 02/14/2025. Transmission of Designation to District Court Due by 03/3/2025. (Weiss, Ronald) (Entered: 01/31/2025) |
| 02/01/2025 | | Receipt of Notice of Appeal( 8-24-72229-reg) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A23315780. Fee amount 298.00. (re: Doc# 63) (U.S. Treasury) (Entered: 02/01/2025) |
| 02/03/2025 | 64 (2 pgs; 2 docs) | Notice to Parties of Requirements, Deadlines (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (one) (Entered: 02/03/2025) |
| 02/03/2025 | 65 (2 pgs; 2 docs) | Appeal Deficiency Notice (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (one) (Entered: 02/03/2025) |
| 02/03/2025 | 66 (53 pgs; 4 docs) | Transmittal of Notice of Appeal to District Court (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (Attachments: # 1 Bankruptcy Court Docket Sheet) (one) (Entered: 02/03/2025) |
| 02/03/2025 | 67 (13 pgs; 3 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: N/A -- to include corrected docket sheet (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (one) (Entered: 02/03/2025) |
| 02/04/2025 | 68 (3 pgs) | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 25-cv-00606 District Court Judge Hector Gonzalez assigned. (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (one) (Entered: 02/04/2025) |
| 02/05/2025 | 69 (3 pgs) | BNC Certificate of Mailing with Notice/Order Notice Date 02/05/2025. (Admin.) (Entered: 02/06/2025) |
| 02/05/2025 | 70 (28 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 02/05/2025. (Admin.) (Entered: 02/06/2025) |
| 02/07/2025 | 71 (3 pgs) | Civil Cover Sheet Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)63 Notice of Appeal filed by |

| | | |
|---|---|---|
| | | Debtor Home Building Corporation, Civil Cover Sheet). (Weiss, Ronald) (Entered: 02/07/2025) |
| 02/07/2025 | 72 (4 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)57 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation, 63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet). Appellee designation due by 02/21/2025. (Weiss, Ronald) (Entered: 02/07/2025) |
| 02/07/2025 | 73 (4 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Ronald D Weiss on behalf of Home Building Corporation (RE: related document(s)57 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation, 63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet). Appellee designation due by 02/21/2025. (Weiss, Ronald) (Entered: 02/07/2025) |
| 02/19/2025 | 74 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 07/15/24. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency].. Notice of Intent to Request Redaction Due By 02/26/2025. Redaction Request Due By 03/12/2025. Redacted Transcript Submission Due By 03/24/2025. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 05/20/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 02/19/2025) |
| 02/19/2025 | 75 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 12/02/24. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency].. Notice of Intent to Request Redaction Due By 02/26/2025. Redaction Request Due By 03/12/2025. Redacted Transcript Submission Due By 03/24/2025. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 05/20/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 02/19/2025) |
| 02/19/2025 | 76 (2 pgs; 2 docs) | Transcript & Notice regarding the hearing held on 8/12/24. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the court's website for contact information for the Transcription Service Agency]. (RE: related document(s) 7 Order Scheduling Initial Case Management Conference). Notice of Intent to Request Redaction Due By 02/26/2025. Redaction Request Due By 03/12/2025. Redacted Transcript Submission Due By 03/24/2025. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 05/20/2025 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (Veritext) (Entered: 02/19/2025) |
| 02/21/2025 | 77 (3 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by United States Trustee. (Velez-Rivera, Andrew) (Entered: 02/21/2025) |

| | | |
|---|---|---|
| 02/21/2025 | 78<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 02/21/2025. (Admin.) (Entered: 02/22/2025) |
| 02/21/2025 | 79<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 02/21/2025. (Admin.) (Entered: 02/22/2025) |
| 02/21/2025 | 80<br>(3 pgs) | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 02/21/2025. (Admin.) (Entered: 02/22/2025) |
| 03/03/2025 | 81<br>(537 pgs; 12 docs) | Transmittal of Additional Record on Appeal to District Court in reference to Civil Case Number: 25-cv-00606 (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, 72 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation, 73 Appellant Designation & Statement of Issues filed by Debtor Home Building Corporation, 77 Appellee Designation filed by U.S. Trustee United States Trustee) (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4 # 4 Part 5 # 5 Part 6 # 6 Part 7 # 7 Part 8 # 8 Part 9 # 9 Bankruptcy Court Docket Sheet) (one) (Entered: 03/03/2025) |
| 03/03/2025 | | Electronic Order from District Court Reassigning Case - Case reassigned to Judge Natasha C. Merle for all further proceedings. Judge Hector Gonzalez no longer assigned to case. Ordered by Chief Judge Margo K. Brodie on 2/6/2025 (RE: related document(s)63 Notice of Appeal filed by Debtor Home Building Corporation, Civil Cover Sheet) (one) (Entered: 03/03/2025) |



## PACER Service Center

### Transaction Receipt

03/04/2025 09:43:41

| | | | |
|---|---|---|---|
| **PACER Login:** | FredeHallFHall | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8-24-72229-reg Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number *(if known)* ______ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/22**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name** — **Home Building Corporation**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **46-2045861**

**4. Debtor's address**

**Principal place of business**

**350 Sunrise Highway**
**West Babylon, NY 11704**
Number, Street, City, State & ZIP Code

**Suffolk**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5311**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor ______ Relationship ______
District ______ When ______ Case number, if known ______

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ______
Contact name ______
Phone ______

## Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor **Home Building Corporation** Case number (*if known*)
Name

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Home Building Corporation** Case number (*if known*)
Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 10, 2024**
MM / DD / YYYY

*X* **/s/ Eugeniusz Rogoza**
Signature of authorized representative of debtor

**Eugeniusz Rogoza**
Printed name

Title **President**

**18. Signature of attorney**

*X* **/s/ Ronald D. Weiss**
Signature of attorney for debtor

Date **June 10, 2024**
MM / DD / YYYY

**Ronald D. Weiss 4419**
Printed name

**Ronald D. Weiss, P.C.**
Firm name

**445 Broadhollow Road**
**Suite CL-10**
**Melville, NY 11747**
Number, Street, City, State & ZIP Code

Contact phone **(631) 271-3737** Email address **weiss@ny-bankruptcy.com**

**4419 NY**
Bar number and State

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ______

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 10, 2024**

X **/s/ Eugeniusz Rogoza**
Signature of individual signing on behalf of debtor

**Eugeniusz Rogoza**
Printed name

**President**
Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Home Building Corporation** |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **-NONE-** | | | | | | |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ______________

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

**Part 1: Summary of Assets**

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B*. | $ | **1,500,000.00** |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B*. | $ | **7,500.00** |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B*. | $ | **1,507,500.00** |

**Part 2: Summary of Liabilities**

| | | |
|---|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*. | $ | **480,000.00** |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | | |
| **3a. Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F*. | $ | **0.00** |
| **3b. Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*. | +$ | **0.00** |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ | **480,000.00** |


Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

2. **Cash on hand** — **$0.00**

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. **Chase** | **Checking** | **5795** | **$3,000.00** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** — **$3,000.00**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1. **Security Deposit** — **$4,500.00**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Debtor **Home Building Corporation** Case number *(If known)*
Name

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.
**$4,500.00**

**Part 3: Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | **0.00** | - | **0.00** | = .... | **$0.00** |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.
**$0.00**

**Part 4: Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1. **350 Sunrise Highway West Babylon, NY 11704** | **Fee simple** | **$1,500,000.00** | | **$1,500,000.00** |

56. **Total of Part 9.** **$1,500,000.00**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 10: Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

**Part 11: All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**
**Property coverage and liablity insurance and Workers comp**

**US Underwriters Ins. Co.** **$0.00**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to**

**set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.** **$0.00**

Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

Debtor **Home Building Corporation** Case number *(If known)*
Name

**Part 12: Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$3,000.00** | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$4,500.00** | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$0.00** | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | | |
| 88. | **Real property.** *Copy line 56, Part 9*.......................................................................................> | | | **$1,500,000.00** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* + | **$0.00** | | |
| 91. | **Total.** Add lines 80 through 90 for each column | **$7,500.00** | + 91b. | **$1,500,000.00** |
| 92. | **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | | **$1,507,500.00** |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

| 2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. | | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 **Pitsa Kadianakis** Creditor's Name<br>**c/o Stein Weiner & Roth One Old Country Rd Suite 113 Carle Place, NY 11514** Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred** **9/2015**<br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>**350 Sunrise Highway West Babylon, NY 11704**<br><br>**Describe the lien**<br>**Commerical Mortgage**<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:** Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | **$480,000.00** | **$1,500,000.00** |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$480,000.00**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| **Name and address** | **On which line in Part 1 did you enter the related creditor?** | **Last 4 digits of account number for this entity** |
|---|---|---|
| **Pitsa Kadianakis 3810 Waverly Ave Seaford, NY 11783** | Line **2.1** | |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ____

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

3.1 **Nonpriority creditor's name and mailing address**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** ____

**As of the petition filing date, the claim is:** *Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:** _____

Is the claim subject to offset? ☐ No ☐ Yes

### Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ **0.00** |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ **0.00** |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known)

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest | **Tenant; $10,000.00 per month lease** | |
| State the term remaining | | **Bikram Hot Yoga Studio<br>350 Sunrise Highway<br>West Babylon, NY 11704** |
| List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 206H
## Schedule H: Your Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Barbara Rogoza** | **18 Piave Terrace**<br>**Lindenhurst, NY 11757** | **Pitsa Kadianakis** | ■ D **2.1**<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | **Eugeniusz Rogoza** | **18 Piave Terrace**<br>**Lindenhurst, NY 11757** | **Pitsa Kadianakis** | ■ D **2.1**<br>☐ E/F ____<br>☐ G ____ |

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ____________

☐ Check if this is an amended filing

# Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/22**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

1. **Gross revenue from business**

☐ None.

| **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2024** to **Filing Date** | ☐ Operating a business<br>■ Other **Rental Income** | **$60,000.00** |
| **For prior year:** From **1/01/2023** to **12/31/2023** | ☐ Operating a business<br>■ Other **Rental Income** | **$120,000.00** |
| **For year before that:** From **1/01/2022** to **12/31/2022** | ☐ Operating a business<br>■ Other **Rental Income** | **$120,000.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| **Creditor's Name and Address** | **Dates** | **Total amount of value** | **Reasons for payment or transfer** *Check all that apply* |
|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **Stein Weiner & Roth<br>One Old Country Rd<br>Suite 113<br>Carle Place, NY 11514** | **2/1/2024** | **$250,000.00** | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Paid to Creditor's Attorney** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3: Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Pitsa Kadianakis v. Home Building Corporation et al<br>601825/2021** | **Real Property - Mortgage Foreclosure - Commercial** | **Suffolk Co Supreme Court<br>1 Court Street<br>Riverhead, NY 11901** | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4: Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5: Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6: Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Ronald D. Weiss, P.C.<br>445 Broadhollow Road<br>Suite CL-10<br>Melville, NY 11747** | **Attorney Fees - of $30,000.00 legal fee plus $1,738.00 (Court Filing fee), $100 Asset Search, $37.00 NAICS Code Search, $625.00 for judgment/lien search, for a total amount of $32,500.00** | **6/24** | **$32,500.00** |

**Email or website address**
**weiss@ny-bankruptcy.com**

**Who made the payment, if not debtor?**

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7: Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8: Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9: Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12: Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13: Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>Dates business existed |
|---|---|---|
| 25.1. **Roy Cooper, CPA, PC**<br>**94-H East Jefryn Blvd**<br>**Deer Park, NY 11729** | **Accountant** | **EIN:**<br>**From-To** **2000-present** |

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Eugeniusz Rogoza** | **18 Piave Terrace**<br>**Lindenhurst, NY 11757** | | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Barbara Rogoza** | **18 Piave Terrace**<br>**Lindenhurst, NY 11757** | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14: Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 10, 2024**

**/s/ Eugeniusz Rogoza**
Signature of individual signing on behalf of the debtor

**Eugeniusz Rogoza**
Printed name

Position or relationship to debtor **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York

In re **Home Building Corporation** Case No.
Debtor(s) Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **30,000.00** |
| Prior to the filing of this statement I have received | $ | **30,000.00** |
| Balance Due | $ | **0.00** |

2. $ **1,738.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
e. [Other provisions as needed]

**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**June 10, 2024**
*Date*

**/s/ Ronald D. Weiss**
**Ronald D. Weiss 4419**
*Signature of Attorney*
**Ronald D. Weiss, P.C.**
**445 Broadhollow Road**
**Suite CL-10**
**Melville, NY 11747**
**(631) 271-3737 Fax: (631) 271-3784**
**weiss@ny-bankruptcy.com**
*Name of law firm*

# United States Bankruptcy Court
## Eastern District of New York

In re **Home Building Corporation** Case No.
Debtor(s) Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **-NONE-** | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **June 10, 2024** Signature ***/s/* Eugeniusz Rogoza**
**Eugeniusz Rogoza**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court**
**Eastern District of New York**

In re **Home Building Corporation** Case No.
Debtor(s) Chapter **11**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: **June 10, 2024** **/s/ Eugeniusz Rogoza**
**Eugeniusz Rogoza**/**President**
Signer/Title

Date: **June 10, 2024** **/s/ Ronald D. Weiss**
Signature of Attorney
**Ronald D. Weiss 4419**
**Ronald D. Weiss, P.C.**
**445 Broadhollow Road**
**Suite CL-10**
**Melville, NY 11747**
**(631) 271-3737 Fax: (631) 271-3784**

Barbara Rogoza
18 Piave Terrace
Lindenhurst, NY 11757

Bikram Hot Yoga Studio
350 Sunrise Highway
West Babylon, NY 11704

Eugeniusz Rogoza
18 Piave Terrace
Lindenhurst, NY 11757

Pitsa Kadianakis
c/o Stein Weiner & Roth
One Old Country Rd
Suite 113
Carle Place, NY 11514

Pitsa Kadianakis
3810 Waverly Ave
Seaford, NY 11783

# United States Bankruptcy Court
## Eastern District of New York

In re **Home Building Corporation** Case No.
Debtor(s) Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Home Building Corporation** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☑ None [*Check if applicable*]

**June 10, 2024**
Date

**/s/ Ronald D. Weiss**
**Ronald D. Weiss 4419**
Signature of Attorney or Litigant
Counsel for **Home Building Corporation**

**Ronald D. Weiss, P.C.**
**445 Broadhollow Road**
**Suite CL-10**
**Melville, NY 11747**
**(631) 271-3737 Fax:(631) 271-3784**
**weiss@ny-bankruptcy.com**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 1073-2(b)**

**DEBTOR(S):** Home Building Corporation **CASE NO.:**.

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

■ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.:______ JUDGE:______ DISTRICT/DIVISION:______

CASE STILL PENDING (Y/N):______ [*If closed*] Date of closing:______

CURRENT STATUS OF RELATED CASE: ______________________________
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: ______________________________

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: ______

2. CASE NO.:______ JUDGE:______ DISTRICT/DIVISION:______

CASE STILL PENDING (Y/N):______ [*If closed*] Date of closing:______

CURRENT STATUS OF RELATED CASE: ______________________________
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: ______________________________

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: ______

3. CASE NO.:______ JUDGE:______ DISTRICT/DIVISION:______

CASE STILL PENDING (Y/N):______ [*If closed*] Date of closing:______

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

CURRENT STATUS OF RELATED CASE: ______________________________
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: ______________________________

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: ______

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): __**Y**__

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

**/s/ Ronald D. Weiss**
**Ronald D. Weiss 4419**
Signature of Debtor's Attorney
**Ronald D. Weiss, P.C.**
**445 Broadhollow Road**
**Suite CL-10**
**Melville, NY 11747**
**(631) 271-3737 Fax:(631) 271-3784**

______________________________
Signature of Pro Se Debtor/Petitioner

______________________________
Signature of Pro Se Joint Debtor/Petitioner

______________________________
Mailing Address of Debtor/Petitioner

______________________________
City, State, Zip Code

______________________________
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

UNITED STATES BANKRUPTCY COURT

Eastern DISTRICT OF New York

Central Islip

In Re. Home Building Corporation §
§
§
Debtor(s) §

Case No. 24-72229

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 06/30/2024

Petition Date: 06/10/2024

Months Pending: 1

Industry Classification: 5 3 1 1

Reporting Method: Accrual Basis ◯ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☐ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/Eugeniusz Rogoza
Signature of Responsible Party

07/29/2024
Date

Eugeniusz Rogoza
Printed Name of Responsible Party

350 Sunrise Highway
West Babylon, NY 11704
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**A044**

Debtor's Name Home Building Corporation Case No. 24-72229

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $8,024 | |
| b. | Total receipts (net of transfers between accounts) | $10,000 | $10,000 |
| c. | Total disbursements (net of transfers between accounts) | $25,647 | $25,647 |
| d. | Cash balance end of month (a+b-c) | $-7,623 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $25,647 | $25,647 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory (Book ◉ Market ○ Other ○ (attach explanation)) | $0 |
| d | Total current assets | $1,507,500 |
| e. | Total assets | $1,507,500 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $25,647 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $25,647 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $25,647 |
| o. | Ending equity/net worth (e-n) | $1,481,853 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $10,000 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $10,000 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $25,647 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $-35,637 | $-35,637 |

Debtor's Name Home Building Corporation Case No. 24-72229

**Part 5: Professional Fees and Expenses**

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | $32,500 | $32,500 | $32,500 | $32,500 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Ronald D. Weiss, P.C. | Lead Counsel | $32,500 | $32,500 | $32,500 | $32,500 |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

Debtor's Name Home Building Corporation Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |

Debtor's Name Home Building Corporation Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

**A048**

Debtor's Name Home Building Corporation Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

Debtor's Name Home Building Corporation Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

Debtor's Name Home Building Corporation Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | Answer |
|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | No |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | No |
| c. | Were any payments made to or on behalf of insiders? | No |
| d. | Are you current on postpetition tax return filings? | Yes |
| e. | Are you current on postpetition estimated tax payments? | Yes |
| f. | Were all trust fund taxes remitted on a current basis? | No |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | No |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes (options: Yes / No / N/A) |
| i. | Do you have: Worker's compensation insurance? | Yes |
| | If yes, are your premiums current? | Yes (options: Yes / No / N/A) (if no, see Instructions) |
| | Casualty/property insurance? | Yes |
| | If yes, are your premiums current? | Yes (options: Yes / No / N/A) (if no, see Instructions) |
| | General liability insurance? | Yes |
| | If yes, are your premiums current? | Yes (options: Yes / No / N/A) (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | No |
| k. | Has a disclosure statement been filed with the court? | No |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes |

Debtor's Name Home Building Corporation Case No. 24-72229

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/Eugeniusz Rogoza | Eugeniusz Rogoza |
| Signature of Responsible Party | Printed Name of Responsible Party |
| President | 07/29/2024 |
| Title | Date |

A052

Debtor's Name Home Building Corporation Case No. 24-72229

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name Home Building Corporation Case No. 24-72229

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name Home Building Corporation Case No. 24-72229

PageThree

PageFour

**Fill in this information to identify the case:**

Debtor name **Home Building Corporation**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) **8-24-72229**

■ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**
**Roy Cooper CPA PC**
**94 E Jefryn Blvd**
**Unit H**
**Deer Park, NY 11729**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** _
Is the claim subject to offset? ■ No ☐ Yes

**$1,000.00**

3.2 **Nonpriority creditor's name and mailing address**
**Suffolk Co Comptroller**
**330 Center Drive**
**Riverhead, NY 11901**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** _
Is the claim subject to offset? ■ No ☐ Yes

**$3,000.00**

3.3 **Nonpriority creditor's name and mailing address**
**Suffolk Co Sewer District**
**335 Yaphank Ave**
**Yaphank, NY 11980**
**Date(s) debt was incurred** _
**Last 4 digits of account number** _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** _
Is the claim subject to offset? ■ No ☐ Yes

**$500.00**

### Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| **Name and mailing address** | **On which line in Part1 or Part 2 is the related creditor (if any) listed?** | **Last 4 digits of account number, if any** |
| --- | --- | --- |

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

Debtor **Home Building Corporation** Case number (if known) **8-24-72229**
Name

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | **0.00** |
| **5b. Total claims from Part 2** | 5b. | + $ | **4,500.00** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | **4,500.00** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

x

In re:
Home Building Corporation

Case No. 8-24-72229

Chapter 11

Debtor(s).

x

**AFFIDAVIT PURSUANT TO E.D.N.Y. LBR 1009-1(a)**

Home Building Corporation, undersigned debtor herein, swears as follows:

1. Debtor filed a petition under chapter 11 of the Bankruptcy Code on June 10, 2024.

2. Filed herewith is an amendment to E/F [*indicate list(s), schedule(s) or statement(s) being amended*] previously filed herein.

3. Annexed hereto is a listing setting forth the specific additions or corrections to, or deletions from, the affected list(s), schedule(s) or statement(s). The nature of the change (addition, deletion or correction) is indicated for each creditor or item listed.

   Schedule F has been amended to include three additional creditors.

4. *[If creditor records have been added or deleted, or mailing addresses corrected]* An amended mailing matrix is annexed hereto, reflecting only changes adding or deleting as have been referred to above.

Dated: August 9, 2024

/s/ Eugeniusz Rogoza
Eugeniusz Rogoza
(Signature of Debtor)

Sworn to before me this 9th
day of August, 2024.

/s/Ronald D. Weiss
Ronald D. Weiss
Notary Public, State of New York
NO. 02WE5041400
Qualified in Suffolk County
Commission Expires 9/12/27

***Reminder: No amendment of schedules is effective until proof of service in accordance with EDNY LBR 1009-1(b) has been filed with the Court.***

If this amendment is filed prior to the expiration of the time period set forth in Fed. R. Bankr. P. 4004 and 4007, it will be deemed to constitute a motion for a 30-day extension of the time within which any added creditors may file a complaint to object to the discharge of the debtor and/or to determine dischargeability. This motion will be deemed granted without a hearing if no objection is filed with the Court and served on debtor within 14 days following filing of proof of service of this affidavit, all attachments and the amended schedules in accordance with EDNY LBR 1009-1.

Roy Cooper CPA PC
94 E Jefryn Blvd
Unit H
Deer Park, NY 11729

Suffolk Co Comptroller
330 Center Drive
Riverhead, NY 11901

Suffolk Co Sewer District
335 Yaphank Ave
Yaphank, NY 11980

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Hearing date: September 30, 2024 at 9:30am
Objections by: September 23, 2024

In re:

HOME BUILDING CORPORATION,

Debtor.
----------------------------------------------------x

Chapter 11

Case No. 24-72229-reg

**NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

1. Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, of the United States Bankruptcy Court, Alfonse M. D'Amato United States Courthouse, Courtroom 860, 290 Federal Plaza, Central Islip, New York, on**, September 30, 2024 at 9:30 am,** or as soon thereafter as counsel may be heard, seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case and such other and further relief as may be deemed just and proper.

2. The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

3. Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than five (5) days prior to the hearing date set forth above. The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
August 29, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
FOR REGION 2
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Hearing date: September 30, 2024 at 9:30am
Objections by: September 23, 2024

In re:

HOME BUILDING CORPORATION,

Debtor.
----------------------------------------------------x

Chapter 11

Case No. 24-72229-reg

**NOTICE OF MOTION SEEKING ENTRY OF AN ORDER UNDER 11 USC 1112(b) DISMISSING THE WITHIN CHAPTER 11 CASE OR CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, upon the annexed application, the United States Trustee- Region 2 will move this Court before the Honorable Robert E. Grossman, United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 860, Central Islip, New York, on **September 30, 2024 at 9:30 a.m**. (the "Hearing"), or as soon thereafter as counsel may be heard, seeking entry an order under 11 U.S.C. §1112(b) converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted live, in person, unless otherwise ordered, before the Honorable Robert E. Grossman, United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 860, Central Islip, New York. Those who intend to appear should register their appearance using the instructions on the Bankruptcy Court's website, which can be found at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. appearances. If for some reason you are not able to use the eCourt

Appearances platform you must email the Courtroom Deputy at: reg_hearings@nyeb.uscourts.gov at least two (2) business days prior to the Hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. **Your email must include in the Re: line "I am not able to register using eCourt Appearances."** You will then be provided with the dial in/log in information. If you do not have internet access you may call the courtroom deputy with this information. For more information on eCourt Appearances, please refer to Judge Grossman's Home Page for additional instructions.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
August 29, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE-REGION 2

By: *<u>/s/ William J. Birmingham</u>*

William J. Birmingham, Esq
Trial Attorney
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722-4456
Tel. No. (631) 715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

HOME BUILDING CORPORATION,

Debtor.
---------------------------------------------------x

Hearing date: September 16, 2024 at 9:30am
Objections by: September 9, 2024

Chapter 11

Case No. 24-72229-reg

**APPLICATION IN SUPPORT OF A MOTION SEEKING ENTRY OF AN ORDER DISMISSING THIS CASE, OR IN THE ALTERNATIVE, CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**TO: THE HONORABLE ROBERT E. GROSSMAN; UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) in support of his application seeking entry of an order under 11 U.S.C. §1112(b) dismissing this case, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, represents and alleges as follows:

**PRELIMINARY STATEMENT**

On June 10, 2024, (the "Filing Date") Home Building Corporation (the "Debtor") filed a petition under Chapter 11 of the Bankruptcy code. The Debtor's sole asset is a commercial building located at 350 Sunrise Highway, West Babylon, New York (the "Property"). Aside from three unsecured creditors totaling $4,500.00, the Debtor's only other creditor is a secured creditor holding a private mortgage against the Property. Prior to the Filing Date, the individual holding the mortgage (the "Mortgagee") was poised to conduct a foreclosure sale of the Property. According to the Debtor's Schedules A/B, the Property has substantial equity. Without the mortgagee's acceptance or liquidation of the Property, confirmation of a

plan of reorganization under §1129(b) is also impossible. Accordingly, cause has been established to dismiss this case, or, alternatively, convert this case to one under chapter 7.

## RELEVANT FACTUAL BACKGROUND

1. On June 10, 2024, (the "Filing Date") the Debtor commenced this proceeding by filing a voluntary chapter 11 petition. (ECF Docket No. 1).

2. Neither a committee of unsecured creditors nor has a trustee been appointed in this matter, and the Debtor remains in possession of its assets as a debtor in possession.

3. A review of the Debtor's Schedules A/B indicates that the Debtor owns a single piece of commercial real estate located at 350 Sunrise Highway, West Babylon, NY (the "Property").

4. A review of the Debtor's Schedule D indicates a mortgage is held against the Property by Pitsa Kadianakis (the "Mortgagee").

5. On July 11, 2024, the Debtor appeared at the initial 341-meeting, via its president Eugeniusz Rogoza, along with Debtor's Counsel Ronald D. Weiss P.C., by Rose Klie, Esq. Mr. Rogoza testified that the Mortgage against the property matured in 2017 and the Debtor was unable to make the ballon payment. Consequently, a foreclosure action as commenced against the Debtor. Mr. Rogoza further testified that the impetus to the current bankruptcy filing was the imminent foreclosure sale of the Property.

6. On August 11, 2024, the Debtor filed amended Schedules E/F to add three unsecured creditors for a combined debt of $4,500.00.

## APPLICABLE LEGAL AUTHORITY TO CONVERT OR DISMISS

7. 28 U.S.C. §586(a)(8) states that "in any case in which the United States

Trustee finds material grounds for relief under §1112 of Title 11, the United States Trustee shall apply promptly after making that finding to the court for relief." Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

8. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in §§ 1121(e) and 1129(e) of this title . . .; and
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>
> (i) for which there exists a reasonable justification for the act or omission; and
> (ii) that will be cured within a reasonable period of time fixed by the court . . .
>
> (4) for purposes of this subsection, the terms 'cause' includes –
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by other of the court.

9. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

10. Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. *In re Levinsky*, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal of a chapter 11 case, so long as its decision is made based upon the best interest of creditors. *See In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, *In re Pensignorkay, Inc.*, 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); *In re Earth Services, Inc.*, 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either

by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. *Levinsky*, 23 B.R. at 217; *see also In re Santiago Vel*a, 87 B.R. 229, 231 (D. P.R. 1988); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (S.D.N.Y. 1983).

11. Nevertheless, the list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). *See In re Springs Hospitality, Inc.,* 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1*)); In re 3 RAM, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

## ARGUMENT

### CAUSE EXISTS TO CONVERT THIS CHAPTER 11 TO ONE UNDER CHAPTER 7 OR DISMISS THIS CASE AS THE DEBTOR CANNOT CONFIRM A PLAN UNDER 11 U.S.C. §1129

12. The Debtor is unable to file a plan that complies with §1129 which constitutes cause to convert the case to one under chapter 7 or dismiss this case under §1112(b)(4)(J).

13. In the instant case, the Debtor defaulted on its secured obligations to the Mortgagee. The Debtor's sole asset is the Property which is secured by the Mortgagee's lien.

According to the Debtor, there is a substantial equity cushion in the Property.

14. To proceed under §1129(a) the Debtor would have to propose a plan that leaves the Mortgagee unimpaired. The Second Circuit has ruled that Section 1124(1) "define[s] impairment in the broadest possible terms," so that "any change in legal, equitable or contractual rights creates impairment." *In re LATAM Airlines Group S.A.* 55 F.4th 377, 384 (2d Cir. 2022) (*quoting In re Taddeo*, 685 F.2d 24, 28 (2d Cir. 1982).

15. Upon information and belief, the Mortgagee's claim has fully matured and is due for a full and final payment. Thus, any plan the Debtor proposes that is less than payment in full will constitute a change in legal, equitable or contractual rights of the Mortgagee and will leave the Mortgagee impaired. *See In re B&B West 164th Street Corp.,* 147 B.R. 832, 838 (Bankr. E.D.N.Y. 1992) (Extending the maturity date and failing to pay the full claim amount renders a claim impaired). Liquidation of the Property, while possible, is unlikely as the Debtor has neither expressed a willingness nor undertaken steps toward that end. Consequently, the Mortgagee's consent becomes a condition precedent to confirmation.

16. Case law interpreting Bankruptcy Code section 1112(b)(4)(J) holds that "[i]f a debtor does not make progress toward confirmation of a plan within these time periods, or within in a reasonable period, then relief under Section 1112(b)(4)(J) should follow." (*In re Yair Israel Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011). The concern of the Court was that a "debtor's failure to make meaningful and substantive progress toward the confirmation of a plan within the time periods fixed by the Bankruptcy Code … may lead to undue delay, and such delay is nearly always prejudicial to creditors." *Id.*

17. While Debtor's exclusivity to file a plan under section 1121(b) has not expired, the Debtor will never make the "meaningful and substantive progress toward the

confirmation of a plan." As such, the delay caused by the Debtor remining in bankruptcy will only serve to prejudice the Mortgagee. Accordingly, the Debtor's lack of a path to confirmation should lead this case to be dismissed or converted to one under chapter 7.

**The Debtor will be unable to satisfy it burden of proof concerning unusual circumstances**

18. Under 11 U.S.C. §1112(b)(2), the court may not convert or dismiss if the court identifies unusual circumstances establishing that conversion or dismissal may not be in the best interests of creditors and the debtor establishes that (i) there is a reasonable likelihood that a plan will be confirmed within certain timeframes, and (ii) the grounds for converting or dismissing include an act or omission for which there exists a reasonable justification and the act or omission will be cured within a reasonable period of time. However, paragraph (b)(2) does not apply if cause is established under paragraph (4) (A) of Bankruptcy Code section 1112(b), that is, if there are continuing losses or a diminution of the estate. Upon a finding of cause and determination that the limited exceptions do not apply ". . .dismissal or conversion is mandatory – the Court must dismiss or convert the chapter 11 case." *In re Adamo*, 2016 WL 859349 *10 (Bankr. E.D.N.Y. Mar. 4, 2016).

19. The instant case is essentially a two-party dispute between the Debtor and the Mortgagee. According to the Debtor's schedules, its sole asset has substantial equity above and beyond the debt owed to the Mortgagee. But, while the Debtor may argue that it can propose a plan through the sale of the Property, or re-finance the Property, it does not appear that the Debtor has taken any action with respect to either alternative. As such, and as set forth herein, absent the Mortgagee's consent, it does not appear that a plan of reorganization will be confirmed within certain timeframes. Moreover, since the inability to confirm a plan of reorganization, rest in part, upon legal impediments thereby leading to the conclusion that the

Debtor's inability to confirm a plan does not appear to be based upon a reasonable justification and that the act or omission preventing the confirmation of a plan, will be cured within a reasonable period of time. Accordingly, the Debtor's case should be dismissed or converted to one under chapter 7.

**THE DEBTOR'S CASE SHOULD BE DISMISSED FOR BAD FAITH**

20. The Debtor's bankruptcy case was filed in bad faith based on the timing of the filing and that the Debtor has failed to demonstrate an ability to reorganize.

21. A chapter 11 case may be dismissed as long as cause can be established under § 1112(b)(4). The Second Circuit has held that a bad faith filing constitutes cause for dismissal or conversion of a chapter 11 case. *See In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997) (holding that the court may dismiss a chapter 11 filing on motion or sua sponte upon finding that the filing was in "bad faith," even without consideration of factors set forth in Section 1112(b)).

22. In *In re C-TC 9th Ave.*, the Second Circuit highlighted eight factors as indicative of a bad faith filing:

> (1) The Debtor has only one asset; (2) The Debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) The Debtor's one asset is subject of a foreclosure action as a result of arrearages or default on the debt; (4) The Debtor's financial condition is, in essence, a two-party dispute between the Debtor and secured creditors which can be resolved in the pending state court foreclosure action; (5) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights; (6) The Debtor has little or no cash flow; (7) The Debtor cannot meet current expenses including the payment of personal

property and real estate taxes; and (8) The Debtor has no employees.

23. Several of these enumerated factors are present in the Debtor's bankruptcy case. Not only does the Debtor not have any employees; but critically, this case is nothing more a two-party dispute between the Debtor and the Mortgagee, which would be quickly resolvable in State Court. The timing the current filing also indicates that the impetus of filing this bankruptcy case was to delay the foreclosure sale of the Property. Because absent a sale or immediate payment to the Mortgagee, it does not appear that the Debtor can file a legally confirmable plan, the Debtor's decision to seek bankruptcy relief was nothing more than an attempt to frustrate the legitimate efforts of the Mortgagee to enforce its rights in State Court.

24. Accordingly, the Debtor's bankruptcy should be dismissed as a bad faith filing or converted to an action under Chapter 7.

## CONCLUSION

25. The Debtor will not be able to comply with the requirements of 11 U.S.C. § 1129. As such, it is submitted that cause has been shown under 11 U.S.C. §1112(b) warranting the dismissal of this case. Alternatively, to protect the interests of all constituents and creditors, the Debtor's case should be converted to one under chapter 7.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Dismissing this case, or in the alternative, converting this case to one under chapter 7;

B. Requiring the filing of all monthly operating reports through the date of entry of the order converting or dismissing the case; and

B. Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
August 29, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR
REGION 2
The Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York
(631) 715-7800

By: /s/ William J. Birmingham
William J. Birmingham
Trial Attorney
Office of the United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

CENTRAL ISLIP

In Re. HOME BUILDING CORPORATION §
§
§
Debtor(s) §

Case No. 24-72229

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 07/31/2024

Petition Date: 06/10/2024

Months Pending: 2

Industry Classification: 5 3 1 1

Reporting Method: Accrual Basis ◯ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☐ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/Eugeniusz Rogoza
Signature of Responsible Party

09/13/2024
Date

Eugeniusz Rogoza
Printed Name of Responsible Party

350 Sunrise Highway
West Babylon, NY 11704
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $8,024 | |
| b. | Total receipts (net of transfers between accounts) | $10,000 | $20,000 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $25,647 |
| d. | Cash balance end of month (a+b-c) | $18,024 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $25,647 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory ( Book ◉ Market ○ Other ○ (attach explanation)) | $0 |
| d | Total current assets | $1,507,500 |
| e. | Total assets | $1,507,500 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $25,647 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $25,647 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $25,647 |
| o. | Ending equity/net worth (e-n) | $1,481,853 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $10,000 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $10,000 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $24,647 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $-15,637 | $-31,274 |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

## Part 5: Professional Fees and Expenses

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | $0 | $32,500 | $0 | $32,500 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Ronald D. Weiss PC | Lead Counsel | $0 | $32,500 | $0 | $32,500 |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

**A078**

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | | | | |
|---|---|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | Yes ○ | No ● | | |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | Yes ○ | No ● | | |
| c. | Were any payments made to or on behalf of insiders? | Yes ○ | No ● | | |
| d. | Are you current on postpetition tax return filings? | Yes ● | No ○ | | |
| e. | Are you current on postpetition estimated tax payments? | Yes ● | No ○ | | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ○ | No ● | | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○ | No ● | | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ● | No ○ | N/A ○ | |
| i. | Do you have: Worker's compensation insurance? | Yes ● | No ○ | | |
| | If yes, are your premiums current? | Yes ● | No ○ | N/A ○ | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ● | No ○ | | |
| | If yes, are your premiums current? | Yes ● | No ○ | N/A ○ | (if no, see Instructions) |
| | General liability insurance? | Yes ● | No ○ | | |
| | If yes, are your premiums current? | Yes ● | No ○ | N/A ○ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○ | No ● | | |
| k. | Has a disclosure statement been filed with the court? | Yes ○ | No ● | | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ● | No ○ | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/Eugeniusz Rogoza
Signature of Responsible Party

Eugeniusz Rogoza
Printed Name of Responsible Party

President
Title

09/13/2024
Date

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageThree

PageFour

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
In re: Chapter 11

HOME BUILDING CORPORATION, Case No. 8-24-72229-REG

Debtor.
----------------------------------------------------------

**AFFIRMATIO I S PPORT OF DE TOR S OPPOSITIO TO .S. TR STEE S MOTIO TO DISMISS OR CO ERT CASE**

TO: HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

STATE OF NEW YORK )
) SS.:
COUNTY OF SUFFOLK )

Home Building Corporation, debtor ( Debtor ) being duly sworn, deposes and says:

1. I, Eugeniusz Rogoza, am the owner of Debtor.

2. I have firsthand knowledge of all facts alleged herein.

3. I make this Affidavit in support of Debtor s opposition ( Opposition ) to the motion ("Motion") of the Office of the United States Trustee ( UST ) seeking, *inter alia*, the entry of an order pursuant to Section 1112) of the Bankruptcy Reform Act of 1978, as amended ( Bankruptcy Code ) converting or dismissing Debtor s petition, related to Debtor s reorganization of the Debtor's real property located at 350 Sunrise Highway, West Babylon, New York 11704 ("Real Property"), respectfully represents as follows:

4. On June 10, 2024 (the "Petition Date"), the Debtor herein filed a petition under Chapter 11 of the United Stated Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

5. Pursuant to Section 1107(a) and 1108 of the Bankruptcy Code, the Debtor has continued in possession of its property as a debtor-in-possession. No trustee or examiner has been appointed in this case.



6. Debtor has timely filed all necessary schedules related to its petition.

7. Debtor filed amended schedules E/F to reflect its unsecured creditors, which represent an impaired voting class.

8. Debtor has timely filed and submitted its operating reports, which I have prepared.

9. Debtor has properly opened a Debtor in Possession account.

10. Debtor has attended the Initial Debtor Interview and the Bankruptcy Code Section 341 meeting.

11. Debtor has attended every hearing before this Court.

12. Debtor filed a motion to set the bar date, which was set as October 10, 2024.

13. Debtor retained Ronald D Weiss, PC per this Court s Order.

14. Debtor has filed a motion for the retention Maltz Auctions, Inc. as broker, which motion has been approved by the UST and is *sub judice* before the Court.

15. The Debtor has obtained third party financing but is uncertain the amount necessary to cure the entire debt.

16. Debtor obtained an appraisal of the Real Property, which was provided to the UST, which reflects a value of $1,075,000.00.

17. Pitsa Kadianakis is the holder of first mortgage on the Real Property and asserts a claim in the amount of $625,925.85.

18. I believe there is approximately $449,074.15 in equity in the Real Property.

19. Debtor disputes the amount of the claim of the mortgage holder. This is because I obtained a mortgage in the amount of approximately $250,000.00 and tendered such funds to the mortgage holder. Debtor does not believe that such funds have been accredited to the balance.

20. I have been made aware of the Rooker/Feldman Doctrine, which I believe precludes this Court from acting as an appellate court to collaterally attack a state court judgment.

21. It is Debtor s intention to file a motion to recalculate the amount due and owing in the New York Supreme Court, County of Suffolk in the action styled *Pitsa Kadianakis v. Home Building Corporation, et al*, identified under index no. 601825/2021.

22. I have been advised that this motion will be violative of Bankruptcy Code Section 362, as it is not an attempt to collect a debt. It is, however, Debtor s intention to seek a comfort order from this Court for authority to seek relief in the Supreme Court.

23. Regardless of the final determination of the debt owed to the secured creditor, it is Debtor s intention to pay the balance in full, from third party funding.

24. Debtor has an impaired unsecured creditor body that can vote on the Plan.

25. Debtor has made, collectively three post-petition mortgage payments to the mortgage lender as adequate protection payments.

26. There is significant equity in the Real Property.

27. I am advised that Bankruptcy Code Section 1112(b)(2) enables a debtor to avoid dismissal or conversion where reasonable justification exists for the deficiencies in the case, those deficiencies will be cured within a reasonable period of time, and there is a reasonable likelihood that the debtor will confirm a plan.

28. Other than the fact the Debtor filed its bankruptcy on the eve of foreclosure, the UST s motion is bereft of any allegation of bankruptcy deficiencies which would warrant dismissal or conversion.

29. This Debtor has complied and satisfied each and every procedural and statutory obligation. The Debtor has sought authorization to retain Maltz and has obtained third party financing to cure in full the mortgage debt. Debtor is going to seek a judgment from Suffolk

Supreme to recalculate the debt owed. Debtor has an impaired unsecured credit body entitled to vote on the Plan.

30. I respectfully submit that the UST s motion should be denied in its entirety.

Dated: Melville, New York
October 11, 2024

____/s/ Eugeniusz Rogoza ___________
Home Building Corporation
By: Eugeniusz Rogoz

**Fill in this information to identify the case:**

Debtor 1: Home Building Corporation

Debtor 2 (Spouse, if filing): ____

United States Bankruptcy Court for the: Eastern District of New York

Case number: 8-24-72229-reg

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

Pitsa Kadianakis
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: Stein, Wiener & Roth LLP | Name: |
| Number Street: 1400 Old Country Road, Suite 315 | Number Street: |
| City: Westbury State: NY ZIP Code: 11590 | City State ZIP Code |
| Contact phone: 516-742-1212 x307 | Contact phone: |
| Contact email: bk@hhstein.com | Contact email: |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ____ Filed on ____ (MM / DD / YYYY)

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____

Case 2:25-cv-00606-NCM Document 12-1 Filed 04/02/25 Page 95 of 334 PageID #: 938

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 625,952.85. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: 350 Sunrise Highway, West Babylon, NY

**Basis for perfection:** Note, Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________

**Amount of the claim that is secured:** $ 625,952.85

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 625,952.85

**Annual Interest Rate** (when case was filed) 9.00 %

☑ Fixed
☐ Variable

This is a Total Debt Claim
Loan Maturity: 04/01/2017

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: __________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09/24/2024
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Edward Wiener
First name / Middle name / Last name

Title: Attorney for Creditor

Company: Stein, Wiener & Roth, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1400 Old Country Road, Suite 315
Number Street
Westbury, NY 11590
City State ZIP Code

Contact phone: 516-742-1212 Email: bk@hhstein.com

**PROOF OF CLAIM CALCULATION**

**Case # 8-24-72229-reg**
**In Re: Home Building Corporation**

| | | | | | | |
|---|---|---|---|---|---|---|
| Judgment of Foreclosure and Sale Amount | | | | | **$** | **765,440.45** |
| *- Additional items per Judgment* | | | | | | |
| Bill of Costs | | | | | $ | 4,999.53 |
| Referee Fees paid | | | | | $ | 750.00 |
| Publication | | | | | $ | 2,124.48 |
| Addlitional Allowance per Judgment | | | | | $ | 250.00 |
| Legal Fee per Judgment | | | | | $ | 7,500.00 |
| | | | Accrued Interest | | | |
| Interest from Referee Report to Judgment entry at note rate 16% (08/15/2022 - 4/20/2023) 248 days x $335.54/day | $ | 83,212.81 | $ | 83,212.81 | | |
| Interest from 04/21/2023 to 10/10/2023 at Judgment rate 9% - 172 days x $188.74/day | $ | 32,463.06 | $ | 115,675.88 | | |
| 10/11/2023 - Payment under stipulation 1, applied to interest | $ | (65,882.55) | $ | 49,793.33 | | |
| Interest from 10/11/2023 to 01/31/2024 Judgment rate 9% - 112 days x $188.74/day | $ | 21,138.74 | $ | 70,932.07 | | |
| Payment under Stip 2 :$ 245,000.00 ( $70,932.07 applied to interest, $174,067.93 applied to principal) | $ | (70,932.07) | | $0.00 | $ | (174,067.93) |
| Interest from 02/01/2024 to 06/10/2024 (Ch.11 filing date) on reduced principal after applciation of stipulation payment 2 Judgment rate 9% - 130 days x $145.82/day | $ | 18,956.32 | $ | 18,956.32 | $ | 18,956.32 |
| **Total Due as of 6/10/2024:** | | | | | **$** | **625,952.85** |

At Part 50 of the Supreme Court, held in and for the County of SUFFOLK at the Supreme Courthouse thereof, 1 Court Street, Riverhead, NY 11901 on the 13 day of April, 2023.

22 646
SG3

ENTERED: APR 20 2023
AT: 12:06PM

PRESENT: HON. FRANK A. TINARI
JUSTICE OF THE SUPREME COURT

-----X Index No. 601825/2021

Pitsa Kadianakis,

Plaintiff,

-against-

Home Building Corporation, Eugeniusz Rogoza, Barbara Pankowska, Profit Sharing Trust for Marprowear Corp.,, New York State Department of Taxation and Finance, ABC Corp, said name being fictious, as Tenant, and Ash Hot Yoga

Defendants.

-----X

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

350 Sunrise Highway
West Babylon, NY 11704

Section: 156.00
Block: 04.00
Lot: 004.000

NO DIRECTIVE

UPON the Summons, Complaint, and Notice of Pendency filed in this action on February 01, 2021, the Notice of Motion dated November 2, 2022, the affirmation by Karen B. Migdal, Esq., the affidavit of merit and amount due by Pitsa Kadianakis, Plaintiff, duly sworn to on June 30, 2021, together with the exhibits annexed thereto, all in support of Plaintiff s motion for a Judgment of Foreclosure and Sale; and

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since defendants Home Building Corporation, Eugeniusz Rogoza, Barbara Pankowska, Profit Sharing Trust for Marprowear Corp., New York

State Department of Taxation and Finance were so served and failed to appear and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON proof that non-appearing defendants Home Building Corporation, Eugeniusz Rogoza, Barbara Pankowska, Profit Sharing Trust for Marprowear Corp., New York State Department of Taxation and Finance are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Beth Anne Rosenthal, Esq., dated September 15, 2022, showing the sum of $765,440.45 due as of August 15, 2022, and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

NOW, on motion by Karen B. Migdal, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided

by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Babylon Town Hall by and under the direction of Beth Anne Rosenthal, Esq., who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in Babylon Beacon;

and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff s attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in any FDIC Bank in his/her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in any FDYC Bank, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b)~~, not to exceed~~ $500.00 unless the property sells for $50,000.00 or more. In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250- for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid

taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $765,440.45 with interest at the note rate from August 15, 2022 until the date of entry of this judgment, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

* Costs and Disbursements: $ 4,999.53 adjudged to the Plaintiff for costs and disbursements in this action with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $2500 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: $7,500.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against Home Building Corporation, Eugeniusz Rogoza, Barbara Pankowska, in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of

the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff s attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of

TITLE # F[redacted] REFERRAL FILE# 77512

## NYACCESS ABSTRACT CORP.

## SCHEDULE A

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Babylon, County of Suffolk and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Sunrise Highway Ext. as widened distant 260.36 feet westerly from the corner formed by the intersection of the southerly side of Sunrise Highway Ext. as widened and the westerly side of Golding Avenue;

RUNNING THENCE South 30 degrees 04 minutes 25 seconds east a distance of 157.99 feet;

THENCE South 59 degrees 35 minutes 00 seconds west a distance of 75 feet;

THENCE North 30 degrees 04 minutes 25 seconds west a distance of 163.24 feet to the southerly side of Sunrise Highway Ext. as widened:

THENCE Easterly along the southerly side of Sunrise Highway Ext., as widened, along a curve whose radius is 2043.59 feet a distance of 75.15 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY: SAID PREMISES being known as and by
350 Sunrise Highway
West Babylon, New York

sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as *350 Sunrise Highway,* West Babylon, NY 11704.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

*Terms of Sale annexed*

ENTER:

DATED: 4-13-2023

[signature]
J.S.C.

HON. FRANK A. TINARI

GRANTED

APR 13 2023

VINCENT PULEO
Clerk of Suffolk County

V Puleo

BALLOON MORTGAGE NOTE

| | |
|---|---|
| DATE OF NOTE: | September 25, 2015 |
| PRINCIPAL AMOUNT: | $360,000.00 |
| INTEREST RATE: | Five (5.0%) per annum |
| DEFAULT RATE: | Sixteen (16%) percent per annum, but in no event to exceed the maximum rate allowed by law. |
| MATURITY DATE: | April 1, 2017 |

FOR VALUE RECEIVED, the undersigned, HOME BUILDING CORPORATION, a New York corporation with an address at 4920 Sunrise Highway, Massapequa, New York 11762 (hereinafter, the "Borrower"), does hereby covenant and promise to pay to the order of PITSA KADIANAKIS (hereinafter with its successors or assigns being collectively termed the "Lender") at 3810 Waverly Ave., Seaford, New York 11783, or at such other place or places as the Lender may designate to the Borrower in writing from time to time, in coin or currency of the United States which is then legal tender for the payment of public or private debts, the Principal Amount, together with interest on the Principal Amount at the Interest Rate, from the date hereof until such amount is paid in full.

1. Interest will accrue from the date hereof at the rate of 5.00% per annum to and including the Maturity Date. The Principal Amount, together with interest thereon at the Interest Rate, shall be payable as follows:

A. On the date of the closing of this loan, interest only, from the date hereof to and including the 30th day of September, 2015;

B. On and from November 1, 2015 and on the first day of each month thereafter through and including March 1, 2017, monthly payments of interest only;

C. On the Maturity Date, the entire unpaid Principal Amount, together with all accrued and unpaid interest, in one lump sum.

D. The amount of each interest only monthly payment made by Borrower will be based on the actual number of calendar days during such month. Borrower understands that the amount allocated to interest for each month will vary depending on the actual number of calendar days during such month.

2. A late payment premium equal to five (5%) percent of any principal or interest payment made more than ten (10) days after the due date thereof shall be due with any

such late payment.

3. This Note is secured by and the parties hereto are entitled to the benefits of that certain Mortgage and Security Agreement of even date herewith (the "Mortgage"), made by the Borrower to the Lender, encumbering, among other things, that certain real property and improvements now or hereafter located on said real property, known as 350 Sunrise Highway, West Babylon, New York (Section 156.00, Block 04.00, Lot 004.000) in the Town of Babylon, County of Suffolk and State of New York, as more particularly described in the Mortgage, all of the covenants, conditions and agreements of the Mortgage being made a part hereof by this reference.

4. It is expressly agreed that, upon the failure of the Borrower timely to make any payment due hereunder, or upon the happening of a default under the Mortgage, the Principal Amount, together with accrued interest and all other expenses, including, but not limited to reasonable attorneys' fees for legal services incurred by the holder hereof in collecting or enforcing payment hereof whether or not suit is brought, and if suit is brought, then through all appellate actions, shall immediately become due and payable at the option of the holder of this Note, notwithstanding the Maturity Date set forth herein. Upon such a default, whether or not the Lender exercises any of its rights and remedies contained herein, including the right to declare all sums due pursuant to this Note to be immediately due and payable, the Borrower shall pay interest on the Principal Amount at a rate equal to the Default Rate.

5. Notwithstanding anything to the contrary contained in this Note, this Note is subject to the express condition that at no time shall the Borrower be obligated or be required to pay interest on the Principal Amount of this Note at a rate which could subject the Lender either to civil or criminal penalty as a result of being in excess of the maximum rate which the Borrower is permitted by law to contract or agree to pay. If by the terms of this Note the Borrower at any time is required or obligated to pay interest on the Principal Amount of this Note at a rate in excess of such maximum rate then the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and any prior interest payments made in excess of such maximum rate shall be applied and shall be deemed to have been payments made in reduction of the Principal Amount of this Note.

6. Borrower shall have the right to prepay the Principal Amount without penalty.

7. Should the indebtedness represented by this Note or any part thereof be collected at law or in equity, or in bankruptcy, receivership or any other court proceedings (whether at the trial or appellate level), or should this Note be placed in the hands of attorneys for collection upon default, the Borrower agrees to pay, in addition to the principal, interest due and payable hereon, all costs of collection or attempting to collect this Note, including reasonable attorneys' fees and expenses.

8. The Borrower hereby waives valuation and appraisement, demand, presentment for payment, notice of dishonor, protest and notice of protest of this Note.

9. This Note has been drawn, executed and delivered in the State of New York, where all advances and repayments shall be made. This Note and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with the laws of the State of New York.

10. Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment to be made under this Note shall be stated to be due on a Saturday, Sunday or a public holiday or the equivalent for banks generally under the laws of the State of New York (any other day being a "Business Day"), such payment may be made on the next succeeding Business Day, and such extension of time shall in such case be included in the computations of payment of interest.

11. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, termination, modification or discharge is sought.

12. THE BORROWER AND THE LENDER (BY ACCEPTANCE OF THIS NOTE) MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY, INCLUDING, WITHOUT LIMITATION, ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS OR ACTIONS OF THE LENDER RELATING TO THE ADMINISTRATION OF THE LOAN OR ENFORCEMENT OF THE NOTE, AND AGREE THAT NEITHER PARTY WILL SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. EXCEPT AS PROHIBITED BY LAW, BORROWER HEREBY WAIVES ANY RIGHT IT MAY HAVE TO CLAIM OR RECOVER IN ANY LITIGATION ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. BORROWER CERTIFIES THAT NO REPRESENTATIVE, AGENT, OR ATTORNEY OF THE LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR THE LENDER TO ACCEPT THIS NOTE AND MAKE THE LOAN.

13. Any provision of this Note that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or

unenforceability without invalidating the remaining provisions thereof or affecting the validity or enforceability of such provision in any other jurisdiction.

14. All of the provisions of this Note shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, the Borrower has duly executed this Note as of the date hereof.

HOME BUILDING CORPORATION

By: [signature]
Name: Eugen Ry
Title: Pres

STATE OF NEW YORK }
}ss.:
COUNTY OF QUEENS }

On the 25th day of September, 2015, before me, the undersigned, personally appeared EUGENIUSZ ROGOZA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

[signature]
Notary Public

ROBERT J FINN
Notary Public, State of New York
No. 01FL4781022
Qualified in Suffolk County
Commission Expires January 31, 2018

[redacted]

SUFFOLK COUNTY CLERK
RECORDS OFFICE
RECORDING PAGE

Type of Instrument: MORTGAGE
Number of Pages: 12
Receipt Number : 15-0153846
MORTGAGE NUMBER: DG030860

Recorded: 11/04/2015
At: 04:29:19 PM

LIBER: M00022646
PAGE: 563

| District: | Section: | Block: | Lot: |
|---|---|---|---|
| 0100 | 156.00 | 04.00 | 004.000 |

EXAMINED AND CHARGED AS FOLLOWS

Mortgage Amount: $360,000.00

Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $60.00 | NO | Handling | $20.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Affidavit | $0.00 | NO | Notation | $0.00 | NO |
| Cert.Copies | $0.00 | NO | RPT | $60.00 | NO |
| Mort.Basic | $1,800.00 | NO | Mort.Addl | $1,080.00 | NO |
| Mort.SplAddl | $900.00 | NO | Mort.SplAsst | $0.00 | NO |
| | | | Fees Paid | $3,940.00 | |

MORTGAGE NUMBER: DG030860

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

JUDITH A. PASCALE
County Clerk, Suffolk County

1 | 2

Number of pages 12

This document will be public record. Please remove all Social Security Numbers prior to recording.

RECORDED
2015 Nov 04 04:29:19 PM
JUDITH A. PASCALE
CLERK OF
SUFFOLK COUNTY
L M00022646
P 563
DT# 15-30860

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

3 FEES

| | | | |
|---|---|---|---|
| Page / Filing Fee | 60 | | |
| Handling | 20. 00 | | |
| TP-584 | | | |
| Notation | | | |
| EA-52 17 (County) | | Sub Total | 80 |
| EA-5217 (State) | | | |
| R.P.T.S.A. | 60- | | |
| Comm. of Ed. | 5. 00 | | |
| Affidavit | | | |
| Certified Copy | | | |
| NYS Surcharge | 15. 00 | Sub Total | 80 |
| Other | | | |
| | | Grand Total | 160 - |

JP

2 Mortgage Amt. 360,000
1. Basic Tax
2. Additional Tax
Sub Total
Spec./Assit.
or
Spec./Add.
TOT. MTG. TAX 3780 -
Dual Town ____ Dual County ____
Held for Appointment ____
Transfer Tax
Mansion Tax
The property covered by this mortgage is or will be improved by a one or two family dwelling only.
YES ____ or NO #3
If NO, see appropriate tax clause on page # ____ of this instrument.

4 | Dist. 0100 | Section 156.00 | Block 04.00 | Lot 004.000

Real Property Tax Service Agency Verification 3026913 0100 15600 0400 004000
P T S R DTY A 28-OCT-15

5 Community Preservation Fund
Consideration Amount $ ____
CPF Tax Due $ ____
Improved ____
Vacant Land ____
TD ____
TD ____
TD ____

6 Satisfactions/Discharges/Releases List Property Owners Mailing Address
RECORD & RETURN TO:

Karabelas & Papagianopoulos, LLP
31-10 37th Avenue
Suite 501
Long Island City, NY 11101

Mail to: Judith A. Pascale, Suffolk County Clerk
310 Center Drive, Riverhead, NY 11901
www.suffolkcountyny.gov/clerk

7 Title Company Information
Co. Name Philip O'Hara Nassau Assoc
Title # STN-44254

8 **Suffolk County Recording & Endorsement Page**

This page forms part of the attached Mortgage made by:
(SPECIFY TYPE OF INSTRUMENT)

Home Building Corporation

The premises herein is situated in SUFFOLK COUNTY, NEW YORK.

TO

Pitsa Kadianakis

In the TOWN of Babylon
In the VILLAGE
or HAMLET of West Babylon

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

(over)

[redacted]

# MORTGAGE AND SECURITY AGREEMENT

THIS MORTGAGE AND SECURITY AGREEMENT ("Mortgage"), made the 25th day of September, 2015, between HOME BUILDING CORPORATION, a New York corporation with an address at 4920 Sunrise Highway, Massapequa, New York 11762 (the "Mortgagor"), and PITSA KADIANAKIS, with an address at 3810 Waverly Ave., Seaford, New York 11783 ("Mortgagee"),

WITNESSETH:

WHEREAS, the Mortgagor has become justly indebted to the Mortgagee for the principal amount of Three Hundred Sixty Thousand ($360,000.00) Dollars, together with interest thereon, pursuant to a Balloon Mortgage Note of even date herewith (the "Note"), the terms of which are incorporated herein by reference as if set forth in full herein; and

WHEREAS, Mortgagor is the owner of that certain parcel of improved real property known as 350 Sunrise Highway, West Babylon, New York (Section 156.00, Block 04.00, Lot 004.000) in the Town of Babylon, County of Suffolk and State of New York, as more particularly described in Schedule A attached hereto and made a part hereof, and

0100
156.00
04.00
004.000

WHEREAS, the Mortgagee and the Mortgagor have agreed to secure the Note in the manner hereinafter appearing.

NOW, THEREFORE, in consideration of the premises contained herein and in order to secure the payment of the indebtness noted above in the sum of Three Hundred Sixty Thousand ($360,000.00) Dollars, with interest thereon to be computed from the date hereof, the Mortgagor hereby mortgages to the Mortgagee

All that certain plot, piece or parcel of land, located at 350 Sunrise Highway, West Babylon, New York (Section 156.00, Block 04.00, Lot 004.000) in the Town of Babylon, County of Suffolk and State of New York, more particularly described on Schedule "A" annexed hereto (hereinafter referred to as the "land") and all of the buildings and other improvements (hereinafter referred to as the "buildings and improvements") erected or be erected on the land. (The land, buildings and improvements are hereinafter collectively referred to as the "Premises");

Together with all rights, title and interest of the Mortgagor in and to the land lying in the streets and roads in front of and adjoining said Premises;

Together with all fixtures, chattels and articles of personal property now or hereafter attached to or used in connection with said Premises, including but not limited to furnaces, boilers, oil burners, radiators, and piping, coal stokers, plumbing and bathroom fixtures,

refrigeration, air conditioning and sprinkler systems, wash-tubes, sink, gas and electric fixtures, stoves, ranges, awning, screens, window shades, elevators, motors, dynamos refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fitting, and fixtures of every kind in or used in the operation of the buildings standing on said Premises, together with any and all replacements thereof and additions thereto;

Together with all awards heretofore and hereafter made to the Mortgagor for taking by eminent domain the whole or any part of said Premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the Mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said Mortgagor hereby agrees, upon request, to make executed and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the Mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

And the Mortgagor covenants with the Mortgagee as follows:

1. That the Mortgagor will pay the indebtedness as hereinbefore provided.

2. That the Mortgagor will keep the buildings on the Premises insured against loss by fire for the benefit of the Mortgagee; that he will assign and deliver the policies to the Mortgagee; and that he will reimburse the Mortgagee for any premiums paid for insurance made by the Mortgagee on the Mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the Premises shall be altered, removed or demolished without the consent of the Mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the Mortgagee: after default in the payment of any installment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the building against loss by fire or in reimbursing the Mortgagee for premiums paid on such insurance, as hereinbefore provided; or after the default upon request in furnishing a statement of the amount due on the mortgage and whether any off-sets or defenses exist against the mortgage debts, as hereinafter provided. An

assessment which has been made payable in installments at the application of the Mortgagor or lessee of the Premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first installment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the Mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the Mortgagee may pay the same.

7. That the Mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any off-sets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the Mortgagor warrants the title to the Premises.

10. That the fire insurance policies required hereinabove shall contain the usual extended coverage endorsement; that in addition thereto the Mortgagor, written thirty days after notice and demand, will keep the Premises insured against war risk and any other hazard that may reasonably be required by the Mortgagee. All of the provisions of paragraphs hereinabove relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said Premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose the mortgage or to collect the debt secured thereby), to which action or proceeding the Mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the Mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the Mortgagor together with interest thereon at the rate of sixteen per cent per annum, and any such sum and the interest thereon shall be a lien on said Premises, prior to any right, or title to, interest in or claim upon said

Premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this Covenant.

13. That the Mortgagor hereby assigns to the Mortgagee the rents, issues and profits of the Premises as further security for the payment of said indebtness, and for Mortgagor grants to the Mortgagee the right to enter upon and to take possession of the Premises for the purpose of collecting the same and to let the Premises or any part thereof, and to apply the rents, issues and profits, after the payment of all necessary charges and expenses, on account of said indebtness. This assignment and grant shall continue in effect until this mortgage is paid. The Mortgagee hereby waives the right to enter upon and to take possession of said Premises for the purpose of collecting said rents, issues and profits, and the Mortgagor shall be entitled to collect and receive said rents issues and profits until default under any of the covenants, conditions or agreement Contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments sewer rents, water rates and carrying charges becoming due against said Premises, but such right of the Mortgagor may be revoked by the Mortgagee upon the default, on five days' written notice. The Mortgagor will not, without the written consent of the Mortgagee receive or collect rent from any tenant of said Premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the Mortgagee, or any receiver appointed to collect said rents, issues and profits the fair and reasonable rental value for the use and occupation of said premise or of such part thereof as may be in the possession of the Mortgagor, and upon default in any such payment will vacate and surrender the possession of said Premises to the Mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the Mortgagee (a) after failure to exhibit to the Mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the Premises without the written consent of the Mortgagee; or (c) after the assignment of the rents of the Premises or any part thereof without the written consent of the Mortgagee; or (d) if the building on said premise are not maintained in reasonable good

repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any government department claiming jurisdiction over the Premises within three months from the issuance thereof; or (f) if on application of the Mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the building on the Premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at lease equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the Mortgagor, in the event of the passage of any law deduction from the value of land for the purpose of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the Mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage; or (j) if the Mortgagor fails to keep, observe and perform any of the covenants, conditions or agreement contained in any prior mortgage or fails to repay to the Mortgagee the amount of any installment of principal or interest which the Mortgagee, may have paid on such mortgage with interest thereon as provided in paragraph 16 of this mortgage.

15. That the Mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. If Mortgagor fails to pay any installment of principal or interest on any prior mortgage when the same becomes due, the Mortgagee may pay the same, and the Mortgagor on demand will repay the amount so paid with interest thereon at the rate of sixteen percent per annum and the same shall be added to the mortgage indebtedness and be secured by this mortgage.

17. That the execution of this mortgage has been authorized by the board of directors of the Mortgagor.

18. The Mortgagor (as Debtor) hereby grants to the Mortgagee (as Creditor and Secured Party) a security interest in all chattels and intangibles of every nature whatsoever comprising part of the Premises. The Mortgagor shall

execute any and all such documents (including without limitation Financing Statements) pursuant to the Uniform Commercial Code of the State of New York, as the Mortgagee may request, to preserve and maintain the priority of the lien created hereby on property which may be deemed personal property or fixtures, and the Mortgagor shall pay to the Mortgagee on demand any expenses incurred by the Mortgagee in connection with the preparation, execution and filing of any such documents. The Mortgagor hereby authorizes and empowers the Mortgagee to execute and file, on its behalf, all Financing Statements and refilings and continuations thereof as the Mortgagee deems necessary or advisable to create, preserve and protect said lien. When and if the Mortgagor and the Mortgagee shall respectively become the Debtor and Secured Party in any Uniform Commercial Code Financing Statement affecting the Premises, the Mortgage shall be deemed a security agreement as defined in said Uniform Commercial Code and the remedies for any violation of the covenants, terms and conditions of the agreements herein contained shall be (i) as prescribed herein, (ii) by general law, or (iii) as to such part of the security which is also reflected in said Financing Statement by the specific statutory consequences now or hereafter enacted and specified in the Uniform Commercial Code, all at the Mortgagee's sole election. The Mortgagor and the Mortgagee agree that the filing of a Financing Statement in the records normally having to do with personal property shall never be construed as in any way derogating from or impairing the express declaration and intention of the parties hereto, hereinabove stated, that everything used in connection with the production of income from the Premises and/or adapted for use therein and/or which is described or reflected in the Mortgage is, and at all times and for all purposes and all proceedings both legal or equitable, shall be regarded as part of the real estate encumbered by the Mortgage irrespective of whether (i) any such lien is physically attached to the improvements, (ii) serial numbers are used for the better identification of certain equipment items capable of being thus identified in a recital contained herein or in any list filed with the Mortgagee, or (iii) any such item is referred to or reflected in any such Financing Statement so filed at any time. Similarly, the mention in any such Financing Statement of (1) rights in or to the proceeds of any fire and/or hazard insurance policy, or (2) any award in eminent domain proceedings for a taking or for loss of value, or (3) the Mortgagor's interest as lessor in any present or future lease or rights to income growing out of the use and/or occupancy of the property mortgaged hereby, whether pursuant to lease or rights to income growing out of the use and/or occupancy of the property mortgaged hereby, whether pursuant to lease or otherwise, shall never be construed as in any way altering any of the rights of the Mortgagee as determined by this instrument or impugning the priority of the

Mortgagee's lien granted hereby or by any other recorded document, but such mention in the Financing Statement is declared to be for the protection of the Mortgagee in the event any court or judge shall at any time hold with respect to clauses (1), (2) and (3) hereof that notice of the Mortgagee's priority of interest to be effective against particular class of persons (including, but not limited to, the federal government and any subdivisions or entity of the federal government), must be filed in the Uniform Commercial Code records.

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the Mortgagor, the heirs, personal representatives, successors and assigns of the Mortgagor and all subsequent owners, encumbrances, tenants and subtenants of the Premises, and shall enure to the benefit of the Mortgagee, the personal representative, successors and assigns of the Mortgagee and all subsequent holders of this mortgage. The word "Mortgagor" shall be construed as if it read "Mortgagors" and the word "Mortgagees" shall be construed as if it read "Mortgagees" whichever the sense of this mortgage so requires.

NO FURTHER TEXT ON PAGE



In Witness Whereof, this mortgage has been duly executed by the Mortgagor on the date hereof.

HOME BUILDING CORPORATION

By: [signature]
Name: Eugen Rogo
Title: Pres

Eugeaive Rogora

STATE OF NEW YORK }
}ss.:
COUNTY OF QUEENS }

On the 25th day of September, 2015, before me, the undersigned, personally appeared Eugenie Rogora personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

[signature]
Notary Public
ROBERT J FINN
Notary Public, State of New York
No. 01FL4781022
Qualified in Suffolk County
Commission Expires January 31, 2018

The attached mortgage does not cover real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities. ✓

# Schedule A



MORTGAGE

HOME BUILDING CORPORATION

To

PITSA KADIANAKIS

| | | |
|---|---|---|
| Street Address | : | 350 Sunrise Highway |
| Town of | : | Babylon |
| County of | : | Suffolk |
| State of | : | New York |
| Section | : | 156.00 |
| Block | : | 04.00 |
| Lot | : | 004.000 |

RECORD AND RETURN BY MAIL TO:
Karabelas & Papagianopoulos, LLP
31-10 37th Avenue, Suite 501
Long Island City, New York 11101
(718) 274-1600

[redacted]

## Schedule A

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Babylon, County of Suffolk and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Sunrise Highway Ext. as widened distant 260.36 feet westerly from the corner formed by the intersection of the southerly side of Sunrise Highway Ext. as widened and the westerly side of Golding Avenue;

RUNNING THENCE South 30 degrees 04 minutes 25 seconds east a distance of 157.99 feet;

THENCE South 59 degrees 35 minutes 00 seconds west a distance of 75 feet;

THENCE North 30 degrees 04 minutes 25 seconds west a distance of 163.24 feet to the southerly side of Sunrise Highway Ext. as widened;

THENCE Easterly along the southerly side of Sunrise Highway Ext., as widened, along a curve whose radius is 2043.59 feet a distance of 75.15 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY: SAID PREMISES being known as and by
350 Sunrise Highway
West Babylon, New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re: Chapter 11

HOME BUILDING CORPORATION, Case No. 24-72229-reg

Debtor.
-------------------------------------------------x

**AFFIRMATION OF SECURED CREDITOR IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS, OR IN ALTERNATIVE CONVERT TO CHAPTER 7**

Edward A. Wiener, the undersigned, an attorney an attorney duly licensed to practice law in the State of New York and admitted to practice before the courts in the Eastern District of New York, affirms the following under the penalty of perjury:

1. I am a member of the firm of Stein, Wiener & Roth, LLP, attorneys for Pitsa Kadianakis, the sole secured creditor of the above referenced debtor (hereinafter the "Secured Creditor"). This Affirmation is made in Support of the Trustee's motion for an Order converting the case to a Chapter 7, or alternatively dismissing the case.

2. Debtor's sole asset is a single piece of commercial real estate located at 350 Sunrise Highway, West Babylon, NY (the "Property"). The Secured Creditor holds a true purchase money mortgage against the Property, which by its terms matured on April 1, 2017. After Debtor failed to satisfy the mortgage, a foreclosure action was commenced on February 1, 2021 under Suffolk County Supreme Court Index Number 601825/2021. A Judgment of Foreclosure and Sale was thereafter entered on April 20, 2023.

3. This Chapter 11 bankruptcy case does not serve a proper purpose, and is nothing more than a two (2) party dispute between the Debtor and the Secured Creditor. "The provisions of Chapter 11 of the Bankruptcy Code are intended to reorganize a debtor's

financial affairs, not to furnish a debtor with an alternative forum for non-bankruptcy litigation. Lippman v. Big Six Towers, Inc., No. 20-CV-973 (WFK), 2021 WL 1784312 (E.D.N.Y. May 5, 2021) citing *In re The Bridge to Life, Inc.*, 330 B.R. 351, 357 (Bankr. E.D.N.Y. 2005) (Feller, J.), *aff'd sub nom. In re Bridge To Life, Inc.*, 05-CV-19154, 2006 WL 1329778 (E.D.N.Y. May 16, 2006) (Sifton, J.) ("Chapter 11 was never intended to be used as a fist in a two party bout.") Therefore, a Chapter 11 case that involves nothing more than a two-party non-bankruptcy dispute is inconsistent with the reorganization objectives of Chapter 11.

4. As pointed out by the U.S. Trustee, the lack of a proper bankruptcy purpose is one of several grounds that mandates that a case should likewise be dismissed for bad faith. The Second Circuit in In Re C-TC 9th Ave Partnership, 113 F.3d 1304, 1311 (2d Cir. 1997) delineated eight (8) factors that demonstrate bad faith. Those factors are present here, namely;

(1) Debtor has only one asset (the Property);
(2) Debtor has few unsecured creditors. In the instant case, they total less than $5000, and were seemingly added to the schedules with the sole intention of creating an impaired class;
(3) Debtor's sole asset is the subject of foreclosure as a result of a default on the debt;
(4) Debtor's financial condition is essentially a 2 party dispute that can be resolved in State Court;
(5) The petition here was filed on 6/10/24 on the eve of a scheduled foreclosure auction (scheduled for 6/13/24), thus evidencing an intent to delay or frustrate the legitimate efforts of the Secured Creditor to enforce her rights;
(6) Debtor cannot meet payment of real estate taxes, as evidenced by the Secured Creditor's out-of-pocket payment of approximately $73,000.00 in tax arrears during the course of the default period/foreclosure;
(7) Debtor has no employees

5. It should be noted that the last of the eight In Re C-TC 9th Ave factors, namely the sufficiency of cash flow, cannot be readily determined, as Debtor has not timely filed Operating Reports for the months or August or September. Moreover, the Operating

Report for the month of July contains apparent inaccuracies that cannot be reconciled. Although Debtor indicates cash receipts of $10,000.00, the bank statements accompanying the Report only demonstrate deposits/additions totaling approximately $8,000.00. The source of those funds is unclear, as they were transferred from outside bank accounts. *See* ECF 23

6. As further evidence of its bad faith, Debtor alludes to the fact that it wishes to contest the amounts of the Secured Creditor's claim because it does not believe that the sum of approximately $250,000 paid as a forbearance payment to Secured Creditor was credited to the balance. However, those claims are belied by the filed Proof of Claim. A simple review of the Calculation Sheet attached to the claim (**Exhibit A** - POC, page 4) clearly demonstrates how that sum was applied to the amounts due (namely $70,932.07 applied to interest, and $174,067.93 applied to principal)[1].

7. In addition to its failure to file timely Operating Statements, Debtor has failed to file a Chapter 11 plan by October 8, 2024 as was previously directed by this Court. In fact, it is asserted that Debtor will be unable to file a confirmable plan, which constitutes cause to either convert the case chapter 7 or for a dismissal.

8. To proceed under §1129(a) the Debtor would have to propose a plan that leaves the Mortgagee unimpaired. As noted by the Trustee, the Second Circuit has ruled that Section 1124(1) "define[s] impairment in the broadest possible terms," so that "any change in legal, equitable or contractual rights creates impairment." *In re LATAM Airlines Group S.A.* 55 F.4th 377, 384 (2d Cir. 2022) (*quoting In re Taddeo*, 685 F.2d 24, 28 (2d Cir. 1982). Since Secured Creditor's claim fully matured, and any plan proposed by Debtor that provides for less

[1] Debtor and Secured Creditor entered into two (2) separate Forbearance Agreements prior to scheduled foreclosure auctions. The first Agreement dated 9/11/23 (Exhibit B) provided for an adjournment of the auction upon proof of Debtor's payment to the taxing authorities of the sum of $34,117.45 representing real property tax arrears, and the sum of $65,882.55 towards the amounts due under the Judgment of Foreclosure. These tax arrears are separate and apart from the nearly $73,000 paid the by Secured Creditor.
The Second Agreement (Exhibit C), dated 1/30/24, provided for payment of $245,000.00 towards the amounts due under the Judgment, along with payment of the sum of $5000 in attorney fees incurred. Both payments were fully set forth and accounted for in the filed Proof of Claim.

than payment in full will constitute a change in legal, equitable or contractual rights of the Mortgagee and will leave the Mortgagee impaired. *See* In re B&B West 164th Street Corp., 147 B.R. 832, 838 (Bankr. E.D.N.Y. 1992) (Extending the maturity date and failing to pay the full claim amount renders a claim impaired).

WHEREFORE, the undersigned respectfully requests that the Court enter an order:

A. Dismissing this case, or in the alternative, converting this case to one under chapter 7;

B. Granting such other and further relief as may seem just and proper.

Dated: Westbury, New York
October 14, 2024

Stein, Wiener & Roth, LLP

__________________________

Edward Wiener, Esq.
*Attorney for Secured Creditor*
*Pitsa Kadianakis*
1400 Old Country Road
Westbury, New York 11590
(516) 742-1212

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
PITSA KADIANAKIS, INDEX NO. 601825/2021

Plaintiff

**STIPULATION**

-against-

HOME BUILDING CORPORATION; EUGENIUSZ ROGOZA; BARBARA PANKOWSKA; PROFIT SHARING TRUST FOR MARPROWEAR CORP.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE;

Defendants.
-----------------------------------------------------------------------X

It is hereby agreed by and between the undersigned counsel for Plaintiff and counsel for Defendants Home Building Corp, Eugeniusz Rogoza & Barbara Pankowska as follows:

1. Defendants hereby appear in this action, acknowledge jurisdiction of the court, and waives any and all defenses to the proceedings.

2. Defendants shall pay all outstanding real estate taxes upon the subject premises being foreclosed, in the approximate amount of $34,117.45, and shall provide to Plaintiff proof of payment thereof in the form of both a copy of paid tax receipt and copy of the bank check used for payment thereof,

3. Defendant shall pay to Plaintiff's counsel the difference between $100,000.00 and the amount of the tax payment referred to in paragraph 2, said payment to counsel to be in the approximate amount of $65,882.55.

4. Upon receipt by Plaintiff's counsel of proof of payment of the outstanding real estate taxes and the balance set forth in paragraph 3, Plaintiff shall adjourn the foreclosure auction

of the premises that is the subject of this action from September 14, 2023 until November 14, 2023, or as soon thereafter as is practicable for the Court and Referee appointed herein.

5. Defendant agrees to satisfy the mortgage that is the subject of this action on or before November 14, 2023.

6. All payments made hereunder by Defendants are non-refundable. In the event Defendant fails to satisfy the mortgage on or before November 14, 2023, Plaintiff may immediately re-notice the premises for auction.

Dated: September 11, 2023
Melville New York

Stein, Wiener & Roth, LLP
*Attorney for Plaintiff*

By: Edward Wiener, Esq.
Stein, Wiener & Roth, LLP
1400 Old Country Road, Suite 315
Westbury, NY 11590
(516) 742-1212
ewiener@hhstein.com

Alfred S. Walendowski PC
*Attorney for Defendants Home Building Corp, Eugeniusz Rogoza & Barbara Pankowska*

By: Alfred S. Walendowski, Esq
532 Broadhollow Road #111
Melville NY 11747
(631) 777-1313
alfred@aswnylaw.com

"SECURITY BOX" (PLACE THUMB AND FOREFINGER OVER THE "OVAL" ON THE RIGHT. COLOR WILL DISAPPEAR THEN REAPPEAR

RIDGEWOOD SAVINGS BANK

265403

VOID VOID

September 13, 2023

Sixty-Five Thousand Eight Hundred Eighty-Two and 55/100**********

PAY TO THE ORDER OF Stein, Wiener & Roth LLP

$ 65,882.55

TELLER'S CHECK

VOID

AUTHORIZED SIGNATURE

Memo

AUTHORIZED COUNTERSIGNATURE NECESSARY ON CHECKS OVER $5000.00

⑈265403⑈ ⑆226071033⑆ 20016⑈

**From:** "Alfred S. Walendowski PC" <alfred@aswnylaw.com>
**Date:** 9/13/2023, 3:02 PM
**To:** "Alfred S. Walendowski PC" <alfred@aswnylaw.com>

—IMG_2811.jpg—




Alfred S. Walendowski, Esq.
532 Broadhollow Road #111
Melville NY 11747
p: 631 777 1313

**From:** "Alfred S. Walendowski PC" <alfred@aswnylaw.com>
**Date:** 9/13/2023, 3:02 PM
**To:** "Alfred S. Walendowski PC" <alfred@aswnylaw.com>

—71631127694__58F38A59-A630-45B1-848A-061199FBD39F.jpg—




Alfred S. Walendowski, Esq.
532 Broadhollow Road #111
Melville NY 11747
p: 631 777 1313

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
PITSA KADIANAKIS, INDEX NO. 601825/2021

Plaintiff

**SECOND**
**STIPULATION**

-against-

HOME BUILDING CORPORATION; EUGENIUSZ ROGOZA; BARBARA PANKOWSKA; PROFIT SHARING TRUST FOR MARPROWEAR CORP.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE;

Defendants.
-------------------------------------------------------------------X

It is hereby agreed by and between the undersigned counsel for Plaintiff and counsel for Defendants Home Building Corp, Eugeniusz Rogoza & Barbara Pankowska (hereinafter "Defendants") as follows:

1. Upon receipt by Plaintiff's counsel of the sum of $250,000.00 in certified funds, payable to "Stein, Wiener & Roth, as Attorney", Plaintiff shall cancel the foreclosure auction of the premises that is the subject of this action that is scheduled for February 6, 2024.

2. Defendants agree to satisfy the mortgage that is the subject of this action on or before April 8, 2024.

3. In the event the mortgage is not satisfied by Defendants by April 8, 2024, Plaintiff may immediately re-notice the premises for auction to such date and time as is practicable for the Court and Referee appointed herein.

4. The parties agree that of the funds paid pursuant to this Second Stipulation, $245,000.00 shall be applied to the sums due pursuant to the terms of the Judgment of Foreclosure

and Sale, and $5,000.00 shall be applied to Plaintiff's attorneys fees incurred subsequent to the entry of Judgment.

5. All payments made hereunder by Defendants are non-refundable.

Dated: January 30, 2024
Melville, New York

Stein, Wiener & Roth, LLP
*Attorney for Plaintiff*

______________________________
By: Edward Wiener, Esq.
Stein, Wiener & Roth, LLP
1400 Old Country Road, Suite 315
Westbury, NY 11590
(516) 742-1212
ewiener@hhstein.com

Alfred S. Walendowski PC
*Attorney for Defendants Home Building Corp, Eugeniusz Rogoza & Barbara Pankowska*

______________________________
By: Alfred S. Walendowski, Esq
532 Broadhollow Road #111
Melville NY 11747
(631) 777-1313
alfred@aswnylaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
IN RE:

CHAPTER 11

HOME BUILDING CORPORATION,

CASE NO. 24-72229-REG

DEBTOR
-----------------------------------------------------------X

**ORDER**

The United States Trustee having moved by Notice of Motion dated August 29, 2024, seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case ("Motion") (ECF docket No. 16); and the Motion having come on for hearing on October 21, 2024 before the Honorable Robert E. Grossman, United States Bankruptcy Judge; and the United States Trustee having appeared by his counsel, William J. Birmingham, Esq., in support of the Motion; and the Debtor having filed objections to the Motion on October 11, 2024 (ECF Docket No. 28); and the Debtor having appeared by his counsel, Scott Dillon, Esq. of Ronald D. Weiss, P.C. ("Debtor's Counsel"); and creditor Pitsa Kadianakis having appeared by her counsel Stein Weiner & Roth, LLP by Edward A. Weiner, Esq.; and the Court having determined that notice was appropriate and that sufficient grounds exist in support of dismissal of the Debtor's chapter 11 case, and after due deliberation and good cause being shown it is hereby:

**ORDERED**, that within ten days from the date of the entry Order, the Debtor is directed to file all outstanding Monthly Operating Reports ("MORs") and pay all outstanding United States Trustee Quarterly Fees due under 28 U.S.C §1930(a)(6); and it is further

**ORDERED**, that upon the Debtor's filing of the MORs and payment of United States Trustee Quarterly Fees, the Debtor's case commenced under chapter 11 of the Bankruptcy Code will be dismissed upon submission of a proposed dismissal order by the United States Trustee, and entry of same; and it is further

**ORDERED**, that the Court retains jurisdiction to determine the reasonableness of the $30,000.00 legal fee paid to Debtor's Counsel; and it is further

**ORDERED**, that Debtor's Counsel shall file an application for compensation complete with time records within ten days of the entry of this Order; and it is further

**ORDERED**, that if Debtor's Counsel fails to timely file an application for compensation, the Office of the United States Trustee shall settle an order directing Debtor's Counsel to return to the Debtor the entire $30,000.00 legal fee paid to Debtor's Counsel.

Dated: Central Islip, New York
October 24, 2024

United States Bankruptcy Court Eastern District of New York

Robert E. Grossman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

CENTRAL ISLIP

In Re. HOME BUILDING CORPORATION §
§
§
Debtor(s) §

Case No. 24-72229

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 08/31/2024

Petition Date: 06/10/2024

Months Pending: 3

Industry Classification: 5 3 1 1

Reporting Method: Accrual Basis ○ Cash Basis ●

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☐ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/Eugeniusz Rogoza
Signature of Responsible Party

10/29/2024
Date

Eugeniusz Rogoza
Printed Name of Responsible Party

350 Sunrise Highway
West Babylon, NY 11704
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $8,024 | |
| b. | Total receipts (net of transfers between accounts) | $10,000 | $30,000 |
| c. | Total disbursements (net of transfers between accounts) | $9,141 | $34,788 |
| d. | Cash balance end of month (a+b-c) | $8,884 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $9,141 | $34,788 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory ( Book ◉ Market ◯ Other ◯ (attach explanation)) | $0 |
| d | Total current assets | $1,507,500 |
| e. | Total assets | $1,507,500 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $25,647 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $25,647 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $25,647 |
| o. | Ending equity/net worth (e-n) | $1,481,853 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $10,000 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $10,000 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $24,647 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $-15,637 | $-31,274 |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

**Part 5: Professional Fees and Expenses**

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | $0 | $32,500 | $0 | $32,500 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Ronald D. Weiss PC | Lead Counsel | $0 | $32,500 | $0 | $32,500 |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

A142

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ○ No ●

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ○ No ●

c. Were any payments made to or on behalf of insiders? — Yes ○ No ●

d. Are you current on postpetition tax return filings? — Yes ● No ○

e. Are you current on postpetition estimated tax payments? — Yes ● No ○

f. Were all trust fund taxes remitted on a current basis? — Yes ○ No ●

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ○ No ●

h. Were all payments made to or on behalf of professionals approved by the court? — Yes ● No ○ N/A ○

i. Do you have:
- Worker's compensation insurance? — Yes ● No ○
  - If yes, are your premiums current? — Yes ● No ○ N/A ○ (if no, see Instructions)
- Casualty/property insurance? — Yes ● No ○
  - If yes, are your premiums current? — Yes ● No ○ N/A ○ (if no, see Instructions)
- General liability insurance? — Yes ● No ○
  - If yes, are your premiums current? — Yes ● No ○ N/A ○ (if no, see Instructions)

j. Has a plan of reorganization been filed with the court? — Yes ○ No ●

k. Has a disclosure statement been filed with the court? — Yes ○ No ●

l. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? — Yes ● No ○

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ● |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/Eugeniusz Rogoza | Eugeniusz Rogoza |
| Signature of Responsible Party | Printed Name of Responsible Party |
| President | 10/29/2024 |
| Title | Date |

A144

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name HOME BUILDING CORPORATION

Case No. 24-72229

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageThree

PageFour


UST Form 11-MOR (12/01/2021)

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

CENTRAL ISLIP

In Re. HOME BUILDING CORPORATION §
§
§
Debtor(s) §

Case No. 24-72229

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 09/30/2024

Petition Date: 06/10/2024

Months Pending: 4

Industry Classification: 5 3 1 1

Reporting Method: Accrual Basis ○ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

- ☐ Statement of cash receipts and disbursements
- ☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
- ☐ Statement of operations (profit or loss statement)
- ☐ Accounts receivable aging
- ☐ Postpetition liabilities aging
- ☐ Statement of capital assets
- ☐ Schedule of payments to professionals
- ☐ Schedule of payments to insiders
- ☒ All bank statements and bank reconciliations for the reporting period
- ☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/Eugeniusz Rogoza
Signature of Responsible Party

10/29/2024
Date

Eugeniusz Rogoza
Printed Name of Responsible Party

350 Sunrise Highway
West Babylon, NY 11704
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $8,024 | |
| b. | Total receipts (net of transfers between accounts) | $11,381 | $41,381 |
| c. | Total disbursements (net of transfers between accounts) | $6,996 | $41,784 |
| d. | Cash balance end of month (a+b-c) | $12,410 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $6,996 | $41,784 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory ( Book ◉ Market ◯ Other ◯ (attach explanation)) | $0 |
| d | Total current assets | $1,507,500 |
| e. | Total assets | $1,507,500 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $25,647 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $25,647 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $25,647 |
| o. | Ending equity/net worth (e-n) | $1,481,853 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $10,000 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $10,000 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $24,647 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $-15,637 | $-31,274 |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

**Part 5: Professional Fees and Expenses**

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | $0 | $32,500 | $0 | $32,500 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | Ronald D. Weiss PC | Lead Counsel | $0 | $32,500 | $0 | $32,500 |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |
| | xcix | | | | | | |
| | c | | | | | | |
| | ci | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |
| | vii | | | | | | |
| | viii | | | | | | |
| | ix | | | | | | |
| | x | | | | | | |
| | xi | | | | | | |
| | xii | | | | | | |
| | xiii | | | | | | |
| | xiv | | | | | | |

**A152**

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xv | | | | | | |
| | xvi | | | | | | |
| | xvii | | | | | | |
| | xviii | | | | | | |
| | xix | | | | | | |
| | xx | | | | | | |
| | xxi | | | | | | |
| | xxii | | | | | | |
| | xxiii | | | | | | |
| | xxiv | | | | | | |
| | xxv | | | | | | |
| | xxvi | | | | | | |
| | xxvii | | | | | | |
| | xxviii | | | | | | |
| | xxix | | | | | | |
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxvii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |
| | lxxii | | | | | | |
| | lxxiii | | | | | | |
| | lxxiv | | | | | | |
| | lxxv | | | | | | |
| | lxxvi | | | | | | |
| | lxxvii | | | | | | |
| | lxxvii | | | | | | |
| | lxxix | | | | | | |
| | lxxx | | | | | | |
| | lxxxi | | | | | | |
| | lxxxii | | | | | | |
| | lxxxii | | | | | | |
| | lxxxiv | | | | | | |
| | lxxxv | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxvi | | | | | | |
| | lxxxix | | | | | | |
| | xc | | | | | | |
| | xci | | | | | | |
| | xcii | | | | | | |
| | xciii | | | | | | |
| | xciv | | | | | | |
| | xcv | | | | | | |
| | xcvi | | | | | | |
| | xcvii | | | | | | |
| | xcviii | | | | | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xcix | | | | | | |
| | c | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

| Part 6: Postpetition Taxes | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | | Yes | No | N/A | |
|---|---|---|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | | ○ | ● | | |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | | ○ | ● | | |
| c. | Were any payments made to or on behalf of insiders? | | ○ | ● | | |
| d. | Are you current on postpetition tax return filings? | | ● | ○ | | |
| e. | Are you current on postpetition estimated tax payments? | | ● | ○ | | |
| f. | Were all trust fund taxes remitted on a current basis? | | ○ | ● | | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | | ○ | ● | | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | | ● | ○ | ○ | |
| i. | Do you have: | Worker's compensation insurance? | ● | ○ | | |
| | | If yes, are your premiums current? | ● | ○ | ○ | (if no, see Instructions) |
| | | Casualty/property insurance? | ● | ○ | | |
| | | If yes, are your premiums current? | ● | ○ | ○ | (if no, see Instructions) |
| | | General liability insurance? | ● | ○ | | |
| | | If yes, are your premiums current? | ● | ○ | ○ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | | ○ | ● | | |
| k. | Has a disclosure statement been filed with the court? | | ○ | ● | | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | | ● | ○ | | |

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○ No ◉ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○ No ○ N/A ◉ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/Eugeniusz Rogoza
Signature of Responsible Party

Eugeniusz Rogoza
Printed Name of Responsible Party

President
Title

10/29/2024
Date

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name HOME BUILDING CORPORATION Case No. 24-72229

PageThree

PageFour

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:

HOME BUILDING CORPORATION

Chapter 11
Case No. 8-24-72229-REG

Debtor.
---------------------------------------------------------X

**HOME BUILDING CORPORATION RONALD D. WEISS, P.C.**
**<u>FEE APPLICATION COVER SHEET</u>**

| | |
|---|---|
| Fees and Expenses Sought: | $24, 979.00 |
| Retainer Paid: | $30,000.00 legal fee<br>$2,500.00 costs/fees |
| Time Period Covered by Application: | June 10, 2024 to October 24, 2024 |
| Total Attorney Hours Billed In This Application: | In excess of 46.1 hours |
| Total Fees Incurred per Time Sheets: | $24,979.00 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

HOME BUILDING CORPORATION

Chapter 11
Case No. 8-24-72229-REG

Debtor.
-----------------------------------------------------------X

**APPLICATION OF THE LAW OF RONALD D. WEISS P.C., AS COUNSEL TO THE DEBTOR-IN-POSSESSION, FOR ALLOWANCE OF COMPENSATIONFOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 10, 2024 THROUGH AND INCLUDING OCTOBER 24, 2024 PURSUANT TO 11 U.S.C. §330 AND RULE 2016 OF <u>THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**TO: THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY COURT:**

THE LAW OFFICE OF RONALD D. WEISS P.C. ("Ronald D. Weiss P.C. or "Applicant"), as counsel for HOME BUILDING CORPORATION, (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case as and for its application for compensation and reimbursement of expenses (the "Application"), hereby applies to the Court pursuant to sections 330 (a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rules 2016-1 and 2016-2 allowing compensation for professional services performed by Ronald D. Weiss P.C. on behalf of the Debtor during the period commencing June 10, 2024 through and including October 24, 2024, (the "Compensation Period") and for reimbursement of the actual and necessary expenses incurred by Ronald D. Weiss P.C. on behalf of the Debtor during the Compensation Period. In support of the Application, Ronald D. Weiss P.C. respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Statutory and other predicates for relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rules 2016-1 and 2016-2.

## PROCEDURAL BACKGROUND

2. On June 10, 2024 (the "Petition Date or Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtor has continued in the management of its affairs and the operation of its business and property pursuant to §§1107 and 1108 of the Bankruptcy Code. No Trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been formed.

Applicant has submitted an application to be retained as counsel to represent the Debtor in these proceedings. A copy of the Applicant's Order of Retention is annexed as **Exhibit "A"**. Prior to the filing date, Applicant received an inital retainer in the amount of $30,000.00 legal fees plus $2,500.00 costs/fees for a total sum of $32,500.00.

## RELIEF REQUESTED

3. By this Application, Applicant seeks (i) allowance of compensation for legal services rendered as counsel to the Debtor and expenses paid for the Application Period of June 10, 2024 through October 24, 2024 in the amount of $ 24,979.00 utilizing the credit of the Debtor's paid retainer fee.

## BASIS FOR COMPENSATION

4. Applicant maintains records of time spent by attorneys performing legal services on behalf of the Debtor. Such time records are made contemporaneously with the rendering of services and in the ordinary course of the Applicant's practice. The records reflect the name of the attorney, the date on which the services were performed, the services rendered, and the amount of time spent performing the services during the Application Period. Copies of the Applicant's time record are annexed as **Exhibit "B"** to this Application. Included in the Applicant's time records is a list of the aggregate time spent, current hourly billing rates and the value of the total time expended.

## SUMMARY OF SERVICES RENDERED

5. This Application provides an overview of the discreet tasks performed by Applicant during the Application Period.

6. Home Building Corporation is engaged in the business of owning and managing a single real estate asset located at 350 Sunrise Highway, West Babylon, NY 11704 (the "Premises").

### A. Legal Services

7. Applicant played an active role in advising Home Building Corporation, and performing legal tasks prior to and since the Filing Date, including:

a. Reviewing and analyzing all documents in preparation of the Debtor's Petition, Schedules and Statement of Financial Affairs;

b. Reviewing numerous documents and financial records relating to the Debtor's financial affairs in connection with the preparation of the Petition and Schedules;

c. Attending meetings with the Debtor;

d. Preparing and filing all necessary documents regarding the Debtor's Petition, Schedules and Statement of Financial Affairs;

e. Preparation and filing of an Order and Application for retention as attorneys for the Debtor; and

f. Preparation and filing of an Order and Application for retention of Broker for the Debtor, annexed as **Exhibit "C"**; and

g. Assisted with the preparation and reviewed all of the Debtor's statements and reports required for a business debtor; and

h. Reviewed all of the Debtor's monthly operating reports and budgets; and

i. Communicated via letter, telephone and email on a frequent basis with the Debtor's creditors concerning their inquiries regarding the status and administration of the Debtor's case and business operations; and

j. Prepared the Debtor's application to set the bar date for the filing of the pre-petition claims; and

k. Appeared at all of the status hearings before the Court regarding the administration of the Debtor's case, business operations and the Debtor's progress toward the formulation of the Debtor's Plan; and

l. Appeared, together with the Debtor, at the initial Debtor Interview, at the Section 341 Meeting of Creditors, and status hearings and provided the Office of the United States Trustee with all documentation it requested.

## B. Claims Bar Date

8. By August 21, 2024, Applicant promptly prepared and filed the Application and Order establishing a date by which creditors must timely file proofs of claim. Once the Order was signed on August 22, 2024, Applicant prepared, filed and served notice of entry advising this Debtor's known creditors of the bar date. Once the claims were filed, Applicant reviewed and analyzed all claims which were filed in anticipation of filing a plan and disclosure statement. Throughout the administration of this case, Applicant has regularly communicated and responded to any inquiries received from the Debtor's creditors.

**C. Miscellaneous Case Administration**

9. In addition to the above services, Applicant handled the day to day legal tasks for the Debtor. Applicant amended the schedules when required; filed amended operating reports when required; reviewed and filed the Debtor's monthly operating reports; conducted legal research when required and attended the status conferences and any other Court mandated hearings.

**BASIS FOR THE RELIEF REQUESTED**

10. The Applicant respectfully submits that an examination of the specific services rendered on behalf of the Debtor in light of the applicable statutory provisions and case law demonstrates that this Applicant should be granted.

**A. Legal Services**

11. Pursuant to §330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy Court may award a professional person employed under section 327 "(A) reasonable compensation for actual, necessary services rendered by the. . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A) and (B). The statute further provides that

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services taking into account all relevant factors, including:
>
> a. the time spent on such services:
>
> b. the rates charged for such services;

c. whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;

d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and

e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11 U.S.C. §330(a)(3).

f. Plan shall be controlling.

12. To determine whether an allowance of compensation and reimbursement of expenses is warranted under sections 330 of the Bankruptcy Code, the Court must inquire into the following three general areas:

a. Are the services that are the subject of the application properly compensable as legal services?

b. If so, were they necessary and is the performance of necessary tasks adequately documented?

c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R, 700, 704-05 (Bankr. N.D. Ill, 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See, also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge property examined time entries determined "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

**B. Properly Compensable Legal Services**

13. The services rendered by the Applicant, as outlined above, are legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not licenses to practice law could properly perform for another for compensation." In re Shades of Beauty, Inc., 56 B.R. at 949 (citing In re Meade Land & Development Co., Inc., 527 F.2d 280, 284-85 (3d Cir. 1975)).

19. As described more fully above, the Applicant performed legal services relating to discreet legal tasks. The services for which the Applicant seeks compensation "are not those generally performed by a [debtor] without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

**C. Necessary And Actual Services**

14. The legal services performed by the Applicant were also "actual" and "necessary" within the meaning of section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); see, also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary."). As the detailed time records indicate, the Applicant "actually" performed the legal services for which it is now seeking compensation. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

15. It is incumbent upon the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as (1) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (2) the extent the estate will suffer if the services are not rendered; and (3) the extent the estate may benefit if the services are rendered

and the likelihood of the disputed issues being resolved successfully. See, In re Wildman, 72 B.R, at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

16. All of the services performed by the Applicant, were necessary and beneficial to the Debtor' estate. The Applicant performed services necessary for the Debtor to administer this case.

17. Based on the above, as well as the detailed Time Records, the Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Debtor were rendered, In re Shades of Beauty, Inc., 56 B.R. at 950, and that such services were actual and necessary. Fed. R. Bankr. P. 2016.

**D. Value of Services/Extent of Compensation**

18. The Applicant provided the Debtor with effective and competent representation at a reasonable cost. In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code. See, In re Wiedau's Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01. Legal services for which a firm seeks compensation should be judged by a "standard of economy" which rewards attorneys for "efficiency." In re Shades of Beauty, Inc., 56 B.R. at 51-52. The Applicant submits that the requested compensation is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

**E. No prior application or agreement**

19. No prior application for the relief requested herein has been made to this or any other Court and Applicant has received no payment on account of the legal services rendered.

20. No agreement or understanding exists between Applicant and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this case.

## CONCLUSION

21. **WHEREFORE,** the Applicant submits that its efforts in this instant case have been beneficial to the Debtor and effective. As a result, the Applicant respectfully requests an entry of an order approving the allowance of the amount of $ 24,979.00 for professional services rendered and expenses incurred and granting such other and further relief as this Court may deem just and proper.

Dated: Melville, New York
October 30, 2024

**LAW OFFICE OF RONALD D. WEISS**
Attorneys for the Debtor and Debtor-in-Possession

By: */s/Ronald D. Weiss P.C.*
**Ronald D. Weiss P.C. (RDW 4419)**
445 BroadhollowRoad
Suite CL-10
Melville NY 11747
(631)271-3737

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In Re:

HOME BUILDING CORPORATON,

Debtor.
--------------------------------------------------------------X

Chapter 11
Case No. 2-24-72229-REG

**AFFIDAVIT OF SERVICE**

Misty McManus, being duly sworn, says:

On October 30, 2024, I served a true copy of the Application for Compensation with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address as follows:

TO: Office of United States Trustee, 560 Federal Plaza, Room 560, Central Islip, NY 11722

Sworn to before me this
30th day of October, 2024

*/s/Ronald D. Weiss*
Ronald D. Weiss
Notary Public, State of New York
No. 02WE5041400
Qualified in Suffolk County
Commission Expires 9/12/27

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In Re:

HOME BUILDING CORPORATION,

Debtor.
--------------------------------------------------------------X

Chapter 11
Case No. 8-24-72229-REG

**ORDER RETAINING THE LAW OFFICE OF RONALD D. WEISS P.C. ALLOWANCE OF REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF THE DEBTOR, HOME BUILDING CORPORATION**

Upon the application for the retention of the Law Office of Ronald D. Weiss, P.C. and the application dated October 30, 2024 for allowance of compensation and reimbursement of expenses of the Law Office of Ronald D. Weiss P.C., as counsel to the debtor and debtor-in-Possession HOME BUILDING CORPORATION (the "Debtor") by its attorneys, the Law Office of Ronald D. Weiss, P.C. seeking the entry of an Order retaining such attorneys and for the allowance of compensation and reimbursement of necessary expenses in the amount of $24,979.00 (the "Applications"); and the matter having come on to be heard before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alfonso M. D'Amato Courthouse, 290 Federal Plaza, New York, 1722; and the Law Office of Ronald D. Weiss, P.C, by Ronald D. Weiss, Esq., having appeared in support of the Applications and the Office of the United States Trustee having appeared; and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and after due consideration of all the facts and circumstances, it is hereby

**ORDERED**, that the Law Office of Ronald D. Weiss, P.C. is awarded on its Application for legal reimbursement of expenses incurred on behalf of HOME BUILDING CORPORATION the amount of $24,979.00; and it is further,

**ORDERED**, that the Debtor HOME BUILDING CORPORATION is authorized and allowed to do such things and execute such documents as may be necessary to effectuate the terms and conditions of this Order.

**No Objection:**
**Office of the United States Trustee**

________________________________

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**In re:** **Chapter 11**

**HOME BUILDING CORPORATION,** **Case No. 8-24-72229-REG**

**Debtor.**
-----------------------------------------------------------X

**ORDER AUTHORIZING EMPLOYMENT OF RONALD D. WEISS, P.C.**
**<u>AS ATTORNEY FOR DEBTOR AND DEBTOR IN POSSESSION</u>**

Upon the Amended application of Home Building Corporation, the above named Debtor and Debtor-in-Possession, requesting authorization to employ Ronald D. Weiss, P.C. as counsel, dated the 4th day of September, 2024, and the affirmation of Ronald Weiss dated September 4, 2024, the Rule 2016 (b) disclosure statement; and it appearing that Ronald D. Weiss, Esq., represents no interest adverse to the Debtor and Debtor-in-Possession or the estate in the matters upon which the firm will be engaged, and that the firm's employment is necessary and would be in the best interest of the estate, and that the case is one which justifies a specific retainer; it is

**ORDERED**, that Home Building Corporation, as Debtor and Debtor-in-Possession be, and hereby is authorized to employ Ronald D. Weiss, P.C., to the date of filing of the case, to represent it as Debtor and Debtor-in-Possession under a specific retainer on the terms set forth in the annexed application, in the affidavit of Ronald D. Weiss, Esq., and in the Rule 2016 (b) disclosure statement, with the post-petition compensation of Ronald D. Weiss, P.C. to be hereafter fixed by this court upon the filing of a proper application thereof; and it is further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid to Ronald D. Weiss, P.C. for professional services rendered to the interim trustee, except upon proper application and by further order of this Court following a hearing on notice pursuant to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and it is further

**ORDERED**, that ten business days prior to any increases in hourly rates for any individual employed by Ronald D. Weiss, P.C. and retained by the Debtor pursuant to court order, Debtor shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F). Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. § 330.

NO OBJECTION
OFFICE OF U.S. TRUSTEE

/s/ William J. Birmingham, Esq.

**Dated: Central Islip, New York**
**September 9, 2024**

Robert E. Grossman
United States Bankruptcy Judge

# Exhibit B

# Ch 11 | Home Building Corporation

12,403-01B | 8-24-72229-reg

Case details generated 10/30/2024

Date Range: All time

Bulk Delete Add Time Entry

| Total | Billable | Non-Billable | Invoiced | Un-Invoiced |
|---|---|---|---|---|
| $24,979.00<br>52.50 hour(s) | $24,979.00<br>52.50 hour(s) | $0.00<br>0.00 hour(s) | $0.00<br>0.00 hour(s) | $24,979.00<br>52.50 hour(s) |

Text Size

| DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|
| Oct 23, 2024 | Research | 2.1 | Legal Research and discussions for possible appeal | $450.00/hr | $945.00 | Open | Marc Daniels |
| Oct 22, 2024 | Research | 2.5 | legal research for possible appeal | $450.00/hr | $1,125.00 | Open | Scott Dillon |
| Oct 21, 2024 | Appearance | 1.0 | appearance | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 21, 2024 | Prepared and Docketed | 2.0 | Final revisions made; motion docketed | $450.00/hr | $900.00 | Open | Rosemarie Klie |
| Oct 18, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 15, 2024 | Review | 1.0 | Review of pre-approval letter sent by client | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 11, 2024 | serve document | 1.0 | Service of Opp to UST Mtn | $250.00/hr | $250.00 | Open | Oscar Hernandez |
| Sep 17, 2024 | Review and Revise | 1.0 | Review and revised mtn to vacate judgment | $450.00/hr | $450.00 | Open | Ronald D Weiss |
| Sep 16, 2024 | Drafting Documents | 2.5 | Drafting and research of NYS court action 601825/2021 to vacate judgment | $450.00/hr | $1,125.00 | Open | Rosemarie Klie |
| Sep 13, 2024 | Drafting Documents | 2.5 | Drafting and research of NYS court action 601825/2021 to vacate judgment | $450.00/hr | $1,125.00 | Open | Rosemarie Klie |
| Sep 12, 2024 | serve document | 1.0 | Service of Bar Date Order | $250.00/hr | $250.00 | Open | Oscar Hernandez |
| Sep 12, 2024 | Drafting Documents | 2.0 | Draft Application to Employ Maltz | $450.00/hr | $900.00 | Open | Scott Dillon |
| Sep 11, 2024 | Telephone call | 1.0 | Call w/ Maltz to discuss retention | $450.00/hr | $450.00 | Open | Scott Dillon |
| Sep 11, 2024 | Meeting with client | 2.0 | Meeting with client to strategize | $450.00/hr | $900.00 | Open | Rosemarie Klie |
| Sep 4, 2024 | Docketed | 0.5 | Application to employ RDW filed and emailed to UST | $250.00/hr | $125.00 | Open | Misty McManus |
| Aug 29, 2024 | Review | 1.0 | Review of Motion to Convert or Dismiss filed by UST | $450.00/hr | $450.00 | Open | Scott Dillon |
| Aug 21, 2024 | Docketed | 0.5 | Motion to Set Last Day to File Proofs of Claim Filed | $450.00/hr | $225.00 | Open | Scott Dillon |
| Aug 12, 2024 | Appearance | 1.0 | Status hearing | $450.00/hr | $450.00 | Open | Scott Dillon |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Aug 11, 2024 | Cost/Fee | 0.0 | Pay.gov Payment Confirmation: NEW YORK EASTERN BANKRUPTCY COURT External Inbox do_not_reply@psc.uscourts.gov 7:36 AM (0 minutes ago) to misty Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: Michelle Cuzzo at (631) 712-6216. Account Number: 2628480 Court: NEW YORK EASTERN BANKRUPTCY COURT Amount: $34.00 Tracking Id: A22861997 Approval Code: 08292G Card Number: ************5981 Date/Time: 08/11/2024 07:36:09 ET | Flat | $34.00 | Open | Misty McManus |
| ☐ | Aug 11, 2024 | Prepare and Docket | 0.5 | Prepared and Filed Amd E/F | $250.00/hr | $125.00 | Open | Misty McManus |
| ☐ | Aug 11, 2024 | Prepare and Docket | 0.5 | Prepared and filed June op report | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Aug 9, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 24, 2024 | Email Correspondence | 0.1 | Email client - reminder op report is due | $250.00/hr | $25.00 | Open | Misty McManus |
| ☐ | Jul 17, 2024 | Meeting with client | 2.0 | Meeting w/ client to discuss strategy | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Review | 0.5 | Review DIP account info provided by client | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Appearance | 1.0 | Status hearing to held on 7/15/2024 at 09:30 AM | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Drafting Documents | 2.0 | Draft Application to Retain RDW | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jul 12, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 12, 2024 | Prepare | 1.0 | Prepared Application to Establish Bar Date | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 11, 2024 | Appearance | 1.0 | 341(a) meeting to be held on 7/11/2024 at 02:00 PM | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 10, 2024 | Telephone call | 1.0 | Call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 9, 2024 | Review | 0.5 | Review client provided insurance to property | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Jul 9, 2024 | Review | 1.0 | Review appraisal for 350 Sunrise Hwy | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 6, 2024 | Asset Search | 0.0 | Performed - Asset Search | Flat | $100.00 | Open | Misty McManus |
| ☐ | Jun 28, 2024 | Meeting with client | 2.0 | Meeting w/ client to strategize | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 21, 2024 | Meeting with client | 2.0 | Met w/ client to discuss case after IDI | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 21, 2024 | Appearance | 1.0 | IDI | $450.00/hr | $450.00 | Open | Scott Dillon |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Jun 19, 2024 | Telephone call | 1.0 | call w/ client to discuss IDI being rescheduled to 6/21 | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jun 18, 2024 | Telephone call | 1.0 | Call w/ client to discuss IDI | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jun 18, 2024 | Email Correspondence | 0.1 | Tyler sent email to client - following up on appraisal | $250.00/hr | $25.00 | Open | Misty McManus |
| ☐ | Jun 18, 2024 | Email Correspondence | 0.2 | email to client requesting documents | $250.00/hr | $50.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Signing/Review Petition | 2.0 | Signing w/ Client | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 10, 2024 | Prepare | 0.5 | Prepare Notice of BK filing and send to Plaintiff to stop FC sale | $250.00/hr | $125.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Cost/Fee | 0.0 | Home Building Corporation Voluntary Petition (Chapter 11)( 8-24-72229) [misc,volp11a] (1738.00) Receipt #A22697724 | Flat | $1,738.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Judgment/Lien Search Ordered | 0.0 | Judgment/Lien Search Order | Flat | $625.00 | Open | Misty McManus |
| ☐ | Jun 6, 2024 | NAICS Code Search | 0.0 | NAICS Code Search | Flat | $37.00 | Open | Misty McManus |
| ☐ | Jun 6, 2024 | Prepare Petition | 2.0 | Prepare Petition | $250.00/hr | $500.00 | Open | Misty McManus |
| ☐ | Jun 3, 2024 | Intake - Client Questionnaire/Documents | 2.0 | Intake - completed client questionnaire | $450.00/hr | $900.00 | Open | Scott Dillon |

# Ch 11 | Home Building Corporation

12,403-01B | 8-24-72229-reg

Case details generated 10/30/2024

Date Range: All time

Bulk Delete Add Time Entry

| Total | Billable | Non-Billable | Invoiced | Un-Invoiced |
| --- | --- | --- | --- | --- |
| $24,979.00 | $24,979.00 | $0.00 | $0.00 | $24,979.00 |
| 52.50 hour(s) | 52.50 hour(s) | 0.00 hour(s) | 0.00 hour(s) | 52.50 hour(s) |

Text Size

| DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Oct 23, 2024 | Research | 2.1 | Legal Research and discussions for possible appeal | $450.00/hr | $945.00 | Open | Marc Daniels |
| Oct 22, 2024 | Research | 2.5 | legal research for possible appeal | $450.00/hr | $1,125.00 | Open | Scott Dillon |
| Oct 21, 2024 | Appearance | 1.0 | appearance | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 21, 2024 | Prepared and Docketed | 2.0 | Final revisions made; motion docketed | $450.00/hr | $900.00 | Open | Rosemarie Klie |
| Oct 18, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 15, 2024 | Review | 1.0 | Review of pre-approval letter sent by client | $450.00/hr | $450.00 | Open | Scott Dillon |
| Oct 11, 2024 | serve document | 1.0 | Service of Opp to UST Mtn | $250.00/hr | $250.00 | Open | Oscar Hernandez |
| Sep 17, 2024 | Review and Revise | 1.0 | Review and revised mtn to vacate judgment | $450.00/hr | $450.00 | Open | Ronald D Weiss |
| Sep 16, 2024 | Drafting Documents | 2.5 | Drafting and research of NYS court action 601825/2021 to vacate judgment | $450.00/hr | $1,125.00 | Open | Rosemarie Klie |
| Sep 13, 2024 | Drafting Documents | 2.5 | Drafting and research of NYS court action 601825/2021 to vacate judgment | $450.00/hr | $1,125.00 | Open | Rosemarie Klie |
| Sep 12, 2024 | serve document | 1.0 | Service of Bar Date Order | $250.00/hr | $250.00 | Open | Oscar Hernandez |
| Sep 12, 2024 | Drafting Documents | 2.0 | Draft Application to Employ Maltz | $450.00/hr | $900.00 | Open | Scott Dillon |
| Sep 11, 2024 | Telephone call | 1.0 | Call w/ Maltz to discuss retention | $450.00/hr | $450.00 | Open | Scott Dillon |
| Sep 11, 2024 | Meeting with client | 2.0 | Meeting with client to strategize | $450.00/hr | $900.00 | Open | Rosemarie Klie |
| Sep 4, 2024 | Docketed | 0.5 | Application to employ RDW filed and emailed to UST | $250.00/hr | $125.00 | Open | Misty McManus |
| Aug 29, 2024 | Review | 1.0 | Review of Motion to Convert or Dismiss filed by UST | $450.00/hr | $450.00 | Open | Scott Dillon |
| Aug 21, 2024 | Docketed | 0.5 | Motion to Set Last Day to File Proofs of Claim Filed | $450.00/hr | $225.00 | Open | Scott Dillon |
| Aug 12, 2024 | Appearance | 1.0 | Status hearing | $450.00/hr | $450.00 | Open | Scott Dillon |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Aug 11, 2024 | Cost/Fee | 0.0 | Pay.gov Payment Confirmation: NEW YORK EASTERN BANKRUPTCY COURT External Inbox do_not_reply@psc.uscourts.gov 7:36 AM (0 minutes ago) to misty Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: Michelle Cuzzo at (631) 712-6216. Account Number: 2628480 Court: NEW YORK EASTERN BANKRUPTCY COURT Amount: $34.00 Tracking Id: A22861997 Approval Code: 08292G Card Number: ***********5981 Date/Time: 08/11/2024 07:36:09 ET | Flat | $34.00 | Open | Misty McManus |
| ☐ | Aug 11, 2024 | Prepare and Docket | 0.5 | Prepared and Filed Amd E/F | $250.00/hr | $125.00 | Open | Misty McManus |
| ☐ | Aug 11, 2024 | Prepare and Docket | 0.5 | Prepared and filed June op report | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Aug 9, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 24, 2024 | Email Correspondence | 0.1 | Email client - reminder op report is due | $250.00/hr | $25.00 | Open | Misty McManus |
| ☐ | Jul 17, 2024 | Meeting with client | 2.0 | Meeting w/ client to discuss strategy | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Review | 0.5 | Review DIP account info provided by client | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Appearance | 1.0 | Status hearing to held on 7/15/2024 at 09:30 AM | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 15, 2024 | Drafting Documents | 2.0 | Draft Application to Retain RDW | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jul 12, 2024 | Telephone call | 1.0 | call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 12, 2024 | Prepare | 1.0 | Prepared Application to Establish Bar Date | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 11, 2024 | Appearance | 1.0 | 341(a) meeting to be held on 7/11/2024 at 02:00 PM | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 10, 2024 | Telephone call | 1.0 | Call w/ client to prep for hearing | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 9, 2024 | Review | 0.5 | Review client provided insurance to property | $450.00/hr | $225.00 | Open | Scott Dillon |
| ☐ | Jul 9, 2024 | Review | 1.0 | Review appraisal for 350 Sunrise Hwy | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jul 6, 2024 | Asset Search | 0.0 | Performed - Asset Search | Flat | $100.00 | Open | Misty McManus |
| ☐ | Jun 28, 2024 | Meeting with client | 2.0 | Meeting w/ client to strategize | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 21, 2024 | Meeting with client | 2.0 | Met w/ client to discuss case after IDI | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 21, 2024 | Appearance | 1.0 | IDI | $450.00/hr | $450.00 | Open | Scott Dillon |

| | DATE | ACTIVITY | DURATION | DESCRIPTION | RATE | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|---|
| ☐ | Jun 19, 2024 | Telephone call | 1.0 | call w/ client to discuss IDI being rescheduled to 6/21 | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jun 18, 2024 | Telephone call | 1.0 | Call w/ client to discuss IDI | $450.00/hr | $450.00 | Open | Scott Dillon |
| ☐ | Jun 18, 2024 | Email Correspondence | 0.1 | Tyler sent email to client - following up on appraisal | $250.00/hr | $25.00 | Open | Misty McManus |
| ☐ | Jun 18, 2024 | Email Correspondence | 0.2 | email to client requesting documents | $250.00/hr | $50.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Signing/Review Petition | 2.0 | Signing w/ Client | $450.00/hr | $900.00 | Open | Scott Dillon |
| ☐ | Jun 10, 2024 | Prepare | 0.5 | Prepare Notice of BK filing and send to Plaintiff to stop FC sale | $250.00/hr | $125.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Cost/Fee | 0.0 | Home Building Corporation Voluntary Petition (Chapter 11)( 8-24-72229) [misc,volp11a] (1738.00) Receipt #A22697724 | Flat | $1,738.00 | Open | Misty McManus |
| ☐ | Jun 10, 2024 | Judgment/Lien Search Ordered | 0.0 | Judgment/Lien Search Order | Flat | $625.00 | Open | Misty McManus |
| ☐ | Jun 6, 2024 | NAICS Code Search | 0.0 | NAICS Code Search | Flat | $37.00 | Open | Misty McManus |
| ☐ | Jun 6, 2024 | Prepare Petition | 2.0 | Prepare Petition | $250.00/hr | $500.00 | Open | Misty McManus |
| ☐ | Jun 3, 2024 | Intake - Client Questionnaire/Documents | 2.0 | Intake - completed client questionnaire | $450.00/hr | $900.00 | Open | Scott Dillon |

# Exhibit C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Chapter 11

HOME BUILDING CORPORATION, Case No. 24-72229-REG

Debtor.
-----------------------------------------------------------X

**ORDER AUTHORIZING THE EMPLOYMENT OF MALTZ AUCTIONS, INC. D/B/A MALTZ AUCTIONS AS EXCLUSIVE BROKER FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

Upon the application("Application") of HOME BUILDING CORPORATION ("Debtor"), the debtor and debtor-in- possession in the above-captioned Chapter 11 case, by its attorneys, The Law Office of Ronald D. Weiss, P.C; and the Affidavit of HOME BUILDING CORPORATION duly sworn to the 13th day of September, 2024 seeking the entry of an Order pursuant to Section 327 of Title 11 of the United States Code ("Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the Debtor to employ Maltz Auctions, Inc, d/b/a Maltz Auctions ("Maltz") as the Debtor's exclusive broker to market and sell the Debtor's real property located 350 Sunrise Highway, West Babylon, New York 11704 ("Real Property"); and it being in the best interests of the estate and its creditors, it is hereby

**ORDERED**, that Maltz is employed as the Debtor's exclusive broker to market and sell the Real Property upon the terms and conditions as set forth in this Order; and it is further

**ORDERED,** that Maltz shall have the exclusive right to sell the Real Property on behalf of the Debtor for a period of six (6) months from the date of the entry of an order authorizing Maltz retention (the "Initial Period"); and it is further

**ORDERED** that Maltz exclusive right to sell shall continue on an on-going basis for successive five-month periods following the Initial Period until terminated by the Debtor, in writing, with copy of the letter of termination filed with the Court; and it is further

**ORDERED** that Maltz shall have the right to advertise the Real Property in various publications, websites and multiple listing services; and it is further

**ORDERED** that Maltz shall be entitled to a flat commission of 4% inclusive of all expenses including advertising, publication and marketing expenses, upon the closing of the sale of the Real Property to a buyer obtained by Maltz and approved by the Debtor, subject to proper application and order of the Bankruptcy Court; and it is further

**ORDERED** that in the event of the termination of Maltz as broker for the Debtor, Maltz shall, within thirty (30) days, provide Debtor's counsel with a list of the names of any person or entity it may have negotiated with in connection with the sale of the Real Property ("Interested Parties"); and it is further

**ORDERED**, that if any of the Interested Parties, as set forth on such list, purchases the Real Property within five (5) months of Maltxz termination, Malttz may seek an order of the Bankruptcy Court directing the payment of commissions in accordance with its retention herein; and it is further

**ORDERED**, that in the event of a default by a buyer procured by Maltz, Maltz shall be entitled to seek a commission, subject to Bankruptcy Court approval, on the amount of any deposit being held by the Debtor and forfeited by the buyer in accordance with the commission schedule set forth in Local Bankruptcy Rule E.D.N.Y. LBR 6005-1(b).

Dated:

NO OBJECTION

/s/ William J. Birmingham
Office of the United States Trustee

Dated: Central Islip, New York
October 11, 2024

Robert E. Grossman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:
HOME BUILDING CORPORATION, Main Case No.
Debtor. 8-24-72229-reg

- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court
290 Federal Plaza
Central Islip, New York

September 16, 2024
12:38 PM

B E F O R E:
HON. ROBERT E. GROSSMAN
U.S. BANKRUPTCY JUDGE

ECRO: ELECTRONIC RECORDING


eScribers
www.escribers.net | 800-257-0885

[7] Order Scheduling Initial Case Management Conference

Transcribed by: River Wolfe
eScribers, LLC
7227 North 16th Street, Suite #207
Phoenix, AZ 85020
(800) 257-0885
operations@escribers.net

A P P E A R A N C E S:

KIRSCHENBAUM & KIRSCHENBAUM, P.C.

Attorneys for Debtor

200 Garden City Plaza

Suite 315

Garden City, NY 11530

BY: SCOTT T. DILLON, ESQ.

U.S. DEPARTMENT OF JUSTICE

Attorneys for Office of the U.S. Trustee

560 Federal Plaza

Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM, ESQ.


eScribers
www.escribers.net | 800-257-0885

STEIN, WIENER & ROTH, LLP
Attorneys for Pitsa Kadianakis
1400 Old Country Road
Suite 315
Westbury, NY 11514

BY: EDWARD A. WIENER, ESQ.

P R O C E E D I N G S

THE CLERK: Next matter is case 24-72229, Home Building Corporation.

THE COURT: Appearances, please.

MR. DILLON: Scott Dillon, Your Honor, on behalf of the debtor.

THE COURT: Thank you.

MR. BIRMINGHAM: Good morning, Judge. William Birmingham, Office of the United States Trustee.

MR. WIENER: Good morning, Your Honor. Edward Wiener with the secured creditor.

THE COURT: You represent the secured creditor or you are him?

MR. WIENER: I represent the security creditor.

THE COURT: Okay.

MR. WIENER: Thank you.

THE COURT: Somebody goes.

MR. DILLON: So Your Honor, since the last time we were here on the status conference, several things have occurred. We have filed an amended schedule F to reflect the unsecured creditors. We filed a motion to retain Mr. Maltz on Friday. We have filed operating reports. We participated in the 341 meeting. So --

THE COURT: Is this a liquidating 11?

MR. DILLON: No, Your Honor, it's going to be a catch

up. But --

THE COURT: Aren't you selling the property?

MR. DILLON: In an abundance of caution, we filed a motion to retain Maltz.

THE COURT: All right. Let me make sure. We are not -- you are not planning to sell the property and you're going to file some plan, or the plan is to sell the property? Which?

MR. DILLON: Yes, Your Honor.

THE COURT: Well, it can't be yes. There were two options.

MR. DILLON: If the debtor is unable to fund the plan that is ultimately submitted to the Court, it would be the intention of the debtor to sell the real property.

THE COURT: So if we end up with a plan, which I've done too many times, that says on the -- assuming it's confirmable at all, on the date of confirmation, one of two things happens. I confirm a plan, or I sell the property. And the plan has to provide for that. You're willing to do that?

MR. DILLON: Yes, Your Honor.

THE COURT: All right. Now, go on with why you think you have any plan here.

MR. DILLON: Because there is significant equity in the property, Your Honor. I'm just concerned about the rental income stream so -- and I have not yet calculated what the plan

payments will be. So we have not submitted the plan, but I wanted to get Maltz at least retained, such that if we're in --

THE COURT: All right.

MR. DILLON: -- a position that we need him --

THE COURT: If he files a plan that's either you get paid or the property is sold, is that okay with you?

MR. WIENER: Your Honor, I think the issue is how we're obviously going to get paid. That's certainly a given. This is a matured loan. This loan matured in 2017. But my client isn't your typical lender. This is your proverbial elderly woman's husband owned this property. And when she sold this, this was supposed to be her retirement income. It was a true purchase money mortgage. So for the last seven years, she's been carrying this property, paying real estate taxes that haven't been paid by the debtor in excess of 70,000 dollars.

THE COURT: How much are you guys owed?

MR. WIENER: 600 and -- roughly 625,000.

THE COURT: And what's the property worth? Million something?

MR. DILLON: Two million dollars. Your Honor --

THE COURT: So you have plenty of equity there. You're going to get paid.

MR. DILLON: Your Honor, over the weekend, I was drafting a motion for a comfort order from you under 105 and

362 so that we can address the amount of the judgment, which we dispute in the state court because obviously, Rooker-Feldman is going to prevent us from attacking it collaterally here.

THE COURT: He just said he's owed 600. You don't believe he's owed 600?

MR. DILLON: No, Your Honor.

THE COURT: Well, you didn't contest this claim.

You filed a proof of claim?

MR. WIENER: I will be shortly, Your Honor.

THE COURT: File a proof of claim.

You want to object to it, object to it. But I think that even if I lifted the stay to dismiss the case, it'll take you a year in state court to foreclose on this thing, right?

MR. DILLON: We already have a judgment.

THE COURT: How long will it take?

MR. DILLON: We've already scheduled it three times. So six weeks.

THE COURT: When can you file a plan?

MR. DILLON: Before that, Your Honor.

THE COURT: Right. So file the plan. The plan must provide on the date if we got to a confirmation. It's either sold or the lender -- or it's confirmed. The lender will have a right to object. If it's sold in the court, there may be benefits, obviously. You don't have to go through a whole foreclosure. We can keep track of any rents earned between now

and then. Your client's going to have to play by the rules, as far as monthly operating reports and everything.

MR. DILLON: We have done that, Your Honor.

MR. BIRMINGHAM: They have, Judge.

THE COURT: All right. Why make it a federal case?

MR. DILLON: It's a federal court.

THE COURT: I know. That was a joke. Bad one, but my day has gone on. Look, you need to file this thing quickly. You have no creditors other really than them, correct?

MR. DILLON: We have various unsecured creditors. It's not a -- it's not a large universe.

THE COURT: Right. So they are going to be controlling your class?

MR. DILLON: Yes, Your Honor.

THE COURT: Okay. If you don't pay them all that they're owed, then that goes into the unsecured class. You don't have an unsecured class. If you pay them a million, whatever, 600,000, then they may or may not be impaired. Depends on how you read it.

Their loan matured. You have to treat it as a mature debt. You can't reinstate it. And as a mature debt, you got to apply an interest factor that's equal to the discount rate. It's not six percent so -- and as long as it takes you to pay them, you have to do a discounted cash flow that shows if it takes X years to pay them, they're not getting the same amount

as they got today.

I don't want to have to look at a plan that does none of this and then have somebody explain to me, by the way, it's completely deficient. If that's where we are, I'm going to lift the stay immediately and let them sell it. This is on you guys to do this correctly. And just because it's a little case, the complexity of it doesn't change. If you don't do it right, the case is gone. Not a second chance on it.

MR. DILLON: I understand, Your Honor. These are good people. They're going to do the right thing.

THE COURT: I'm not talking about them.

MR. DILLON: No, understood, Your Honor. Message received.

THE COURT: Keep the UST involved in this. They're free to object. Any creditor can object. And we'll look at the plan.

Anybody got any questions?

MR. DILLON: No, Your Honor.

MR. WIENER: No, Judge. Just we have a motion to dismiss on for --

THE COURT: I'll adjourn that out. You're going to file your plan within a month?

MR. DILLON: Yes.

THE COURT: Put it out a month.

THE CLERK: October 21st at 9:30.

THE COURT: So look to see if we can do this as a combined confirmation and disclosure statement, which we're trying to do more of in small cases, if we can.

MR. DILLON: Okay. I will do that, Your Honor.

THE COURT: All right. See you next month. Good luck.

MR. DILLON: Thank you, Your Honor.

MR. WIENER: Thank you, Your Honor.

(Whereupon these proceedings were concluded at 12:46 PM)

C E R T I F I C A T I O N

I, River Wolfe, certify that the foregoing transcript is a true and accurate record of the proceedings.

________________________________________

River Wolfe (CDLT-265)

TTA-Certified Digital Legal Transcriber

eScribers

7227 North 16th Street, Suite #207

Phoenix, AZ 85020

Date: November 22, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:
HOME BUILDING CORPORATION,                    Main Case No.
          Debtor.                             8-24-72229-reg

- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court
290 Federal Plaza
Central Islip, New York

October 21, 2024
11:23 AM

B E F O R E:
HON. ROBERT E. GROSSMAN
U.S. BANKRUPTCY JUDGE

ECRO: ELECTRONIC RECORDING

[7] Order Scheduling Initial Case Management Conference

[16] Motion to Convert Case Chapter 11 to 7, or in the alternative Motion to Dismiss Case Filed by William J. Birmingham.

Transcribed by: River Wolfe
eScribers, LLC
7227 North 16th Street, Suite #207
Phoenix, AZ 85020
(800) 257-0885
operations@escribers.net

A P P E A R A N C E S:

RONALD D. WEISS, P.C.
Attorneys for Debtor
734 Walt Whitman Road
Suite 203
Melville, NY 11747

BY: SCOTT T. DILLON, ESQ.

U.S. DEPARTMENT OF JUSTICE
Attorneys for Office of the U.S. Trustee
560 Federal Plaza
Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM, ESQ.

STEIN, WIENER & ROTH, LLP
Attorneys for Pitsa Kadianakis
1400 Old Country Road
Suite 315
Westbury, NY 11514

BY: EDWARD A. WIENER, ESQ.

P R O C E E D I N G S

THE CLERK: Next matter is case number 24-72229, Home Building Corporation.

THE COURT: Go ahead.

MR. BIRMINGHAM: Good morning, Judge. William Birmingham, Office of the United States Trustee.

MR. WIENER: Good morning, Your Honor. Edward Weiner, attorney for secured creditor, Pitsa Kadianakis.

MR. DILLON: Scott Dillon, Your Honor, on behalf of the debtor.

THE COURT: Let me get the case. Hold on. You can sit.

Okay. Let's go.

Who's up? Somebody's got to be.

MR. BIRMINGHAM: I will, Judge. The Office of the United States Trustee filed a motion to dismiss or convert this case. So I'm not sure if you want to hear that motion first or if Mr. Dillon would like to go forward with any kind of a status update.

THE COURT: The silence is deafening. It's not my motion. So somebody, let's do something.

MR. BIRMINGHAM: Judge, the Office of United States Trustee has filed a motion to dismiss in this case. The case is more or less just a two-party dispute between the debtor and the mortgagee. The debtor at the time of the motion had not

proceeded with any kind of attempt to sell the property or really just attempted to argue the -- it argument that the valuation of the mortgagee's claim was incorrect. As such, we've argued that dismissal or conversion is warranted because no plan would be able to be confirmed, as it would require the mortgagee's consent.

THE COURT: Okay.

MR. BIRMINGHAM: And additionally, Judge, we feel that the -- we argued that the case was filed in bad faith as it was filed on the eve of a foreclosure sale, and it's the only -- the only asset of the debtor is the building.

MR. DILLON: Scott Dillon, Your Honor. We oppose the motion. Debtor's done everything procedurally that's required under the Code. The debtor has filed a motion, which is pending before Your Honor, for a comfort order to collaterally attack the claim of the lender. The debtor has filed a motion --

THE COURT: On what basis?

MR. DILLON: On the basis that a payment of 250,000 dollars was made pre-petition. We're not certain that it was actually credited to the account. The principal took out a --

THE COURT: Hold it. Hold it. Hold. The lender is sitting here. You wrote a check, or your client wrote a check or wired 250,000 dollars to that lender, correct?

MR. DILLON: The principal of the debtor.

THE COURT: Somebody wired 250,000 dollars, based on this loan, gift, I don't know what it was, to the lender correct?

MR. DILLON: Correct.

THE COURT: And your argument is the lender did what?

MR. DILLON: Did not credit the balance of --

THE COURT: So if the lender did credit it, do you have any argument?

MR. DILLON: If the lender did credit it --

THE COURT: Right.

MR. DILLON: -- the client has financing in place to pay off the entirety of the loan.

THE COURT: Different issue. Do you have an argument if the lender did credit it -- go pay it off in state court. I don't care what you do. But your argument in front of me is that the lender somehow diverted, stole, transferred a quarter of a million dollars and didn't credit you. And therefore, that leads to something, I'm not sure what, which is a cause of action in this court for this estate to get back 250,000 from somebody.

If there's no basis for that, the fact that you believe at some other court you can pay them off, go pay them off. I don't care. But I need to know the lender is going to tell me that they did credit it, I'm pretty sure. And I think you know the lender is going to tell me they credited it. You

know they're going to have a record that they credited it. And you know the argument that they didn't credit it has no basis in fact so -- but that's your argument. Have you seen any documentation from the lender showing they did credit it?

MR. DILLON: I don't believe that I have, Your Honor.

THE COURT: Show him.

MR. WIENER: Yes, Your Honor. It was actually included in the proof of claim. It was, like, right there.

THE COURT: Just show it to him.

MR. DILLON: I didn't want to interrupt.

THE COURT: Oh, I'm just waiting on you.

MR. DILLON: It's right here, Your Honor.

THE COURT: They credit it. Court will grant the motion to dismiss. Thank you.

MR. BIRMINGHAM: Judge, just another thing. With this case being short lived, the debtor's counsel took a large retainer to begin with, north of 30,000 dollars, so we would like the Court to retain jurisdiction to allow debtor's counsel to put in a fee application to see if that money was actually earned.

THE COURT: I agree with that. Is it the debtor's counsel's position that a case that lasted for an hour and a half and had really no basis to be filed, in my view, that 30,000 dollars as a fee should not be disgorged back to the debtor?

MR. DILLON: It's the debtor's counsel's position that we should apply a lodestar on the work that was actually performed.

THE COURT: Okay. Look, not me. Trustee wants to bring an action. I'm going to retain jurisdiction. Trustee is going to have to bring in -- somebody's going to have to bring it. It's not sua sponte. And do what they want to do. So it's in your province.

MR. BIRMINGHAM: All right. Judge, we'll make the appropriate motion.

THE COURT: All right.

MR. BIRMINGHAM: I'm suggesting perhaps they put in a fee application, considering I don't actually know what went on behind the scenes, but I have spoken --

THE COURT: Well, if you don't get -- if you don't make a fee app, then the moneys you got, you have no basis to keep because you've never been retained by the Court. So you're holding people's money. If your debtor, whoever the debtor is in this case, wants to file an affidavit saying, I know they were never retained and I'm very happy giving them 30,000 dollars, I'll give you whatever you want.

Well, I may find it offensive, but if an individual wishes to pay a lawyer and I've already dismissed the case and the individual says, I don't want the money. I want to leave it with the lawyer. Ihe UST has the right to say, on a

procedural basis, we don't run courts that way. And if you're not been retained, you have no right to keep those funds. It would be an interesting question. You have no right because they're going to object to the retention. Since you were retained, you don't have any allowed claim until the Court -- until you file a fee app. Don't try to keep this money under the theory that I approved it. It's not approved. You've basically -- and can be subject to the bar, bar committee, or anybody else took money you have no right to take in my view.

Now, if the client then says, fine with me. Love these guys. They're wonderful human beings, and I want to pay for their Christmas party or holiday party. That's up to them. But you have no right to the money. I want the firm to understand that.

MR. DILLON: It's never my --

THE COURT: And then the UST is going to have to take a position that says if a firm in exactly that fact pattern must return the money to the client, then the client can do what he wants with it -- what it wants to do with it. That makes sense to me too. But I'm not allowing firms to take money on cases that probably never should have been brought. Then the case is dismissed. They never file -- in an 11, never filed a fee app, and walk away with the money.

Now, I can order the money to be returned to the client, and then you can get it from the client. Be fine with

me. But you don't get to keep anything until you file a fee app. If you don't file a fee, then those funds have to go back to that client. Mr. Birmingham can put that in his order of dismissal. File a fee app, and you have a right to argue that you're entitled to all of it for all I care.

Mr. Birmingham, you understand that?

MR. BIRMINGHAM: Absolutely, Judge.

THE COURT: So this order specifically will require unless the Weiss firm files a fee app, those funds shall be returned, and they shall file an affidavit establishing that those funds were returned in total. That's without prejudice to you guys saying, well, wait a second. We legitimately spend 12,000 dollars. The Court can approve that. I'm not saying I'm not going to approve it. I'm saying without it, you can't keep anything.

Does that work for you guys?

MR. BIRMINGHAM: Works for me, Judge.

THE COURT: Okay. Have a good day.

MR. BIRMINGHAM: Thank you, Your Honor.

MR. DILLON: Thank you, Your Honor. Just to be clear, we will follow the fee app.

THE COURT: Fine. Fine. That's all I'm asking. Or he's asking.

Court's adjourned. Thank you.

(Whereupon these proceedings were concluded at 11:35 AM)

I N D E X



| RULINGS: | PAGE | LINE |
|---|---|---|
| UST's motion to dismiss is granted | 8 | 13 |

C E R T I F I C A T I O N

I, River Wolfe, certify that the foregoing transcript is a true and accurate record of the proceedings.

______________________________________

River Wolfe (CDLT-265)

TTA-Certified Digital Legal Transcriber

eScribers

7227 North 16th Street, Suite #207

Phoenix, AZ 85020

Date: November 24, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re: Chapter 11

HOME BUILDING CORPORATION, Case No. 8-24-72229-REG

Debtor.
---------------------------------------------------------X

**DEBTOR'S RESPONSE TO U.S. TRUSTEE'S**
**MOTION TO DISMISS OR CONVERT CASE**

TO: HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

Home Building Corporation, the debtor and debtor-in-possession ( hereinafter referred to as "Debtor") by its attorneys, The Law Office of Ronald D. Weiss, P.C. (hereinafter referred to as "Movant" or "The Law Firm") as and for its response ("Response") to the objection ("Objection") filed by the Office of the United States Trustee ("UST") in response to the Motion for an Order pursuant to 11 U.S.C. §330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure: (a) compensation for professional service rendered and reimbursement of actual and necessary expenses incurred from June 10, 2024 through and including October 24, 2024, and (b) such other and further relief as this Court may deem just and proper. respectfully represents as follows:

1. On June 10, 2024 (the "Petition Date"), the Debtor herein filed a petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. The Law Firm filed all necessary schedules related to its petition.

3. Debtor timely filed and submitted its operating reports and paid quarterly fees.

4. Debtor properly opened their Debtor in Possession account.

5. Debtor and this Law Firm has attended the Initial Debtor Interview and the Bankruptcy Code Section 341 meeting.

6. Counsel has attended every hearing before this Court.

7. This Law Firm filed a motion to set the bar date, which was set as October 10, 2024.

8. This Law Firm was retained by the Debtor per Court's Order, Docket No. 20.

9. The Debtor had obtained third party financing but was uncertain the amount necessary to cure the entire debt.

10. There is approximately **$449,074.15** in equity in the Real Property.

11. Debtor disputes the amount of the claim of the mortgage holder. This is because Debtor's principal obtained a mortgage in the amount of approximately $250,000.00 and tendered such funds to the mortgage holder. Debtor does not believe that such funds have been accredited to the balance.

12. This Law Firm was aware of the Rooker/Feldman Doctrine, which precludes this Court from acting as an appellate court to collaterally attack a state court judgment.

13. It was Law Firm's intention to file a motion to recalculate the amount due and owing in the New York Supreme Court, County of Suffolk in the action styled *Pitsa Kadianakis v. Home Building Corporation, et al*, identified under index no. 601825/2021.

14. Movant does not believe that this motion to recalculate the judgment amount will be violative of Bankruptcy Code Section 362, as it is not an attempt to collect a debt. It was Movant's intention to seek a "comfort" order from this Court for authority to seek relief in the Supreme Court.

15. Regardless of the final determination of the debt owed to the secured creditor, it was Debtor's intention to pay the balance in full, from third-party funding.

16. Debtor did have an impaired unsecured creditor body that could vote on the Plan.

17. Debtor made, collectively three post-petition mortgage payments to the mortgage lender as adequate protection payments.

18. The Law Firm's costs/fees sought in the Application for Compensation are detailed in our Retention Application filed on 9/4/2024, Docket No. 19, and Order signed on 9/9/2024, Docket No. 20., are as follows: $1738.00 Court filing fee, NAICS code search fee $37.00, and judgment/lien search fee of $625.00 against the Debtor's real property.

19. Other than the fact the Debtor filed its bankruptcy on the eve of foreclosure, the UST's objection is bereft of any allegation of bankruptcy deficiencies or allegation that Debtor's Counsel did not have a plan to navigate the Debtor through the bankruptcy process is erroneous.

20. This Debtor and this Law Firm has complied and satisfied each and every procedural and statutory obligation.

21. The United States Trustee's office did not timely filed there objection in accordance with EDNY Local Bankruptcy Rule 9006-1 which requires answering papers be served at least seven days before the hearing date.

**WHEREFORE**, the Law Firm respectfully requests that this Court enter an order approving pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure: (a) compensation for professional service rendered and reimbursement of actual and necessary expenses incurred from June 10, 2024 through and including October 24, 2024, and (b) such other and further relief as this Court may deem just and proper.

Dated: Melville, New York
November 29, 2024

RONALD D. WEISS, P.C. Attorneys for Debtor

By: /s/ ***Ronald D. Wiess***
Ronald D. Weiss Esq.
445 Broadhollow Road, Suite CL-10,
Melville, NY 11747
631-271-3737
Misty@li-bankruptcy.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------X**
**In re:** **Chapter 11**

**HOME BUILDING CORPORATION** **Case No. 8-24-72229-REG**

**Debtor.**
**-----------------------------------------------------------X**

**AFFIRMATION REGARDING ATTORNEY'S FEES TRANSFERRED TO ESCROW ACCOUNT**

RONALD D. WEISS, ESQ., an attorney duly admitted to practice before this Court affirms as follows:

1. I am an attorney admitted to practice before this court and I maintain an office at 445 Broadhollow Road, Suite CL-10, Melville, NY 11747.

2. I represent the Debtor and Debtor-in-Possession, Home Building Corporation.

3. After the hearing regarding my Application for Compensation held on December 2, 2024, I promptly went to my bank, Bethpage Federal Credit Union, and transferred the legal fees related to this matter from the general operations account to my escrow account.

Dated: December 4, 2024
Melville, NY

**LAW OFFICE OF RONALD D. WEISS, P.C.**
Attorneys for the Debtor and Debtor-in-Possession,
Home Building Corporation

By: *<u>/s/ Ronald D. Weiss, Esq.</u>*
Ronald D. Weiss, Esq.
445 Broadhollow Road
Suite CL-10
Melville NY 11747
Tel: (631) 271-3737
Fax: (631) 271-3784
weiss@ny-bankruptcy.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

HOME BUILDING CORPORATION,

Debtor.
-----------------------------------------------------------------x

Case No. 24-72229-reg

Chapter 11

**DECISION**

[Re: Application for Compensation, ECF 43]

Before the Court is the Application of the Law Office of Ronald D. Weiss, P.C. (the "Weiss Firm" or "Debtor's Counsel"), as counsel to the chapter 11 Debtor, for compensation for professional services rendered during this chapter 11 case. The Weiss Firm seeks $24,979 for services rendered from June 10, 2024 through October 24, 2024, and reimbursement of $2,400 in expenses.[1] The Application is opposed by the Office of the United States trustee ("UST").

Resolution of this matter implicates an examination of certain fundamental principles of bankruptcy, as well as bankruptcy counsel's role in the chapter 11 process. First and foremost, the Bankruptcy Code ("Code") is designed to provide relief to debtors of all sizes who are presumed to be honest and in need of help. Bankruptcy judges and the professionals that practice in the bankruptcy courts, including the attorneys representing the UST, strive on a daily basis to provide all parties an honest forum to resolve complex problems. In the roles we play, it is our shared responsibility to do all in our power to reduce or eliminate any improper use of the bankruptcy process. Among other things, this includes the court's responsibility to act in an

[1] The Weiss Firm fee application initially sought $2,500 reimbursement of expenses. However, in its reply to the UST objection, the Weiss Firm's list of expenses only added up to $2,400. *Compare* ECF 43 *with* ECF 53.

expeditious manner on chapter 11 cases filed for reasons that are incompatible with the Code. The reality facing all courts, including the federal courts is that we face an increasing workload at the same time our resources are impacted by budgetary reductions. To allow cases that should be resolved quickly to burden the court's docket without any real chance for success has far reaching impact on the otherwise legitimate cases that require and deserve the court's time and resources.

As more lawyers venture into the bankruptcy courts, particularly in representing chapter 11 debtors, it has become apparent that some lack the fundamental knowledge and skills necessary to effectively serve their clients. This has contributed to an overload of cases that more experienced bankruptcy professionals likely would not have filed. Although the court is powerless to prevent frivolous filings and the mishandling of cases, it does have the power to review and approve compensation. It is the court's responsibility to determine whether a professional retained by the estate satisfies the statutory criteria justifying the compensation requested. In this instance, it is clear to this Court that the Weiss Firm failed to comprehend its fundamental duties to the Debtor, to the estate, and to this Court.

For these reasons, the Court denies the Weiss Firm's request for compensation in its entirety and grants its request for expenses in the amount of $2,400, subject to documentation.

## FACTS AND PROCEDURAL HISTORY

The Debtor filed chapter 11 on June 10, 2024 ("Petition Date"), represented by the Weiss Firm. The Debtor's primary asset is commercial real property located in West Babylon, NY (the "Property") which the Debtor valued at $1,500,000 in Schedule A/B. ECF 1. The Debtor's schedules as originally filed list $0 unsecured creditors and one secured creditor with a mortgage

on the Property, Pitsa Kadianakis ("Secured Creditor"). According to the Debtor, the mortgage balance as of the Petition Date was $480,000. The Debtor's Schedule G disclosed that the Debtor leases the Property to a yoga studio for $10,000 per month, and it appears that the tenant was current with rental payments as of the Petition Date.[2] *See* Part 1 of Statement of Financial Affairs, Official Form 207, ECF 1. The Debtor does not dispute that it filed bankruptcy to stay a pending foreclosure by the Secured Creditor.

The Debtor paid the Weiss Firm a $30,000 retainer pre-petition, plus $1,738 for the Court filing fee; $100 for an asset search; $37 for NAICS Code Search; and $625 for a judgment lien search. ECF 19.

At the first status conference held on July 15, 2024, Debtor's Counsel represented that the case involved a dispute with the Secured Creditor, specifically, that the Debtor's principal granted a mortgage on his residence and made a substantial ($250,000) payment on the secured debt, which payment he alleged was not applied by the Secured Creditor. At the status conference, the Court explained to the Weiss Firm serious questions presented by the chapter 11 filing, as it has with similar issues on numerous other occasions. In this case, the Debtor had a $120,000 annual rental stream, which apparently was not used to pay the Secured Creditor; the Debtor had no unsecured creditors and therefore would not have any class to vote in favor of a plan, and it appeared therefore there was no possibility of a successful case. The Court advised Debtor's Counsel that the Debtor should utilize what time it had in chapter 11 to work out a deal

---

2 To date, no one has explained why this rental stream was not used to pay the Secured Creditor, or where these funds went.

with the Secured Creditor as there was significant equity in the Property. The status conference was adjourned to August 12, 2024.

On August 11, 2024, the Debtor filed an amended Schedule F to include 3 creditors with total claims of $4,500. ECF 13. The next day, at the adjourned status conference, Debtor's Counsel reported that it now had an unsecured voting class and indicated the Debtor's intention to move in state court to attack the foreclosure judgment due to Secured Creditor's failure to credit the $250,000 payment. Secured Creditor's counsel represented on the record that the Secured Creditor did in fact credit the Debtor's account for the $250,000 payment, and it would welcome a payoff at the approximately $630,000 balance. The status conference was adjourned to September 16, 2024, to give the Debtor time to work out a deal with the Secured Creditor.

The Weiss Firm filed a motion to be retained as counsel, and an order was entered on September 9, 2024, authorizing that retention. ECF 19, 20. On September 13, 2024, the Debtor filed an application to retain a broker to sell the Property. ECF 22, 25, 26.

At the September 16, 2024 status conference, Debtor's Counsel reported that although the Debtor filed a motion to retain a broker to sell the Debtor's Property, the Debtor was not in fact planning to sell the Property. The sale would be plan B if the Debtor was unable to fund a reorganization plan. Debtor's Counsel reiterated the Debtor's intention to seek reconsideration of the foreclosure judgment amount in state court.

In the meantime, the UST moved to dismiss or convert this case to chapter 7 ("Motion to Dismiss"). ECF 16. The hearing on the Motion to Dismiss was originally scheduled for September 30, 2024, but was adjourned without an appearance to October 21, 2024. The Debtor opposed the Motion to Dismiss arguing that it had complied with all of its statutory obligations

as a chapter 11 debtor in possession and had obtained third-party financing to pay off the Secured Creditor, or, alternatively planned to sell the Property. However, the Debtor reiterated its intention, while in chapter 11, to return to state court to challenge the foreclosure judgment calculations.

On October 11, 2024, four months post-Petition Date, the Debtor filed a motion, and scheduled it for hearing on November 18, 2024, for a comfort order that it would not be a violation of the automatic stay for the Debtor to return to state court to seek reconsideration of the foreclosure judgment calculation. ECF 29.

The Court held an adjourned status conference and hearing on the Motion to Dismiss on October 21, 2024. At that time, the Debtor reiterated its intention to return to state court to attack the foreclosure judgment amount. The Secured Creditor reiterated its position that the $250,000 payment was in fact credited to the Debtor's account and showed Debtor's Counsel its proof of claim (No. 1), filed in this case on September 24, 2024, which shows exactly how the payment was applied. When Secured Creditor's counsel presented the proof of claim to Debtor's Counsel in the courtroom, Debtor's Counsel had no response and just shrugged his shoulders. It became clear to the Court that the Weiss Firm never even looked at documents showing the very argument the Debtor was attempting to make, which was the very foundation for this chapter 11 filing, was without merit. The Court, having received no explanation from the Weiss Firm except an acknowledgement that the case was over, granted the Motion to Dismiss and directed the UST to submit a proposed order.

On October 24, 2024, this Court entered an order directing the Debtor to file all outstanding Monthly Operating Reports ("MORs") and pay all outstanding UST quarterly fees within ten days of the order ("October 24 Order"). ECF 33. The October 24 Order further

directed that the Debtor's case would be dismissed upon the submission of a proposed dismissal order by the UST after the MORs were filed and the UST fees paid. The October 24 Order directed the Weiss Firm to file an application for compensation within 10 days, *i.e.*, November 4, 2024, and retained jurisdiction to determine the "reasonableness of the $30,000 legal fee paid to" the Weiss Firm. By October 29, 2024, MORs were filed through the end of September 2024. ECF 12, 23, 34, 35.

On October 31, 2024, the Debtor filed a notice of appeal of the October 24 Order. ECF 37. It appears that the Debtor intended to appeal the dismissal of the case, however, the dismissal order was never submitted by the UST, or entered, as contemplated by the October 24 Order.

On November 12, 2024, the Weiss Firm late-filed the instant fee application. ECF 43. On November 26, 2024, the UST objected, ECF 49, and the Weiss Firm filed a reply, ECF 53.[3] A hearing on the fee application was held on December 2, 2024 at which time this Court took the matter under submission.

**DISCUSSION**

The UST objects to the Fee Application on several grounds: (a) there is an "imbalance" between the fees charged and the benefit to the estate; (b) the timesheets contain numerical discrepancies that cause them to be unreliable; (c) the expenses sought are undocumented; and

[3] The Weiss Firm objects to the Court's consideration of the UST's objection to its fees, in part because the UST's response was not filed at least seven days before the hearing. The Court will consider the UST's objection, filed six days prior to the December 2, 2024 hearing date, just as the Court will consider the Weiss Firm fee application even though it was filed more than one week after the deadline set by the October 24 Order.

(d) counsel did not, during the four and a half months that this case was pending, formulate, or take significant steps towards, an exit strategy for this case.

The Weiss Firm argues that it is entitled to compensation for its work in this case because, although the case was dismissed after four and a half months, the case did benefit the Debtor and the estate, and the Weiss Firm aided the Debtor in complying with its duties under the Code such as by filing schedules and monthly operating reports, attending the requisite meetings conducted by the UST and all Court hearings, and by ensuring the Debtor opened a debtor-in-possession bank account.

***Award of compensation and reimbursement of expenses under § 330***

Pursuant to § 330 of the Code, the Court may award the Weiss Firm "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). "The court may, on its own motion or on the motion of the United States Trustee, . . . award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). "In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The Court *shall not* allow compensation for—

(i) unnecessary duplication of services; or
(ii) services that were not--
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A) (emphasis added).

The Court finds that the Weiss Firm's services in this case were not reasonably likely to benefit the Debtor's estate and for that reason will deny any compensation for services rendered.

This is a single asset real estate case. At the time of filing the only creditor of the estate was the over secured, Secured Creditor. The Debtor entered bankruptcy with the intention of using the automatic stay to buy time to attack a state court determination of the balance due to the Secured Creditor. Simultaneously, the Debtor indicated that it intended to obtain financing to pay off the Secured Creditor, or alternatively to sell the Property. Even assuming the Weiss Firm had developed a viable legal theory requiring the bankruptcy court, such as by approving a refinance of the debt or a sale of the Property, counsel's time sheets contain no evidence that the Weiss Firm took any steps towards accomplishing these goals.[4] Although the Weiss Firm represented to this Court that the Debtor had obtained third-party financing to effectuate a refinance of the Secured Creditor, ECF 28, its time sheets contain no mention of conversations with counsel for the Secured Creditor, or the alleged third-party financer. Four months into the

[4] The Debtor's motion for comfort order regarding the automatic stay was not filed until October 11, 2024 – six weeks after the Motion to Dismiss was filed, and four months post-Petition Date. ECF 29. In addition, it was only in response to the Motion to Dismiss that the Weiss Firm filed a motion to retain a broker to sell the Property. ECF 26.

case the Debtor produced no evidence that there was in fact a proposed third-party financer. When questioned in Court about the details of the alleged third-party financing, Debtor's Counsel had no information and responded that the client had all the details. By counsel's own admission, it was only the client, *i.e.*, the Debtor's principal, who allegedly made any efforts towards obtaining a refinance of the secured debt. Equally disconcerting is that the Weiss Firm was unable to respond to the Secured Creditor's proof of claim which showed that the allegedly uncredited $250,000 payment was in fact included in the Secured Creditor's calculation of its proof of claim. Counsel here was not being asked to understand a difficult legal concept. It was only being asked to recognize an entry on an attachment to the Secured Creditor's proof of claim, which the Weiss Firm appears never to have reviewed.

The Weiss Firm argues that it is entitled to be paid its fees and expenses as billed because counsel has "complied with and satisfied each and every procedural and statutory obligation." ECF 53, ¶20. By this statement, the Weiss Firm makes it abundantly clear it has no real understanding of what is required of a chapter 11 attorney. The Court, for purposes of this Decision, will not challenge that to the best of their ability the Weiss Firm did perform the services as required by statute. The Weiss Firm prepared the Debtor's petition, schedules, amended schedules, and other required documentation. An attorney from the Weiss Firm was present at all court proceedings and did represent the Debtor. The Weiss Firm prepared and filed responses to the Motion to Dismiss; filed a motion to set a bar date; filed an application to retain a broker; and filed a motion for comfort order regarding the Debtor's intention to return to state court to dispute the foreclosure judgment amount.

In this Court's view, there is more to representing a chapter 11 debtor than aiding the Debtor in complying with its statutory duties and appearing at hearings, *i.e.*, satisfying the bare

minimum of obligations sufficient to obtain the benefits of the automatic stay. If this were a chapter 7 case, counsel's services in aiding the Debtor's compliance with its responsibilities under the Code would have been entirely reasonable because in chapter 7 the administration of the case is the trustee's responsibility. However, this is not a chapter 7 case, and the role of chapter 11 debtor-in-possession's counsel involves not only protecting the debtor, and in many cases the debtor's principal, but administering the case and protecting the chapter 11 process with the ultimate goal of providing a fair and equitable distribution of assets to creditors. To accomplish this chapter 11 debtor's counsel must have a firm understanding of the law and how to apply it. To add value warranting compensation, the chapter 11 debtor's counsel must enter the bankruptcy proceeding with, at a minimum, a viable theory to support a successful emergence from bankruptcy. *See, e.g., In re Crown Oil, Inc.*, 257 B.R. 531, 539 (Bankr. Mont. 2000). That is not to say that counsel is a guarantor of success; but there has to be some articulated plan for success, and by success the Court means concluding the case with a confirmed plan of reorganization or liquidation.

To further the stated goal of attacking the state court judgment, the Weiss Firm did bill five hours to "drafting and research of NYS court action … to vacate judgment." The Court believes it likely that the Weiss Firm advised the Debtor that it could file bankruptcy to buy time solely to obtain this result; to obtain a stay of the state court proceedings that it could not otherwise obtain in state court. The chapter 11 process is not intended to provide a safe harbor for a debtor solely to delay creditors. This is not a proper use of bankruptcy or the automatic stay. The state court provides a variety of procedures to achieve the Debtor's stated goal. Reconsideration of calculations in a foreclosure judgment is seemingly a routine dispute that state court appointed referees deal with every day. There is no legal issue that requires

bankruptcy court consideration. Clearly the state court system is equipped to resolve this. Where the federal court can or should become involved is normally clear to bankruptcy attorneys. The bankruptcy court should not be utilized to circumvent state court procedures when that is the sole purpose. If the Debtor believed that the $250,000 payment made by the Debtor's principal was not applied to the outstanding balance, the proper place to raise that argument was in state court, not here, as the Weiss Firm admitted when it recognized that the *Rooker-Feldman* doctrine prohibits this Court from acting as a state court appellate tribunal. ECF 53, ¶12.

The Weiss Firm filed this case solely to prevent the foreclosure sale of the Property by utilizing the automatic stay. Having failed in state court, the Weiss Firm used the bankruptcy process, designed to help legitimate debtors, for a purpose for which it should not be used. The Weiss Firm had no legal theory or viable plan to emerge from bankruptcy in this case. The automatic stay is the most powerful tool in a bankruptcy lawyer's arsenal, and this Court will not allow it to be used in the manner the Weiss Firm utilized it in this case.

The Court acknowledges that countless bankruptcy cases have been filed to halt foreclosure proceedings. The underlying rationale is that once the foreclosure sale is completed the debtor loses the ability to use the bankruptcy process. In such cases, bankruptcy is often employed as a legitimate strategy to preserve a debtor's legal options. However, the bankruptcy professional who files the case must have a clear and effective plan as to how the debtor might achieve its desired outcome. The filing must be part of a broader strategy aimed at preserving the debtor's property. While many of these scenarios have historically been high risk, they often present the court with a plausible legal theory that suggests the debtor has a viable chance of success. Such cases frequently highlight the creativity and expertise of seasoned bankruptcy professionals who offer sophisticated guidance to their clients and demonstrate skill in

navigating complex legal challenges. Unfortunately, filing bankruptcy solely for the purpose of delaying creditors is what a large portion of this Court's smaller chapter 11 cases have become over time, and it has become commonplace and increasingly an accepted use of the bankruptcy process.

As stated in § 330(a)(4), this court "shall not allow compensation for . . . services that were not reasonably necessary to benefit the debtor's estate." "Estate" is not synonymous with "debtor". This is sometimes misunderstood, but debtor's counsel represents the interests of the estate not the principals. The Weiss Firm's assistance to the Debtor in complying with its duties under chapter 11 provided no benefit to the estate in terms of helping to formulate a reorganization or liquidation plan to emerge from bankruptcy. The Weiss Firm failed to understand that its actions benefited only the Debtor and its principal, not the Debtor's estate, and even then, only to the extent necessary to satisfy the Debtor's most basic obligations in bankruptcy.

Clearly, the filing of this bankruptcy case benefited the Debtor in that it obtained a stay of state court proceedings that it could not otherwise have obtained in state court. However, a benefit to the estate would require some possibility of a successful liquidation or reorganization - some benefit to creditors. The Court finds that this was not the purpose of this bankruptcy case; the purpose was solely to obtain a stay of the state court foreclosure and frustrate the secured creditor. *See In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996) ("[A]n attorney fee application in bankruptcy will be denied to the extent the services rendered were for the benefit of the debtor and did not benefit the estate.") (quoting *In re Reed*, 890 F.2d 104, 106 (8th Cir. 1989); *In re Berg*, 268 B.R. 250 (Bankr. D. Mont. 2001) (finding attorneys not entitled to compensation where attorneys' services merely enabled debtor to prolong a doomed chapter 11 case, to

detriment of creditors). There was no viable strategy here to confirm a plan for the benefit of creditors, and the very fact that by adding three minor creditors the Weiss Firm believed they had created a viable case demonstrates the extraordinary lack of basic chapter 11 understanding.

Although bankruptcy judges for the most part will give some limited breathing room with the hope of a consensual resolution, one aspect of the bankruptcy judge's job is to balance the rights of the parties within the parameters of the Code. With a case like this that window of time should be very short. Permitting cases like these to linger sometimes for years is not only inconsistent with the law but it undermines faith in the system.[5]

Although the Court's power to prevent the misuse of the bankruptcy process is limited, in chapter 11 it does have discretion to deny compensation to counsel who permits the Code to be used in this way. In this Court's view, the use of the automatic stay solely to frustrate a secured creditor with no legitimate legal plan is not a service a lawyer should be compensated for by a bankruptcy court. The Court made Debtor's Counsel aware of its concerns with this case from the very first status hearing. Even the most inexperienced bankruptcy attorneys would have understood the infirmities in this case and the risks of proceeding.

For all these reasons, the Court will exercise its discretion to deny in full the Weiss Firm request for compensation, under § 330(a)(4)(A) because the services were not "reasonably likely to benefit the Debtor's estate." *See e.g.*, *In re Tribeca Market, LLC*, 516 B.R. 254, 269 (S.D.N.Y. 2014) ("A bankruptcy court's decision to award attorney's fees is reviewed for abuse of

---

[5] It is important to note that the filing of this bankruptcy case was not without consequences to the Secured Creditor, the largest and for most of the time this Debtor was in bankruptcy, the only scheduled creditor. The Secured Creditor loaned the Debtor $360,000 in 2015, with a maturity date of April 1, 2017. At the time of entry of the foreclosure judgment six years after maturity, the debt had grown to over $700,000, and this bankruptcy filing was just another step in delaying payment of the secured debt.

discretion."). The Court will approve only the payment of expenses to the Weiss Firm, in the amount of $2,400 upon proper documentation of these expenses being provided to the UST.

***Disgorgement and the pre-petition retainer***

Section 329 of the Code provides that if any compensation paid or agreed to be paid to an attorney representing the debtor exceeds the reasonable value of counsel's services, "the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to-- (1) the estate, if the property transferred-- (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or (2) the entity that made such payment. 11 U.S.C. § 329(b).

Debtor's Counsel advised this Court that the $30,000 prepetition retainer received from the Debtor was held by the Weiss Firm in its general operating account. At the December 2, 2024 fee application hearing, the Court upbraided Debtor's Counsel for holding the retainer in the firm's general operating account and cautioned against it. On December 4, 2024, Mr. Weiss docketed an affirmation stating that the retainer was transferred "from the general operations account to my escrow account." ECF 55, ¶3. The Court finds that the Weiss Firm shall return the balance of the retainer, after payment of its expenses as stated above, to the Debtor.

**CONCLUSION**

This Court accepts that chapter 11 will likely continue to be used on an emergency basis solely to obtain the benefits of the automatic stay to give debtors time to negotiate with, for example, secured creditors, landlords, or other parties, or to stay enforcement of a judgment. For the vast majority of small bankruptcy matters, the debtor has a viable path to reorganize or liquidate as permitted by the Code. This Decision should not be viewed as limiting relief to the

honest debtor in anyway. That said, the fee application of chapter 11 debtor's counsel who uses the chapter 11 process with no plan but merely to delay a secured creditor should be carefully scrutinized by the court and, when appropriate, fees should be disallowed. The approval of debtor's counsel fees by the bankruptcy court is a critical component of the bankruptcy process, and each professional retained by a chapter 11 debtor must be fully aware that fees are subject to court approval. This is a fundamental issue: professionals who use the bankruptcy process as the Weiss Firm has done in this case should understand the risk that a court may deny their compensation as requested. This Court hopes that bankruptcy attorneys and courts will recognize this concern and develop appropriate procedures to restore balance and integrity to the system.

The UST is directed to submit a proposed order consistent with this Decision.

**Dated: Central Islip, New York**
**January 17, 2025**

Robert E. Grossman
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

IN RE:

CHAPTER 11

HOME BUILDING CORPORATION,

CASE NO. 24-72229-REG

DEBTOR

-----------------------------------------------------------X

**ORDER DENYING DEBTOR'S COUNSEL'S FEE APPLICATION AND DISGORGING DEBTOR'S COUNSEL'S PRE-PETITION RETAINER**

Ronald D. Weiss, P.C. (Debtor's Counsel) on behalf of Home Building Corporation (the "Debtor") having moved by Notice of Motion dated October 30, 2024, seeking entry of an order under 11 U.S.C. §330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure awarding compensation for professional services rendered in the amount of $24,979.00 payable from a $30,000.00 pre-petition retainer (the "$30,000 Pre-Petition Retainer"),together with reimbursement of actual and necessary expenses incurred between June 10, 2024 and October 24, 2024 in the amount of $2,400.00 (the "Expenses") (the "Motion") (ECF docket No. 43); and the United States Trustee having filed objections to the Motion on November 26, 2024 (ECF Docket No. 49); and the Motion having come on for hearing on December 2, 2024 before the Honorable Robert E. Grossman, United States Bankruptcy Judge; and the Debtor having appeared by its counsel, Ronald D. Weiss, Esq., in support of the Motion; and the United States Trustee having appeared by his counsel, William J. Birmingham, Esq. in opposition to the relief sought in the Motion; and the Court having determined that notice was appropriate and that sufficient grounds exist to deny the relief sought in the Motion and to direct Debtor's Counsel to disgorge the $30,000.00 Pre-Petition Retainer for the reasons stated in this Court's Decision, dated January 17, 2024 (ECF docket No. 59), and after due deliberation and good cause being shown it is hereby:

**ORDERED**, that the Motion under 11 U.S.C. §330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure is denied with respect to Debtor's Counsel's request for compensation; and it is further

**ORDERED**, that within seven days from the date of entry of this Order, Debtor's Counsel is directed to disgorge to the Debtor, the $30,000.00 Pre-Petition Retainer; and it is further

**ORDERED**, that within ten days from the date of entry of this Order, Debtor's Counsel is directed to file an affirmation of compliance attesting that the $30,000.00 Pre-Petition Retainer has been disgorged, in full, to the Debtor; and it is further

**ORDERED**, that with respect to Debtor's Counsel's request for reimbursement of Expenses, within seven days from the date of the entry of this Order, Debtor's Counsel is directed to provide to the United States Trustee, with proper documentation evidencing the $2,400.00 of Expenses paid by Debtor's Counsel; and it is further

**ORDERED**, that the United States Trustee is directed to review any and all documentation with respect to the reimbursement of expenses provided by Debtor's Counsel and to file an appropriate objection, if any, within 14 days of the receipt of the documentation; and it is further

**ORDERED**, that if Debtor's Counsel fails to timely provide proper documentation evidencing the expenses paid by Debtor's Counsel, the Office of the United States Trustee shall

settle an order directing Debtor's Counsel to return to the Debtor, the $2,400.00 of expenses paid to Debtor's Counsel.

Dated: Central Islip, New York
January 24, 2025

Robert E. Grossman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

HOME BUILDING CORPORATION,

Debtor.

---------------------------------------------------------X

Chapter 11
Case No: 8-24-72229-REG

**NOTICE OF APPEAL**

To: Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Isplip, NY 11722-4437

Clerk United States Bankruptcy Court
Eastern District of New York
560 Federal Plaza – Second Floor
Central Islip, Ny 11722-4437

Pitsa Kadianakis
c/o Edward A. Wiener
Stein, Weiner & Roth, LLP
1400 Old Country Road
Suite 315
Westbury, NY 11590-5132

**S I R S:**

**PLEASE TAKE NOTICE,** that the debtor, Home Building Corporation (the "Debtor"), by and through its attorneys Ronald D. Weiss, P.C. on its own behalf, hereby appeals the Court's Decision dated January 17, 2025 [Bankr. ECF Doc No 59] and Order dated January 24, 2025, [Bankr. ECF Doc No 60]. A copy of the Orders are attached hereto.

**PLEASE TAKE FURTHER NOTICE**, that the questions on Appeal are as follows:

**NOTICE OF APPEAL**

a) Whether the case should have been dismissed as a "bad faith filing", when it was clear that there was significant equity in the Debtor's commercial property and there were bona fide efforts by the Debtor to obtain financing and to sell the property, as realized by the retention by the Debtor in the bankruptcy case, of a broker?

*NO; the case was not a "bad faith filing" as characterized by the Court. It was filed with a good faith intent and with an ability to reorganize that was clear due to the significant equity in the property and the Debtor's efforts to sell and/or refinance.*

b) Whether the case should have been dismissed as a "bad faith filing", where the Debtor sought to adjust the amount owed the lender given several large post-judgment payments by the Debtor that exceeded $315,000.00, in an attempt to resolve its foreclosure, that were accepted by the lender.

*NO; the case was not a "bad faith filing" as characterized by the Court. It was filed with a good faith intent and with an ability to reorganize, that was clear given the pre-petition attempt by the debtor to reinstate or drastically reduce their loan arrears, as was allowed by the lender.*

c) Whether the case should have been dismissed as a "bad faith filing", where the lender was protected by a huge equity cushion in the property and by the Debtor's post-petition mortgage payments and the Debtor's commercial tenant was paying timely rent and the Debtor meticulously met all it's Chapter 11 administrative requirements.

*NO; the case was not a "bad faith filing" as characterized by the Court. It was filed with a good faith intent and with an ability to reorganize that was clear by the huge equity cushion in the property and by the Debtor's post-petition mortgage payments and the fact that Debtor's commercial tenant was paying timely rent and the Debtor meticulously met all its Chapter 11 administrative requirements.*

d) Whether Debtor's counsel deserved to have all of its fees disgorged, and whether the debtor deserved to be characterized negatively by the Court, where Debtor and it's Counsel had proceeded in good faith in this case, and Debtor's counsel had provided the Court with its application with time and expenses, that showed significant time and a benefit to the estate?

*NO; Debtors Counsel did not deserve to have all their fees disgorged when they in good faith filed and worked on the Chapter 11 case, and submitted a timely fee application, that showed significant time spent by counsel and benefit to the estate.*

e) Whether Debtor's counsel deserved to have all of its fees disgorged; and whether the Debtor deserved to have its reorganization efforts characterized negatively by the Court, where the Court's premature dismissal of the case, prior to the Debtor's ability to sell or refinance the property, hindered and frustrated the Debtor's reorganization?

NO; *Debtors Counsel did not deserve to have all their fees disgorged, when they in good faith filed and worked the Chapter 11 case; and the Debtor did not deserve to have its reorganization efforts characterized negatively by the Court, where the Court's premature dismissal of the case prior to the Debtor's ability to sell or refinance the property, hindered and frustrated the Debtor's reorganization efforts.*

Dated: Melville, New York
January 31, 2025

RONALD D. WEISS, P.C.
*Attorneys for the Debtor*

______________________
Ronald D. Weiss, Esq.
445 Broadhollow Rd,
Suite CL-10
Melville, NY 11747
Phone: (631) 271-3737
Email: weiss@ny-bankruptcy.com

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Home Building Corporation

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☐ Defendant
- ☐ Other (describe) ____________

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) ____________

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Decision dated 1/17/25 and Order dated 1/24/25

2. State the date on which the judgment, order, or decree was entered: 1/17/25, 1/24/25

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Office of the United States Trustee Attorney: Office of the United States Trustee
560 Federal Plaza
Central Islip, NY 11722

2. Party: Pitsa Kadianakis Attorney: Edward A. Wiener
STEIN, WIENER & ROTH, LLP
1400 Old Country Road
Suite 315
Westbury, NY 11590-5132

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

X Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

______________________________
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 1/31/25

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Ronald D. Weiss, P.C.
Ronald D. Weiss, Esq.
445 Broadhollow Rd
Suite CL-10
Melville, NY 11747

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44 (Rev. 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Home Building Corporation

**DEFENDANTS**
Office of the United States Trustee

**(b)** County of Residence of First Listed Plaintiff: Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Suffolk
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald D. Weiss, P.C.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause? Yes ☐ No ☑*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☒ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 USC 1112(b) and 11 USC 330

Brief description of cause:
Dismissal and disgorgement of fees of Debtor's attorney

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Natasha C. Merle DOCKET NUMBER 2:24-cv-07643-NCM

DATE 1/29/25 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ______________________, counsel for______________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☑ Yes ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☑ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

**Signature:** ______________________



Last Modified: 11/27/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

HOME BUILDING CORPORATION,

Debtor.
---------------------------------------------------------------x

Case No. 24-72229-reg

Chapter 11

**DECISION**

[Re: Application for Compensation, ECF 43]

Before the Court is the Application of the Law Office of Ronald D. Weiss, P.C. (the "Weiss Firm" or "Debtor's Counsel"), as counsel to the chapter 11 Debtor, for compensation for professional services rendered during this chapter 11 case. The Weiss Firm seeks $24,979 for services rendered from June 10, 2024 through October 24, 2024, and reimbursement of $2,400 in expenses.[1] The Application is opposed by the Office of the United States trustee ("UST").

Resolution of this matter implicates an examination of certain fundamental principles of bankruptcy, as well as bankruptcy counsel's role in the chapter 11 process. First and foremost, the Bankruptcy Code ("Code") is designed to provide relief to debtors of all sizes who are presumed to be honest and in need of help. Bankruptcy judges and the professionals that practice in the bankruptcy courts, including the attorneys representing the UST, strive on a daily basis to provide all parties an honest forum to resolve complex problems. In the roles we play, it is our shared responsibility to do all in our power to reduce or eliminate any improper use of the bankruptcy process. Among other things, this includes the court's responsibility to act in an

1 The Weiss Firm fee application initially sought $2,500 reimbursement of expenses. However, in its reply to the UST objection, the Weiss Firm's list of expenses only added up to $2,400. *Compare* ECF 43 *with* ECF 53.

Case 8-24-72229-reg Doc 19 Filed 01/17/25 Entered 01/17/25 14:04:18

expeditious manner on chapter 11 cases filed for reasons that are incompatible with the Code. The reality facing all courts, including the federal courts is that we face an increasing workload at the same time our resources are impacted by budgetary reductions. To allow cases that should be resolved quickly to burden the court's docket without any real chance for success has far reaching impact on the otherwise legitimate cases that require and deserve the court's time and resources.

As more lawyers venture into the bankruptcy courts, particularly in representing chapter 11 debtors, it has become apparent that some lack the fundamental knowledge and skills necessary to effectively serve their clients. This has contributed to an overload of cases that more experienced bankruptcy professionals likely would not have filed. Although the court is powerless to prevent frivolous filings and the mishandling of cases, it does have the power to review and approve compensation. It is the court's responsibility to determine whether a professional retained by the estate satisfies the statutory criteria justifying the compensation requested. In this instance, it is clear to this Court that the Weiss Firm failed to comprehend its fundamental duties to the Debtor, to the estate, and to this Court.

For these reasons, the Court denies the Weiss Firm's request for compensation in its entirety and grants its request for expenses in the amount of $2,400, subject to documentation.

**FACTS AND PROCEDURAL HISTORY**

The Debtor filed chapter 11 on June 10, 2024 ("Petition Date"), represented by the Weiss Firm. The Debtor's primary asset is commercial real property located in West Babylon, NY (the "Property") which the Debtor valued at $1,500,000 in Schedule A/B. ECF 1. The Debtor's schedules as originally filed list $0 unsecured creditors and one secured creditor with a mortgage

on the Property, Pitsa Kadianakis ("Secured Creditor"). According to the Debtor, the mortgage balance as of the Petition Date was $480,000. The Debtor's Schedule G disclosed that the Debtor leases the Property to a yoga studio for $10,000 per month, and it appears that the tenant was current with rental payments as of the Petition Date.[2] *See* Part 1 of Statement of Financial Affairs, Official Form 207, ECF 1. The Debtor does not dispute that it filed bankruptcy to stay a pending foreclosure by the Secured Creditor.

The Debtor paid the Weiss Firm a $30,000 retainer pre-petition, plus $1,738 for the Court filing fee; $100 for an asset search; $37 for NAICS Code Search; and $625 for a judgment lien search. ECF 19.

At the first status conference held on July 15, 2024, Debtor's Counsel represented that the case involved a dispute with the Secured Creditor, specifically, that the Debtor's principal granted a mortgage on his residence and made a substantial ($250,000) payment on the secured debt, which payment he alleged was not applied by the Secured Creditor. At the status conference, the Court explained to the Weiss Firm serious questions presented by the chapter 11 filing, as it has with similar issues on numerous other occasions. In this case, the Debtor had a $120,000 annual rental stream, which apparently was not used to pay the Secured Creditor; the Debtor had no unsecured creditors and therefore would not have any class to vote in favor of a plan, and it appeared therefore there was no possibility of a successful case. The Court advised Debtor's Counsel that the Debtor should utilize what time it had in chapter 11 to work out a deal

---

2 To date, no one has explained why this rental stream was not used to pay the Secured Creditor, or where these funds went.

with the Secured Creditor as there was significant equity in the Property. The status conference was adjourned to August 12, 2024.

On August 11, 2024, the Debtor filed an amended Schedule F to include 3 creditors with total claims of $4,500. ECF 13. The next day, at the adjourned status conference, Debtor's Counsel reported that it now had an unsecured voting class and indicated the Debtor's intention to move in state court to attack the foreclosure judgment due to Secured Creditor's failure to credit the $250,000 payment. Secured Creditor's counsel represented on the record that the Secured Creditor did in fact credit the Debtor's account for the $250,000 payment, and it would welcome a payoff at the approximately $630,000 balance. The status conference was adjourned to September 16, 2024, to give the Debtor time to work out a deal with the Secured Creditor.

The Weiss Firm filed a motion to be retained as counsel, and an order was entered on September 9, 2024, authorizing that retention. ECF 19, 20. On September 13, 2024, the Debtor filed an application to retain a broker to sell the Property. ECF 22, 25, 26.

At the September 16, 2024 status conference, Debtor's Counsel reported that although the Debtor filed a motion to retain a broker to sell the Debtor's Property, the Debtor was not in fact planning to sell the Property. The sale would be plan B if the Debtor was unable to fund a reorganization plan. Debtor's Counsel reiterated the Debtor's intention to seek reconsideration of the foreclosure judgment amount in state court.

In the meantime, the UST moved to dismiss or convert this case to chapter 7 ("Motion to Dismiss"). ECF 16. The hearing on the Motion to Dismiss was originally scheduled for September 30, 2024, but was adjourned without an appearance to October 21, 2024. The Debtor opposed the Motion to Dismiss arguing that it had complied with all of its statutory obligations

as a chapter 11 debtor in possession and had obtained third-party financing to pay off the Secured Creditor, or, alternatively planned to sell the Property. However, the Debtor reiterated its intention, while in chapter 11, to return to state court to challenge the foreclosure judgment calculations.

On October 11, 2024, four months post-Petition Date, the Debtor filed a motion, and scheduled it for hearing on November 18, 2024, for a comfort order that it would not be a violation of the automatic stay for the Debtor to return to state court to seek reconsideration of the foreclosure judgment calculation. ECF 29.

The Court held an adjourned status conference and hearing on the Motion to Dismiss on October 21, 2024. At that time, the Debtor reiterated its intention to return to state court to attack the foreclosure judgment amount. The Secured Creditor reiterated its position that the $250,000 payment was in fact credited to the Debtor's account and showed Debtor's Counsel its proof of claim (No. 1), filed in this case on September 24, 2024, which shows exactly how the payment was applied. When Secured Creditor's counsel presented the proof of claim to Debtor's Counsel in the courtroom, Debtor's Counsel had no response and just shrugged his shoulders. It became clear to the Court that the Weiss Firm never even looked at documents showing the very argument the Debtor was attempting to make, which was the very foundation for this chapter 11 filing, was without merit. The Court, having received no explanation from the Weiss Firm except an acknowledgement that the case was over, granted the Motion to Dismiss and directed the UST to submit a proposed order.

On October 24, 2024, this Court entered an order directing the Debtor to file all outstanding Monthly Operating Reports ("MORs") and pay all outstanding UST quarterly fees within ten days of the order ("October 24 Order"). ECF 33. The October 24 Order further

directed that the Debtor's case would be dismissed upon the submission of a proposed dismissal order by the UST after the MORs were filed and the UST fees paid. The October 24 Order directed the Weiss Firm to file an application for compensation within 10 days, *i.e.*, November 4, 2024, and retained jurisdiction to determine the "reasonableness of the $30,000 legal fee paid to" the Weiss Firm. By October 29, 2024, MORs were filed through the end of September 2024. ECF 12, 23, 34, 35.

On October 31, 2024, the Debtor filed a notice of appeal of the October 24 Order. ECF 37. It appears that the Debtor intended to appeal the dismissal of the case, however, the dismissal order was never submitted by the UST, or entered, as contemplated by the October 24 Order.

On November 12, 2024, the Weiss Firm late-filed the instant fee application. ECF 43. On November 26, 2024, the UST objected, ECF 49, and the Weiss Firm filed a reply, ECF 53.[3] A hearing on the fee application was held on December 2, 2024 at which time this Court took the matter under submission.

**DISCUSSION**

The UST objects to the Fee Application on several grounds: (a) there is an "imbalance" between the fees charged and the benefit to the estate; (b) the timesheets contain numerical discrepancies that cause them to be unreliable; (c) the expenses sought are undocumented; and

---

[3] The Weiss Firm objects to the Court's consideration of the UST's objection to its fees, in part because the UST's response was not filed at least seven days before the hearing. The Court will consider the UST's objection, filed six days prior to the December 2, 2024 hearing date, just as the Court will consider the Weiss Firm fee application even though it was filed more than one week after the deadline set by the October 24 Order.

(d) counsel did not, during the four and a half months that this case was pending, formulate, or take significant steps towards, an exit strategy for this case.

The Weiss Firm argues that it is entitled to compensation for its work in this case because, although the case was dismissed after four and a half months, the case did benefit the Debtor and the estate, and the Weiss Firm aided the Debtor in complying with its duties under the Code such as by filing schedules and monthly operating reports, attending the requisite meetings conducted by the UST and all Court hearings, and by ensuring the Debtor opened a debtor-in-possession bank account.

***Award of compensation and reimbursement of expenses under § 330***

Pursuant to § 330 of the Code, the Court may award the Weiss Firm "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). "The court may, on its own motion or on the motion of the United States Trustee, . . . award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). "In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The Court *shall not* allow compensation for—

(i) unnecessary duplication of services; or
(ii) services that were not--
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A) (emphasis added).

The Court finds that the Weiss Firm's services in this case were not reasonably likely to benefit the Debtor's estate and for that reason will deny any compensation for services rendered.

This is a single asset real estate case. At the time of filing the only creditor of the estate was the over secured, Secured Creditor. The Debtor entered bankruptcy with the intention of using the automatic stay to buy time to attack a state court determination of the balance due to the Secured Creditor. Simultaneously, the Debtor indicated that it intended to obtain financing to pay off the Secured Creditor, or alternatively to sell the Property. Even assuming the Weiss Firm had developed a viable legal theory requiring the bankruptcy court, such as by approving a refinance of the debt or a sale of the Property, counsel's time sheets contain no evidence that the Weiss Firm took any steps towards accomplishing these goals.[4] Although the Weiss Firm represented to this Court that the Debtor had obtained third-party financing to effectuate a refinance of the Secured Creditor, ECF 28, its time sheets contain no mention of conversations with counsel for the Secured Creditor, or the alleged third-party financer. Four months into the

[4] The Debtor's motion for comfort order regarding the automatic stay was not filed until October 11, 2024 – six weeks after the Motion to Dismiss was filed, and four months post-Petition Date. ECF 29. In addition, it was only in response to the Motion to Dismiss that the Weiss Firm filed a motion to retain a broker to sell the Property. ECF 26.

case the Debtor produced no evidence that there was in fact a proposed third-party financer. When questioned in Court about the details of the alleged third-party financing, Debtor's Counsel had no information and responded that the client had all the details. By counsel's own admission, it was only the client, *i.e.*, the Debtor's principal, who allegedly made any efforts towards obtaining a refinance of the secured debt. Equally disconcerting is that the Weiss Firm was unable to respond to the Secured Creditor's proof of claim which showed that the allegedly uncredited $250,000 payment was in fact included in the Secured Creditor's calculation of its proof of claim. Counsel here was not being asked to understand a difficult legal concept. It was only being asked to recognize an entry on an attachment to the Secured Creditor's proof of claim, which the Weiss Firm appears never to have reviewed.

The Weiss Firm argues that it is entitled to be paid its fees and expenses as billed because counsel has "complied with and satisfied each and every procedural and statutory obligation." ECF 53, ¶20. By this statement, the Weiss Firm makes it abundantly clear it has no real understanding of what is required of a chapter 11 attorney. The Court, for purposes of this Decision, will not challenge that to the best of their ability the Weiss Firm did perform the services as required by statute. The Weiss Firm prepared the Debtor's petition, schedules, amended schedules, and other required documentation. An attorney from the Weiss Firm was present at all court proceedings and did represent the Debtor. The Weiss Firm prepared and filed responses to the Motion to Dismiss; filed a motion to set a bar date; filed an application to retain a broker; and filed a motion for comfort order regarding the Debtor's intention to return to state court to dispute the foreclosure judgment amount.

In this Court's view, there is more to representing a chapter 11 debtor than aiding the Debtor in complying with its statutory duties and appearing at hearings, *i.e.*, satisfying the bare

Case 8-24-72229-reg Doc 59 Filed 01/17/25 Entered 01/17/25 14:04:18

minimum of obligations sufficient to obtain the benefits of the automatic stay. If this were a chapter 7 case, counsel's services in aiding the Debtor's compliance with its responsibilities under the Code would have been entirely reasonable because in chapter 7 the administration of the case is the trustee's responsibility. However, this is not a chapter 7 case, and the role of chapter 11 debtor-in-possession's counsel involves not only protecting the debtor, and in many cases the debtor's principal, but administering the case and protecting the chapter 11 process with the ultimate goal of providing a fair and equitable distribution of assets to creditors. To accomplish this chapter 11 debtor's counsel must have a firm understanding of the law and how to apply it. To add value warranting compensation, the chapter 11 debtor's counsel must enter the bankruptcy proceeding with, at a minimum, a viable theory to support a successful emergence from bankruptcy. *See, e.g., In re Crown Oil, Inc.*, 257 B.R. 531, 539 (Bankr. Mont. 2000). That is not to say that counsel is a guarantor of success; but there has to be some articulated plan for success, and by success the Court means concluding the case with a confirmed plan of reorganization or liquidation.

To further the stated goal of attacking the state court judgment, the Weiss Firm did bill five hours to "drafting and research of NYS court action … to vacate judgment." The Court believes it likely that the Weiss Firm advised the Debtor that it could file bankruptcy to buy time solely to obtain this result; to obtain a stay of the state court proceedings that it could not otherwise obtain in state court. The chapter 11 process is not intended to provide a safe harbor for a debtor solely to delay creditors. This is not a proper use of bankruptcy or the automatic stay. The state court provides a variety of procedures to achieve the Debtor's stated goal. Reconsideration of calculations in a foreclosure judgment is seemingly a routine dispute that state court appointed referees deal with every day. There is no legal issue that requires

bankruptcy court consideration. Clearly the state court system is equipped to resolve this. Where the federal court can or should become involved is normally clear to bankruptcy attorneys. The bankruptcy court should not be utilized to circumvent state court procedures when that is the sole purpose. If the Debtor believed that the $250,000 payment made by the Debtor's principal was not applied to the outstanding balance, the proper place to raise that argument was in state court, not here, as the Weiss Firm admitted when it recognized that the *Rooker-Feldman* doctrine prohibits this Court from acting as a state court appellate tribunal. ECF 53, ¶12.

The Weiss Firm filed this case solely to prevent the foreclosure sale of the Property by utilizing the automatic stay. Having failed in state court, the Weiss Firm used the bankruptcy process, designed to help legitimate debtors, for a purpose for which it should not be used. The Weiss Firm had no legal theory or viable plan to emerge from bankruptcy in this case. The automatic stay is the most powerful tool in a bankruptcy lawyer's arsenal, and this Court will not allow it to be used in the manner the Weiss Firm utilized it in this case.

The Court acknowledges that countless bankruptcy cases have been filed to halt foreclosure proceedings. The underlying rationale is that once the foreclosure sale is completed the debtor loses the ability to use the bankruptcy process. In such cases, bankruptcy is often employed as a legitimate strategy to preserve a debtor's legal options. However, the bankruptcy professional who files the case must have a clear and effective plan as to how the debtor might achieve its desired outcome. The filing must be part of a broader strategy aimed at preserving the debtor's property. While many of these scenarios have historically been high risk, they often present the court with a plausible legal theory that suggests the debtor has a viable chance of success. Such cases frequently highlight the creativity and expertise of seasoned bankruptcy professionals who offer sophisticated guidance to their clients and demonstrate skill in

navigating complex legal challenges. Unfortunately, filing bankruptcy solely for the purpose of delaying creditors is what a large portion of this Court's smaller chapter 11 cases have become over time, and it has become commonplace and increasingly an accepted use of the bankruptcy process.

As stated in § 330(a)(4), this court "shall not allow compensation for . . . services that were not reasonably necessary to benefit the debtor's estate." "Estate" is not synonymous with "debtor". This is sometimes misunderstood, but debtor's counsel represents the interests of the estate not the principals. The Weiss Firm's assistance to the Debtor in complying with its duties under chapter 11 provided no benefit to the estate in terms of helping to formulate a reorganization or liquidation plan to emerge from bankruptcy. The Weiss Firm failed to understand that its actions benefited only the Debtor and its principal, not the Debtor's estate, and even then, only to the extent necessary to satisfy the Debtor's most basic obligations in bankruptcy.

Clearly, the filing of this bankruptcy case benefited the Debtor in that it obtained a stay of state court proceedings that it could not otherwise have obtained in state court. However, a benefit to the estate would require some possibility of a successful liquidation or reorganization - some benefit to creditors. The Court finds that this was not the purpose of this bankruptcy case; the purpose was solely to obtain a stay of the state court foreclosure and frustrate the secured creditor. *See In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996) ("[A]n attorney fee application in bankruptcy will be denied to the extent the services rendered were for the benefit of the debtor and did not benefit the estate.") (quoting *In re Reed*, 890 F.2d 104, 106 (8th Cir. 1989); *In re Berg*, 268 B.R. 250 (Bankr. D. Mont. 2001) (finding attorneys not entitled to compensation where attorneys' services merely enabled debtor to prolong a doomed chapter 11 case, to

detriment of creditors). There was no viable strategy here to confirm a plan for the benefit of creditors, and the very fact that by adding three minor creditors the Weiss Firm believed they had created a viable case demonstrates the extraordinary lack of basic chapter 11 understanding.

Although bankruptcy judges for the most part will give some limited breathing room with the hope of a consensual resolution, one aspect of the bankruptcy judge's job is to balance the rights of the parties within the parameters of the Code. With a case like this that window of time should be very short. Permitting cases like these to linger sometimes for years is not only inconsistent with the law but it undermines faith in the system.[5]

Although the Court's power to prevent the misuse of the bankruptcy process is limited, in chapter 11 it does have discretion to deny compensation to counsel who permits the Code to be used in this way. In this Court's view, the use of the automatic stay solely to frustrate a secured creditor with no legitimate legal plan is not a service a lawyer should be compensated for by a bankruptcy court. The Court made Debtor's Counsel aware of its concerns with this case from the very first status hearing. Even the most inexperienced bankruptcy attorneys would have understood the infirmities in this case and the risks of proceeding.

For all these reasons, the Court will exercise its discretion to deny in full the Weiss Firm request for compensation, under § 330(a)(4)(A) because the services were not "reasonably likely to benefit the Debtor's estate." *See e.g.*, *In re Tribeca Market, LLC*, 516 B.R. 254, 269 (S.D.N.Y. 2014) ("A bankruptcy court's decision to award attorney's fees is reviewed for abuse of

---

5 It is important to note that the filing of this bankruptcy case was not without consequences to the Secured Creditor, the largest and for most of the time this Debtor was in bankruptcy, the only scheduled creditor. The Secured Creditor loaned the Debtor $360,000 in 2015, with a maturity date of April 1, 2017. At the time of entry of the foreclosure judgment six years after maturity, the debt had grown to over $700,000, and this bankruptcy filing was just another step in delaying payment of the secured debt.

discretion."). The Court will approve only the payment of expenses to the Weiss Firm, in the amount of $2,400 upon proper documentation of these expenses being provided to the UST.

***Disgorgement and the pre-petition retainer***

Section 329 of the Code provides that if any compensation paid or agreed to be paid to an attorney representing the debtor exceeds the reasonable value of counsel's services, "the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to-- (1) the estate, if the property transferred-- (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or (2) the entity that made such payment. 11 U.S.C. § 329(b).

Debtor's Counsel advised this Court that the $30,000 prepetition retainer received from the Debtor was held by the Weiss Firm in its general operating account. At the December 2, 2024 fee application hearing, the Court upbraided Debtor's Counsel for holding the retainer in the firm's general operating account and cautioned against it. On December 4, 2024, Mr. Weiss docketed an affirmation stating that the retainer was transferred "from the general operations account to my escrow account." ECF 55, ¶3. The Court finds that the Weiss Firm shall return the balance of the retainer, after payment of its expenses as stated above, to the Debtor.

**CONCLUSION**

This Court accepts that chapter 11 will likely continue to be used on an emergency basis solely to obtain the benefits of the automatic stay to give debtors time to negotiate with, for example, secured creditors, landlords, or other parties, or to stay enforcement of a judgment. For the vast majority of small bankruptcy matters, the debtor has a viable path to reorganize or liquidate as permitted by the Code. This Decision should not be viewed as limiting relief to the

honest debtor in anyway. That said, the fee application of chapter 11 debtor's counsel who uses the chapter 11 process with no plan but merely to delay a secured creditor should be carefully scrutinized by the court and, when appropriate, fees should be disallowed. The approval of debtor's counsel fees by the bankruptcy court is a critical component of the bankruptcy process, and each professional retained by a chapter 11 debtor must be fully aware that fees are subject to court approval. This is a fundamental issue: professionals who use the bankruptcy process as the Weiss Firm has done in this case should understand the risk that a court may deny their compensation as requested. This Court hopes that bankruptcy attorneys and courts will recognize this concern and develop appropriate procedures to restore balance and integrity to the system.

The UST is directed to submit a proposed order consistent with this Decision.

Dated: Central Islip, New York
January 17, 2025

United States Bankruptcy Court
Eastern District of New York

Robert E. Grossman
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

IN RE:

CHAPTER 11

HOME BUILDING CORPORATION,

CASE NO. 24-72229-REG

DEBTOR

------------------------------------------------------------X

**ORDER DENYING DEBTOR'S COUNSEL'S FEE APPLICATION AND DISGORGING DEBTOR'S COUNSEL'S PRE-PETITION RETAINER**

Ronald D. Weiss, P.C. (Debtor's Counsel) on behalf of Home Building Corporation (the "Debtor") having moved by Notice of Motion dated October 30, 2024, seeking entry of an order under 11 U.S.C. §330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure awarding compensation for professional services rendered in the amount of $24,979.00 payable from a $30,000.00 pre-petition retainer (the "$30,000 Pre-Petition Retainer"),together with reimbursement of actual and necessary expenses incurred between June 10, 2024 and October 24, 2024 in the amount of $2,400.00 (the "Expenses") (the "Motion") (ECF docket No. 43); and the United States Trustee having filed objections to the Motion on November 26, 2024 (ECF Docket No. 49); and the Motion having come on for hearing on December 2, 2024 before the Honorable Robert E. Grossman, United States Bankruptcy Judge; and the Debtor having appeared by its counsel, Ronald D. Weiss, Esq., in support of the Motion; and the United States Trustee having appeared by his counsel, William J. Birmingham, Esq. in opposition to the relief sought in the Motion; and the Court having determined that notice was appropriate and that sufficient grounds exist to deny the relief sought in the Motion and to direct Debtor's Counsel to disgorge the $30,000.00 Pre-Petition Retainer for the reasons stated in this Court's Decision, dated January 17, 2024 (ECF docket No. 59), and after due deliberation and good cause being shown it is hereby:

**ORDERED**, that the Motion under 11 U.S.C. §330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure is denied with respect to Debtor's Counsel's request for compensation; and it is further

**ORDERED**, that within seven days from the date of entry of this Order, Debtor's Counsel is directed to disgorge to the Debtor, the $30,000.00 Pre-Petition Retainer; and it is further

**ORDERED**, that within ten days from the date of entry of this Order, Debtor's Counsel is directed to file an affirmation of compliance attesting that the $30,000.00 Pre-Petition Retainer has been disgorged, in full, to the Debtor; and it is further

**ORDERED**, that with respect to Debtor's Counsel's request for reimbursement of Expenses, within seven days from the date of the entry of this Order, Debtor's Counsel is directed to provide to the United States Trustee, with proper documentation evidencing the $2,400.00 of Expenses paid by Debtor's Counsel; and it is further

**ORDERED**, that the United States Trustee is directed to review any and all documentation with respect to the reimbursement of expenses provided by Debtor's Counsel and to file an appropriate objection, if any, within 14 days of the receipt of the documentation; and it is further

**ORDERED**, that if Debtor's Counsel fails to timely provide proper documentation evidencing the expenses paid by Debtor's Counsel, the Office of the United States Trustee shall

settle an order directing Debtor's Counsel to return to the Debtor, the $2,400.00 of expenses paid to Debtor's Counsel.

Dated: Central Islip, New York
January 24, 2025

United States Bankruptcy Court
Eastern District of New York

Robert E. Grossman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

Case No. 8-24-72229-reg

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

HOME BUILDING CORPORATION,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court

290 Federal Plaza

Central Islip, New York 11722

July 15, 2024

10:24 AM

B E F O R E :

HON. ROBERT E. GROSSMAN

U.S. BANKRUPTCY JUDGE

ECRO: AMY

HEARING re [7] Order Scheduling Initial Case Management Conference

Transcribed by: Rita Weltsch

A P P E A R A N C E S :

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorney for Debtor
200 Garden City Plaza, Suite 315
Garden City, NY 11530

BY: SCOTT T. DILLON

OFFICE OF THE UNITED STATES TRUSTEE
Attorney for the United States Trustee
560 Federal Plaza
Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM

ALSO PRESENT:

EUGENIUSZ ROGOZA

P R O C E E D I N G S

CLERK: Next matter is Case Number 24-72229, Home Building --

VOICE OVER: Waiting for others to join.

CLERK: -- Corporation.

THE COURT: Do you see who the tenant is? You see the tenant? All right, let's go.

MR. DYLAN: Good morning, Your Honor, Scott Dylan on behalf of the debtor. I have with me the debtor, its principal, Eugene.

THE COURT: Good morning.

MAN 1: Good morning.

THE COURT: You can sit if you want.

MAN 1: Thank you.

MR. BIRMINGHAM: Good morning, Your Honor, William Birmingham, Office of the United States Trustee.

THE COURT: Somebody goes.

MR. DYLAN: Your Honor, I actually feel really good about this case. The debtor owns a building in Babylon that has a tenant that's a yoga center. Pre-petition debtor's principal took out a significant mortgage on his residence to pay down the debt that has not been acknowledged by the creditor. So, I do anticipate a claim objection within this case. The debtor has attempted and perhaps has already obtained the DIP account. We've done

the IDI, we've done the 341 Meeting, we've produced evidence of real estate insurance on the property and it's our intention to now move forward with the cash collateral motions, the retention motions, we may retain Mr. Lambert to do the operating reports.

THE COURT: You have no unsecured creditors, you owe the bank $480,000.00, and the property's worth a million-and-a-half.

MR. DYLAN: The problem is --

THE COURT: What are we doing here?

MR. DYLAN: The bank's claiming that they owe $800,000.00.

THE COURT: Which is still half the value of the property.

MR. DYLAN: Yes, Your Honor.

THE COURT: And whatever they claim they're owed, wouldn't they have to go to some court and prove what they owe? Like state court? Do they have a judgment of foreclosure?

MR. DYLAN: Yes, Your Honor.

THE COURT: How'd they get a judgment of foreclosure on a property that's worth a million-and-a-half dollars and has monthly -- has yearly income of $120,000.00, with no unsecured debt?

MR. DYLAN: We did not --

THE COURT: Where's the money?

MR. DYLAN: What money, Your Honor?

THE COURT: The business is earning -- you have one tenant. It's $10,000.00 a month which is $120,000.00 a year. You have no unsecured debt and obviously you're not paying the bank, otherwise they wouldn't have gotten the foreclosure.

MR. DYLAN: No, that's actually not accurate, Your Honor, we've been paying the bank.

THE COURT: How did they get a judgment of foreclosure?

MR. DYLAN: In state court action because they --

THE COURT: I know mechanically, but how do you get it if you don't owe them any money?

MR. DYLAN: Oh, I'm not claiming that we don't owe them any money. I'm saying that they have not credited the payments that we've --

THE COURT: Let's start again. They commenced the foreclosure action.

MR. DYLAN: Yes, Your Honor.

THE COURT: That takes a couple years in New York. They got a judgment. I don't know how much the judgment amount is but that's not my business, that's out of here. The only way they got a foreclosure is they had to establish that you weren't paying either the monthly (indiscernible)

they're owed, or the loan had matured, and you didn't pay it off. Which of those two?

MR. DYLAN: The second one, Your Honor.

THE COURT: So, now that you've come here is, we have a state court judgment in the amount of how much?

MR. DYLAN: 800 and change, Your Honor.

THE COURT: I can't look behind that.

MR. DYLAN: I am well aware of (indiscernible) Your Honor.

THE COURT: So, what do you want me to do?

MR. DYLAN: I want you to let me run this case and we're going to contemporaneously attack the judgment of foreclosure.

THE COURT: You just told me I can't attack the judgment.

MR. DYLAN: Not you, Your Honor, the state court.

THE COURT: So, go to state court and attack it, what am I doing? If that judge won't stay the foreclosure, you have a motion in front of that judge to say the amount due and owing is blank not blank. And if the judge said, you're right, it's $500,000.00 what would the client do?

MR. DYLAN: Apply for debt financing and pay it off.

THE COURT: None of that has anything to do with the bankruptcy. There are no creditors. I have a judgment

creditor whose judgment I can't look behind. The only place you can do that is state court. You want me to say you have to go back to state court because I can't look at it but in state court that judge can't proceed with his own order. I'm not going to do that. I'm not going to do that. It's his order, or her.

MR. DYLAN: I'm not asking you to, Your Honor.

THE COURT: Help me out, Mr. Birmingham, what are we doing?

MR. BIRMINGHAM: Well Judge, it -- this appears to be a building with a private mortgage held against the property. That individual is -- pursued foreclosure. And there is -- by all accounts, I spoke to the lender's attorney, and they also indicate that there's plenty of equity in this property so selling the property might be in their best interest. But it -- in any event, this is just a single creditor -- a single, secured creditor, nothing else, and if they make a deal they can make a deal, if they can't then there's nothing we can do to them.

THE COURT: But it goes beyond that, they have a judgment.

MR. BIRMINGHAM: I agree, Judge. It's --

THE COURT: How did they get the judgment for $800,000 if your client only claims he owes them $400,000? Did he put in any papers? Did he object?

MR. DYLAN: Yes, Your Honor, and that's the essence of this dispute.

THE COURT: So, there's a collateral estoppel argument as well. He had his date in court, lost. Was it appealed up to the Second Department --

MR. DYLAN: No, Your Honor.

THE COURT: -- or whatever department?

MR. DYLAN: No, Your Honor.

THE COURT: Why?

MR. DYLAN: It was not my case, Your Honor. It was not the Weiss firm case, Your Honor.

THE COURT: Okay. So, somebody didn't bother to appeal it or didn't appeal it.

MR. DYLAN: Did not.

THE COURT: And that time has run.

MR. DYLAN: Yes, Your Honor.

MR. BIRMINGHAM: I think the debtor was represented by counsel at some point, not the Weiss firm --

THE COURT: I would suggest the debtor go talk to his prior lawyer. Nothing I can do.

MR. DYLAN: I understand, Your Honor.

THE COURT: And it doesn't do any good to keep a case for -- that's only going to create confusion to all of us. Because you're going to have to go into state court and try to explain to a state court judge why I did X which I

didn't do. Which is going to put you in an impossible spot.
MR. DYLAN: No, Your Honor, I concede that I recognize your development and restraints Your Honor, and --
THE COURT: Was the judgment against the corporation or the individuals?
MR. DYLAN: Corporation and there is a personal guarantee.
THE COURT: But even if they sell the property they're never going to collect on the guarantee because they're going to pay off their debt.
MR. DYLAN: There's --
THE COURT: So, it's a question of how much --
MR. DYLAN: Right, there's significant equity in this property --
THE COURT: Yeah.
MR. DYLAN: -- Your Honor. And I --
THE COURT: I think your best shot is to go refinance it or --
MR. DYLAN: Your Honor, that's a conversation that my client and I had on Friday.
THE COURT: And you can't confirm a plan because there's no classes to vote in favor.
MR. DYLAN: I will -- there's nobody to vote, Your Honor, and I have done this years ago and I am well aware that if you don't have a voting class then you can't

confirm.

THE COURT: Where is it in state court now?

MR. DYLAN: It's closed.

THE COURT: So, the sheriff -- so, it's going to take another 60-some-odd days or whatever it is to start again. I don't know, I think the only way you can do this is to look at the individuals, but I don't know why they would because they're not even insolvent. You've got nobody who's insolvent, by any definition. Because every -- I mean a secured creditor could walk in today, say, no, we agree. Let's sell the property. Here's our -- we're going to put our own plan in, sell the property and we'll divide up the money as the Court so directs. Which is an enormous waste of energy.

MR. DYLAN: I do not disagree with Your Honor for that --

THE COURT: Look, what I'll do is I'll put this out 30 days. I'm going to dismiss it in 30 days but see what you can get out of this lender within that period of time.

MR. DYLAN: I very much appreciate that, Your Honor.

THE COURT: Take your best shot.

MR. DYLAN: I do not disagree with the Court that refinancing is probably the best way to go in this

situation.

THE COURT: Yeah, I mean take your best shot. Put it out 30 days. Mr. Birmingham, do you want to have a motion to dismiss on for them?

MR. BIRMINGHAM: I'd like to get one together.

THE COURT: Just, short form, I don't want to make --

MR. BIRMINGHAM: Yeah.

THE COURT: All right, thank you.

CLERK: August 12th at 9:30.

MR. DYLAN: Thank you so much.

THE COURT: Good luck.

MR. BIRMINGHAM: Thank you.

MR. DYLAN: Thank you, Your Honor --

THE COURT: Yeah.

MR. DYLAN: -- have a good day.

(Whereupon these proceedings were concluded at 10:34 AM)

C E R T I F I C A T I O N

I, Rita Weltsch, certified that the foregoing transcript is a true and accurate record of the proceedings.

R. Weltsch

Rita Weltsch

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: February 19, 2025

**&**

**&** 3:3

**1**

**1** 4:12,14
**10,000.00** 6:4
**10:24** 1:16
**10:34** 12:18
**11501** 13:23
**11530** 3:6
**11722** 1:13 3:13
**120,000.00** 5:23 6:4
**12151** 13:6
**12th** 12:10
**15** 1:15
**19** 13:25

**2**

**200** 3:5
**2024** 1:15
**2025** 13:25
**24-72229** 4:2
**290** 1:12

**3**

**30** 11:18,18 12:3
**300** 13:22
**315** 3:5
**330** 13:21
**341** 5:1

**4**

**400,000** 8:24
**480,000.00** 5:7

**5**

**500,000.00** 7:21
**560** 3:12

**6**

**60** 11:5

**7**

**7** 2:1

**8**

**8-24-72229** 1:3
**800** 7:6
**800,000** 8:24
**800,000.00.** 5:12

**9**

**9:30** 12:10

**a**

**account** 4:25
**accounts** 8:13
**accurate** 6:8 13:4
**acknowledged** 4:23
**action** 6:12,19
**actually** 4:18 6:8
**ago** 10:24
**agree** 8:22 11:10
**amount** 6:23 7:5,19
**amy** 1:25
**anticipate** 4:23
**appeal** 9:13,13
**appealed** 9:5
**appears** 8:10
**apply** 7:22
**appreciate** 11:21
**argument** 9:4
**asking** 8:7
**attack** 7:12,14 7:17
**attempted** 4:24
**attorney** 3:4,11 8:14
**august** 12:10
**aware** 7:8 10:24

**b**

**b** 1:21
**babylon** 4:19
**back** 8:3
**bank** 5:7 6:6,9
**bank's** 5:11
**bankruptcy** 1:1,11,23 7:25
**behalf** 4:9
**best** 8:16 10:17 11:23,25 12:2
**beyond** 8:20
**birmingham** 3:15 4:15,16 8:8,10,22 9:17 12:3,5,8,13
**blank** 7:20,20
**bother** 9:12
**building** 1:7 4:3,19 8:11
**business** 6:3,23

**c**

**c** 3:1 4:1 13:1,1
**case** 1:3 2:1 4:2 4:19,24 7:11 9:10,11,23
**cash** 5:3
**center** 4:20
**central** 1:13 3:13
**certified** 13:3
**change** 7:6
**city** 3:5,6
**claim** 4:23 5:16
**claiming** 5:11 6:15
**claims** 8:24
**class** 10:25
**classes** 10:22
**clerk** 4:2,5 12:10
**client** 7:21 8:24 10:20
**closed** 11:3
**collateral** 5:3 9:3
**collect** 10:9
**come** 7:4
**commenced** 6:18
**concede** 10:2
**concluded** 12:17
**conference** 2:2
**confirm** 10:21 11:1
**confusion** 9:23

**contemporan...** 7:12
**conversation** 10:19
**corporation** 1:7 4:5 10:5,6
**counsel** 9:18
**country** 13:21
**couple** 6:21
**court** 1:1,11 4:6,11,13,17 5:6,10,13,16 5:17,18,21 6:1 6:3,10,12,13 6:18,21 7:4,5,7 7:10,14,16,17 7:17,24 8:2,3,4 8:8,20,23 9:3,4 9:7,9,12,15,19 9:22,24,25 10:4,8,12,15 10:17,21 11:2 11:2,4,13,17 11:23,24 12:2 12:6,9,12,15
**create** 9:23
**credited** 6:16
**creditor** 4:23 8:1,17,17 11:10
**creditors** 5:6 7:25

**d**

**d** 4:1
**date** 9:4 13:25
**day** 12:16
**days** 11:5,18 11:18 12:3
**deal** 8:18,18
**debt** 4:22 5:24 6:5 7:22 10:10
**debtor** 1:9 3:4 4:9,9,19,24 9:17,19
**debtor's** 4:21
**definition** 11:9
**department** 9:5,7
**development** 10:3
**dillon** 3:8
**dip** 4:25
**directs** 11:13
**disagree** 11:15 11:24
**dismiss** 11:18 12:4
**dispute** 9:2
**district** 1:2
**divide** 11:12
**doing** 5:10 7:18 8:9
**dollars** 5:23
**due** 7:20
**dylan** 4:8,8,18 5:9,11,15,20 5:25 6:2,8,12 6:15,20 7:3,6,8 7:11,16,22 8:7 9:1,6,8,10,14 9:16,21 10:2,6 10:11,13,16,19 10:23 11:3,15 11:21,24 12:11 12:14,16

**e**

**e** 1:21,21,22 3:1,1 4:1,1 13:1
**earning** 6:3
**eastern** 1:2
**ecro** 1:25
**either** 6:25
**energy** 11:14
**enormous** 11:13
**equity** 8:15 10:13
**essence** 9:2
**establish** 6:24
**estate** 5:2
**estoppel** 9:3
**eugene** 4:10
**eugeniusz** 3:19
**event** 8:16
**evidence** 5:1
**explain** 9:25

**f**

**f** 1:21 13:1
**favor** 10:22
**february** 13:25
**federal** 1:12 3:12
**feel** 4:18
**financing** 7:22
**firm** 9:11,18
**foreclosure** 5:19,22 6:7,11 6:19,24 7:13 7:18 8:12
**foregoing** 13:3
**form** 12:6
**forward** 5:3
**friday** 10:20
**front** 7:19

**g**

**g** 4:1
**garden** 3:5,6
**go** 4:7 5:17 7:17 8:3 9:19 9:24 10:17 11:25
**goes** 4:17 8:20
**going** 7:12 8:5 8:5 9:23,24 10:1,9,10 11:4 11:11,18
**good** 4:8,11,12 4:15,19 9:22 12:12,16
**gotten** 6:6
**grossman** 1:22
**guarantee** 10:7 10:9

**h**

**half** 5:8,13,22
**hearing** 2:1
**held** 8:11
**help** 8:8
**home** 1:7 4:2
**hon** 1:22
**honor** 4:8,15 4:18 5:15,20 6:2,9,20 7:3,6 7:9,16 8:7 9:1

9:6,8,10,11,16 9:21 10:2,3,16 10:19,24 11:15 11:22 12:14
**how'd** 5:21

**i**

**idi** 5:1
**impossible** 10:1
**income** 5:23
**indicate** 8:14
**indiscernible** 6:25 7:8
**individual** 8:12
**individuals** 10:5 11:7
**initial** 2:1
**insolvent** 11:8 11:9
**insurance** 5:2
**intention** 5:3
**interest** 8:16
**islip** 1:13 3:13

**j**

**j** 3:15
**join** 4:4
**judge** 1:23 7:18,19,20 8:4 8:10,22 9:25
**judgment** 5:18 5:21 6:10,22 6:22 7:5,12,15 7:25 8:1,21,23 10:4
**july** 1:15

**k**

**keep** 9:22
**kirschenbaum** 3:3,3
**know** 6:13,22 11:6,7

**l**

**lambert** 5:4
**lawyer** 9:20
**legal** 13:20
**lender** 11:19
**lender's** 8:13
**loan** 7:1
**look** 7:7 8:1,3 11:7,17
**lost** 9:4
**luck** 12:12

**m**

**make** 8:18,18 12:6
**man** 4:12,14
**management** 2:1
**matter** 1:5 4:2
**matured** 7:1
**mean** 11:9 12:2
**mechanically** 6:13
**meeting** 5:1
**million** 5:8,22
**mineola** 13:23
**money** 6:1,2,14 6:16 11:13
**month** 6:4
**monthly** 5:23 6:25
**morning** 4:8 4:11,12,15
**mortgage** 4:21 8:11
**motion** 7:19 12:4
**motions** 5:4,4
**move** 5:3

**n**

**n** 3:1 4:1 13:1
**never** 10:9
**new** 1:2,13 6:21
**number** 4:2
**ny** 3:6,13 13:23

**o**

**o** 1:21 4:1 13:1
**object** 8:25
**objection** 4:24
**obtained** 4:25
**obviously** 6:5
**odd** 11:5
**office** 3:10 4:16
**oh** 6:15
**okay** 9:12
**old** 13:21
**operating** 5:5
**order** 2:1 8:4,6
**owe** 5:7,11,18 6:14,15
**owed** 5:16 7:1
**owes** 8:24
**owing** 7:20
**own** 8:4 11:12
**owns** 4:19

**p**

**p** 3:1,1 4:1
**p.c.** 3:3
**papers** 8:25
**pay** 4:22 7:1,22 10:10
**paying** 6:6,9 6:25
**payments** 6:17
**period** 11:19
**personal** 10:6
**petition** 4:20
**place** 8:1
**plan** 10:21 11:12
**plaza** 1:12 3:5 3:12
**plenty** 8:14
**point** 9:18
**pre** 4:20
**present** 3:17
**principal** 4:10 4:21
**prior** 9:20
**private** 8:11
**probably** 11:25
**problem** 5:9
**proceed** 8:4
**proceedings** 12:17 13:4
**produced** 5:1
**property** 5:2 5:14,22 8:12 8:15,15 10:8 10:14 11:11,12

**property's** 5:7
**prove** 5:17
**pursued** 8:12
**put** 8:25 10:1 11:11,17 12:2

**q**

**question** 10:12

**r**

**r** 1:21 3:1 4:1 13:1
**real** 5:2
**really** 4:18
**recognize** 10:3
**record** 13:4
**refinance** 10:18
**refinancing** 11:25
**reg** 1:3
**reports** 5:5
**represented** 9:18
**residence** 4:22
**restraints** 10:3
**retain** 5:4
**retention** 5:4
**right** 4:7 7:21 10:13 12:9
**rita** 2:25 13:3,8
**road** 13:21
**robert** 1:22
**rogoza** 3:19
**run** 7:11 9:15

**s**

**s** 3:1 4:1
**saying** 6:16
**scheduling** 2:1
**scott** 3:8 4:8
**second** 7:3 9:5
**secured** 8:17 11:10
**see** 4:6,6 11:18
**sell** 10:8 11:11 11:12
**selling** 8:15
**sheriff** 11:4
**short** 12:6
**shot** 10:17 11:23 12:2
**signature** 13:6
**significant** 4:21 10:13
**single** 8:17,17
**sit** 4:13
**situation** 12:1
**solutions** 13:20
**somebody** 4:17 9:12
**spoke** 8:13
**spot** 10:1
**start** 6:18 11:5
**state** 5:18 6:12 7:5,16,17 8:2,3 8:4 9:24,25 11:2
**states** 1:1,11 3:10,11 4:16
**stay** 7:18
**suggest** 9:19
**suite** 3:5 13:22

**t**

**t** 3:8 13:1,1
**take** 11:5,23 12:2
**takes** 6:21
**talk** 9:19
**tenant** 4:6,7,20 6:4
**thank** 4:14 12:9,11,13,14
**think** 9:17 10:17 11:6
**time** 9:15 11:20
**today** 11:10
**together** 12:5
**told** 7:14
**took** 4:21
**transcribed** 2:25
**transcript** 13:4
**true** 13:4
**trustee** 3:10,11 4:16
**try** 9:25
**two** 7:2

**u**

**u.s.** 1:23
**understand** 9:21
**united** 1:1,11 3:10,11 4:16
**unsecured** 5:6 5:24 6:5

**v**

**value** 5:13
**veritext** 13:20
**voice** 4:4
**vote** 10:22,23
**voting** 10:25

**w**

**waiting** 4:4
**walk** 11:10
**want** 4:13 7:10 7:11 8:2 12:3,6
**waste** 11:13
**way** 6:24 11:6 11:25
**we've** 4:25 5:1 5:1 6:9,17
**weiss** 9:11,18
**weltsch** 2:25 13:3,8
**william** 3:15 4:15
**worth** 5:7,22

**x**

**x** 1:4,10 9:25

**y**

**yeah** 10:15 12:2,8,15
**year** 6:5
**yearly** 5:23
**years** 6:21 10:24
**yoga** 4:20
**york** 1:2,13 6:21

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

Case No. 8-24-72229-reg

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

HOME BUILDING CORPORATION,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court

290 Federal Plaza

Central Islip, New York 11722

December 2, 2024

10:29 AM

B E F O R E :

HON. ROBERT E. GROSSMAN

U.S. BANKRUPTCY JUDGE

ECRO: UNKNOWN

HEARING re [43] Application for Compensation for Ronald D. Weiss as Attorney for Debtor; Fees: $24979.00 Expenses: $2,500 filed by Ronald D Weiss on behalf of Home Building Corporation.

Transcribed by: Rita Weltsch

A P P E A R A N C E S :

RONALD D. WEISS, ESQ.
Attorney for Debtor
445 Broadhollow Road, Suite CL-10
Melville, NY 11747

BY: RONALD D. WEISS

OFFICE OF THE UNITED STATES TRUSTEE
Attorney for the United States Trustee
560 Federal Plaza
Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM

P R O C E E D I N G S

CLERK: Next matter is Case Number 24-72229, Home Building Corporation.

THE COURT: Okay. Let's get appearances.

MR. WEISS: Sure. Ron Weiss for the Debtor, Home Building Corporation.

THE COURT: Good morning.

MR. BIRMINGHAM: Good morning, Judge. William Birmingham, Office of the United States Trustee.

THE COURT: Mr. Birmingham.

MR. WEISS: Good morning, Judge. We're here on a reapplication on behalf of the Debtor's attorneys. The case was filed on June 10th, 2024. The goal of the case was to save almost half a million in equity. We successfully stayed the sale. We retained the broker. Debtor has almost secured financing. That's the preferred route for him to go. But he is disputing the judgment in the case, since he made substantial payments post-judgment.

So we are in State Court with a motion that's still pending, since that's not affected by the dismissal of the case. Although the case was dismissed by this Court at a hearing on October 24, 2024, after about four and a half months in reorganization, the case did benefit the Debtor and the Debtor's estate in that there are other creditors in the estate besides the secured lender.

The three unsecured creditors that we listed in our amended schedule is for almost $6,000. There's one claim for almost $500 by New York State that's mostly unsecured.

THE COURT: Five hundred dollars?

MR. WEISS: Five hundred. Five hundred. Okay. We protected the property while securing financing. We did move to vacate the judgment of foreclosure and sale and we've been negotiating with the secured lender and their attorneys. We also are appealing the dismissal to the District Court.

So the sum total of what we did during the case, because I think the U.S. Trustee is going to tell the Court that we didn't do much during the four and a half months, and if you look at what we did and you actually look at the time of each item, item by item, it adds up. It's -- unfortunately with attorney time, it's easy to get there.

So administratively, the Debtor did all the things that they should have done, but with our help. And there are many cases where debtors don't. So they secured insurance. They filed four operating reports. We helped them with each one.

THE COURT: Mr. Weiss, I read the papers. Now, you guys got a $30,000 retainer at the beginning of the case, correct?

MR. WEISS: Correct.

THE COURT: Who did that come from?

MR. WEISS: It came from the principal.

THE COURT: From the principal?

MR. WEISS: Yes.

THE COURT: Not the Debtor?

MR. WEISS: No.

THE COURT: Okay. When you get a retainer, I'm just curious, does that go into a separate account or does it go into a general operating account?

MR. WEISS: We have escrow that is there in a sufficient number to cover these matters, but it's fungible numbers.

THE COURT: I don't even know what that sentence means.

MR. WEISS: It goes into the general operating account. But there's always enough to, you know --

THE COURT: Whose money is that until the Court approves it?

MR. WEISS: It's money that the Court has to approve.

THE COURT: So why would it go into a general operating account?

MR. WEISS: There's always enough on reserve to allow for us to --

THE COURT: That's a different question. Cash is all fungible. I understand that. And this will not be happy for all the firms who do this, as most small firms do it. You put the money into a general operating account.

MR. WEISS: Mm hmm.

THE COURT: If something occurred and there was a drain on your other funds and you couldn't pay these funds back, what would happen to you and your firm?

MR. WEISS: I see the point, Judge. I see the point.

THE COURT: I know you see the point. I'm asking, what would happen?

MR. WEISS: What would happen? We'd make sure this amount is taken care of if it doesn't get approved.

THE COURT: Every debtor takes the same view; I would make it happen. If your firm doesn't have the money and you took a retainer and put it into a general operating account --

MR. WEISS: Mm hmm.

THE COURT: -- and the Court denied the retention, what would happen to you and your firm?

MR. WEISS: I understand the point, Judge. I understand the point. You're saying that there might be problems with that.

THE COURT: No.

MR. WEISS: I wouldn't count on it.
THE COURT: No, not at all. There will be problems.
MR. WEISS: Right.
THE COURT: You will disappear as a lawyer --
MR. WEISS: I got you.
THE COURT: -- in all likelihood.
MR. WEISS: I got you.
THE COURT: So you want the Court to agree as a general proposition that lawyers in these cases should be able to take retainers, put it into general operating funds, and hope that if the Court approves the fee -- doesn't approve the fee, they have the money to give it back. That's called a Ponzi scheme. Lawyers do it. I would guess most small firms, mid-sized firms, do it. Somebody got -- every once in a while, somebody gets caught doing it. You have to put this front and center --
MR. WEISS: Mm hmm.
THE COURT: -- to this Court --
MR. WEISS: Mm hmm.
THE COURT: -- which sometimes is good, sometimes it's bad. But I've got to deal with it now, as do all the other judges in the Easton District who are interested in this.
MR. WEISS: Mm hmm. I can do that going forward,

Judge. I'm sorry.

THE COURT: Mr. Weiss, this goes way beyond just you.

MR. WEISS: Mm hmm.

THE COURT: All right. Now let's move on to the next one.

MR. WEISS: Judge, just so I understand your point, are you saying in Chapter 11 cases specifically, or every single case?

THE COURT: Well, you're only retained in Chapter 11.

MR. WEISS: Okay, thank you.

THE COURT: You only want court approval --

MR. WEISS: Thank you.

THE COURT: -- in a Chapter 11.

MR. WEISS: Thank you, Judge.

THE COURT: What you do with other retainers, that's between you and your client --

MR. WEISS: Okay. So --

THE COURT: -- I think. Now, the second point that the Court has is I was here during this entire case, from the beginning --

MR. WEISS: Mm hmm.

THE COURT: -- when it was made clear there was no chance that this case could possibly ever be confirmed

because the entire case was predicated on a deal with a bank who they wouldn't do. And it was solely filed to avoid the stay. That was the purpose. Ultimately, if you read the transcripts, you'll see counsel for your firm basically acknowledged that. All right?

MR. WEISS: A deal with a secured lender, Judge? No, that wasn't the premise. We have about $500,000 in equity here.

THE COURT: So what do you need bankruptcy for?

MR. WEISS: We --

THE COURT: Why did you file bankruptcy if you have $500,000 in equity?

MR. WEISS: Because the client wanted to secure funding. It wasn't fully secured. And he had a dispute over what was owed to the lender because he almost --

THE COURT: Which you're fighting out in State Court --

MR. WEISS: He --

THE COURT: -- which is the right place to do it.

MR. WEISS: There was a sale pending, and he had a dispute, and the money was coming. So --

THE COURT: Mr. Weiss, how can you confirm a plan predicated on that?

MR. WEISS: Well, we don't --

THE COURT: If you're going to pay this --

MR. WEISS: We don't need to if we sell the property.

THE COURT: Then why'd you file it if you don't need to confirm a plan?

MR. WEISS: Because it wasn't going to be sold in time. It --

THE COURT: So you filed a case just to delay a foreclosure sale that was in front of the State Court?

MR. WEISS: To save equity and --

THE COURT: What did you do other than that for $30,000?

MR. WEISS: Well, we kept the case going administratively for four and a half months --

THE COURT: What case?

MR. WEISS: -- while my --

THE COURT: What case? In front of me?

MR. WEISS: The Chapter 11 case. I'll tell you what we did. I have a list.

THE COURT: No, no, Mr. Weiss, you don't have to. I was here. You weren't. I was here.

MR. WEISS: But all these items took time, Judge. You're asking me what do we do, and I'm trying to answer your question. I'll just go through the list.

THE COURT: I read the timesheets.

MR. WEISS: But all these things --

THE COURT: (indiscernible)

MR. WEISS: All these things were necessary --

THE COURT: Mr. Weiss --

MR. WEISS: -- to keep the case alive. Otherwise, the U.S. Trustee would be telling us that we failed to open our operating report, we failed to file operating reports, we failed to get insurance, we failed to --

THE COURT: This is an example of why patients have DNRs. You kept a case alive that was dead. It never existed.

MR. WEISS: It wasn't dead, Judge. They could successfully sell or refinance and the creditor gets all of its money.

THE COURT: Be my guest. It's what I told Mr. Dillon every time he came in.

MR. WEISS: But you couldn't do it without protection.

THE COURT: What do you mean you couldn't do it without protection?

MR. WEISS: We needed to protect the client.

THE COURT: If this -- Mr. Weiss, this is nonsensical. If there's $500,000 of equity --

MR. WEISS: Right.

THE COURT: -- in a case and you intend to sell it, you don't need anybody.

MR. WEISS: We needed the protection of the Court. Otherwise --

THE COURT: Why?

MR. WEISS: -- It would have been sold. Judge, it was --

THE COURT: You just told me you were going to sell it.

MR. WEISS: Is what the Court telling us that we should have done an order to show cause in State Court? That wasn't possible.

THE COURT: I don't know what you should have done.

MR. WEISS: It -- there wasn't --

THE COURT: I'm only dealing with you in this case, in this Court.

MR. WEISS: Correct.

THE COURT: And Mr. Weiss, history also tells us a lot of things. History tells us we have a constant stream of these cases. And a constant stream over the years of me asking you or your firm, why did you do X, and getting some convoluted answer that makes no sense.

Here you got $30,000, not two. And instead of saying, you know, we did X, the principal paid me, I won't be retained, I'll go get money from him -- I don't know what you did. But you wanted this argument and you're going to

get it. And you're going to get a decision. I don't know what it will be, but you're going to get a full-blown decision that will impact not only you, but many, many, many of your colleagues in this practice. They probably don't want to read what that's going to say. You do. So that's what we're going to do. I don't know the answer. You may be right.

MR. WEISS: Judge --

THE COURT: You may be completely entitled to the funds.

MR. WEISS: When I did the research, there are many cases that --

THE COURT: They may legally be right.

MR. WEISS: -- an ability to sell the asset --

THE COURT: Then I'm going to --

MR. WEISS: -- is a legitimate reorganization.

THE COURT: Then I will find that your work was certainly worth the money and you should be retained. I'm not making that decision. I'm just telling you that I sat here, I watched the case, I raised the issues, day one. I watched Mr. Dillon look at me in the last hearing with Mr. Birmingham here and say, can't talk to my client, we got nothing, we don't oppose this.

MR. WEISS: I didn't see that. I don't --

THE COURT: Read the transcript.

MR. WEISS: -- I don't know --

THE COURT: We've got Mr. Birmingham's argument that basically says your firm put in no money for seeking retention -- seeking the ability to cut a deal, and yet you argue you have a deal. Who do you have a deal with? What's the name of the company?

MR. WEISS: You mean who is financing?

THE COURT: Yeah.

MR. WEISS: It was Mr. Dillon that was working on it. I don't have the name. It's in the file.

THE COURT: The lucky thing is I said that before the hearing started, that was going to be the answer. Mr. Dillon is not here. You have no time records showing any negotiation with a third party. You have no affidavits. There was never a comment made to me in court, I don't believe, about the financing you had.

So, if you want to show me that you -- because you're making a representation and you made it in your papers. You'd better hope you have that commitment, because if you don't, we've got a whole other level of issues. Mr. Weiss --

MR. WEISS: This is the information that's coming from our client. He's --

THE COURT: Well, don't put it in your affidavit that you have something without checking. That's the

history of this. It's my clients, they tell me stuff. How many times over the years have I sat there and heard you or somebody from your firm say, we don't know, the client told me, told me today was Thursday. Do you have calendars?

MR. WEISS: Judge, we recommended and he took our advice, that in the meantime he show the property, that he retain Maltz and he show the property. And that's what he's been doing.

THE COURT: Which is my point. If he was going to sell it and it has that much equity, what did you need bankruptcy for?

MR. WEISS: We needed to stay the sale and we needed to sell the property, and we needed the time to do it.

THE COURT: Stay the sale meant there was a proceeding in State Court, correct? Somebody got a foreclosure sale.

MR. WEISS: If we didn't go into bankruptcy, it would have been sold.

THE COURT: Who represented them in the State Court?

MR. WEISS: Not us.

THE COURT: Huh?

MR. WEISS: Not my firm, Judge.

THE COURT: Somebody did. And they went all the

way through and got a date of sale. Correct?

MR. WEISS: I've got to check the records in State Court. I --

THE COURT: You didn't look at the State Court record before you filed the bankruptcy?

MR. WEISS: I did, but that was about five months ago, four and a half months ago. Yeah, five months ago.

THE COURT: All right. I understand your -- let Mr. Birmingham -- they objected to your fees.

MR. BIRMINGHAM: Yes, Judge. We filed a -- William Birmingham, Office of the United States Trustee. We filed an objection to Mr. Weiss' fees. The record seem to be very clear that there was no plan for the Debtor at all throughout this process. And really, in their responses -- in Debtor's counsel's response that there is no -- doesn't even argue this.

Additionally, the calculation of time doesn't make any mathematical sense. We point out that the fee sought after of $24,979 for 46.1 hours of time, which that would be an hourly rate of $541.84, but the time records indicate that attorney time is billed out at $450 an hour.

Additionally, the original motion does not indicate what expenses were for. It just says there was $2,500 of expenses without itemizing it. There is an itemization in the response, though. However, it was not in

the initial motion.

And, Judge, as you pointed out, there was no -- there's no evidence of this third-party financing. It's just shouted out there that the Debtor says he has it. There's no proof whatsoever of it.

Additionally, what's more alarming is that the whole case is predicated on some deal with the mortgagee. Mortgagee's counsel has been here for every hearing, filed a notice of appearance -- filed a notice of appearance on June 28, 2024, and their time records indicate that there's not one phone call, email, or anything to Debtor's -- mortgagee's counsel.

THE COURT: See, the thing that baffles me is the mortgagee's counsel is here.

MR. BIRMINGHAM: Yes, Judge.

THE COURT: And why somebody thinks they can cut a deal with the mortgagee to reduce a mortgage when it's $500,000 of equity is either delusional or -- I don't know. I've got no other explanation.

So, if you don't believe that you owed the mortgage that much money, that was resolved in State Court. In order to have a date of sale, somebody had to reach a conclusion on the case. We're not an appellate court for that.

So there was no theory, Mr. Weiss, other than this

theory that you used the Court to delay something that you shouldn't have done, knew you shouldn't have done. Now, if it's a 7, if I converted the case to a 7, let a Chapter 7 trustee sell it. State will get all the money, everybody can get paid. That was my other alternative.

But I feel that this case did belong in State Court. It was in State Court. I gave your firm, Mr. Weiss, several chances, several, to do the smart thing. Because I gave him several chances to say, it's not a hill you want to die on. That's assuming whatever the decision will be, and I don't know what it will be.

And I believe, and Mr. Birmingham can correct me if I'm wrong, that at our last hearing Mr. Dillon seemed to imply that was the conclusion of the case, until such time as Mr. Birmingham said, and by the way, you have no right to the $30,000 you took, or whatever portion of it they want to object to. And they decided to object to the fees. That's when the hearing changed to -- but we want our fees.

Well, that issue's now been joined. I suggested, told -- everybody knows me. When I suggest things, listen. I generally don't -- I generally do what I say I'm going to do. Generally, in my view of the world.

My concern over this case is it highlights -- and it's a big enough retainer number out here to mean something -- the use of this Court to do things that the Court was

never intended to do and firms cannot, if that's what they intend to do, merely utilize the Court to basically generate fees and then basically say, well, the case is over, I'm keeping my fees. Could happen in 13, could happen in 7, not in 11. Because I have the right to determine the fees. Congress said it's up to me as to what fees get paid. And we're going to make very clear in this decision, which I will issue at some point, exactly what this means.

And the Court believes the U.S.T. did the right thing here in highlighting this issue. It's not easy to object to fees. It's not their business -- it is their business, but everybody's got to work together.

This is just a bad deal. And I think this whole process in 11s of where firms now are going to be required as a matter of law, at least in my opinion -- I will see what my brethren do -- to put the money is going to have an impact on firms. Because I know they put the money in a general operating account. I know 30 years ago I did. We all did, so we could survive.

If you want to make it an issue, now the Court's got to deal with it. And I will. And the U.S.T. will then hopefully confirm with firms when they get retained in 11s that they check a box that says those funds will be placed in (indiscernible) -- in some form of escrow. Not really an escrow, but some segregated account. I don't want to rely

on a firm having or not having the money.

It happened years ago, if everybody remembers, in the Southern District, with a big firm. There was $45 million missing. We're not going to have those numbers, but we're not going to have any numbers.

Now, I'm here until June, and hopefully the rest of the bench, here and the Southern District, where they require certain things already, will become aware of this. I know in the AO, I have made this argument. I was on the committee that oversaw the bankruptcy courts in the country. There's a lot of agreement to it. There's a lot of difficulty with it also. We recognize that smaller firms, it's a burden. That's all I can do.

So, I've read the papers. Again, I have no idea where we come out. We'll read the cases. But I do want to make clear that this is a case for the Court to resolve. The U.S. Trustee did object, and I accept their objections. Had they not, I would have had the same concerns. It's up to me to determine whether the fees were used in an adequate fashion.

I don't know whether your client wants the money back. If your client says, do me a favor, keep the money after I make a ruling, keep the money. I don't care.

MR. WEISS: Judge, could I just respond? (indiscernible) Our client did authorize our appeal. So,

now, if we count the appeal time, we way exceeded --

THE COURT: You're seriously asking me this?

MR. WEISS: Well, I'm just explaining to the Court that the client authorized us to appeal. The second point that I want to make is --

THE COURT: You touch that $30,000 after today, I don't --

MR. WEISS: The second point --

THE COURT: Listen to me. I want to make it incredibly clear. You touch that $30,000 --

MR. WEISS: No, no, we're not, we're not --

THE COURT: Let me finish.

MR. WEISS: Sorry. Sorry.

THE COURT: You touch that $30,000 after today and I will refer you and your firm to the United States -- U.S. Attorney.

MR. WEISS: Mm hmm.

THE COURT: I will refer you to the Bar Committees, and I will take an action immediately to suspend your firm from practice. If my colleagues wish to do it, I assume they will, you'll be out of business. Don't touch that money.

MR. WEISS: I was about to say I'm going to put it into escrow today.

THE COURT: Excellent.

MR. WEISS: You didn't let me. I'm going to put it in escrow today.

THE COURT: I wanted to make my point clear --

MR. WEISS: Okay, I'm not --

THE COURT: -- and I perfectly respect your answer.

MR. WEISS: I'm not going to tangle with the Court over this issue. I understand it's an important issue and I wanted to tell the Court, I hear you loud and clear.

THE COURT: Excellent.

MR. WEISS: Okay. The second point that I want to make is that to the extent that the Court is relying on the U.S. Trustee's objection -- and this transcript is replete with remarks that say that you're relying on that objection -- it was filed late. It was filed on November 26th. It needed to be filed on November 25th. So, to the extent that I --

THE COURT: Do you want me to disregard the U.S. Trustee's objection?

MR. WEISS: So, to the extent that I need to appeal a decision coming out of this hearing, the Court is relying on a defective motion.

THE COURT: I appreciate that.

MR. WEISS: No problem.

THE COURT: That's a ground for appeal, you can

appeal. You may win. I'm not talking about appeal yet.

MR. WEISS: And to the extent --

THE COURT: You'll appeal.

MR. WEISS: -- to the extent, Judge, that you acknowledge that this is a common practice, I'd appreciate it if I'm not a sacrificial lamb here.

THE COURT: I --

MR. WEISS: Thank you.

THE COURT: I don't know what that last sentence meant. I do not acknowledge -- I acknowledge that people do it. I acknowledge that people speed every day on the expressway. I acknowledge people jaywalk every day. Doesn't mean the one who gets caught can argue they all do it, unless you're two years old. That sort of ended in preschool.

So, whether or not you think that's a practice that, A, is common, are you telling me that is a common practice? Let me ask you.

MR. WEISS: I think that this Court implied it.

THE COURT: No, I'm asking you. Do you believe it's a common practice?

MR. WEISS: I believe it's very -- we do not do many Chapter 11 cases. But I do believe it's common.

THE COURT: So, then the Court has to address that. In your other Chapter 11 cases, have you always

placed the money in an operating account, not a segregated account?

MR. WEISS: I have an escrow account with much more escrow in it that's needed --

THE COURT: Wait a second.

MR. WEISS: -- to cover situations like this, but --

THE COURT: How can you use escrowed money?

MR. WEISS: I'll take this specific 30 and I'll put it in there.

THE COURT: No, no, no. You just said something. How can you use money in escrow accounts for other issues than why they're in the escrow account?

MR. WEISS: I never wanted to have a problem with my escrow account, so it has a surplus.

THE COURT: You have a surplus escrow --

MR. WEISS: It has a buffer. It has a buffer.

THE COURT: What is a buffer? Escrow means slice -- you went to law school -- escrow requires somebody is escrowing somebody else's money. There's no buffer. Escrow accounts, at least from what I remember, and I think the banks probably still run it, there's a general escrow account and there are sub-escrow accounts that firms have responsive to each particular client who put up the money.

MR. WEISS: Judge, we --

THE COURT: It's not a general escrow account.

MR. WEISS: We have no dispute. I'm going to put it into the escrow account today.

THE COURT: No, Mr. Weiss, I need to answer since you offered the information.

MR. WEISS: Mm hmm.

THE COURT: In your "escrow account", do you have one escrow account or do you have an escrow account with sub-escrows?

MR. WEISS: I have one escrow account.

THE COURT: But how is that possible, because that's comingling escrow money?

MR. WEISS: I don't have that many items in escrow. I --

THE COURT: I don't care if you have two.

MR. WEISS: I might have three or four at a time.

THE COURT: So you have three or four monies that should be in escrow that are kept in one account?

MR. WEISS: Plus a buffer.

THE COURT: I don't know what a buffer is. A buffer is a general operating account. Look, as fascinating as your practice may be, I assume that Ms. Black is sitting here and Mr. Birmingham is sitting here, they may have some additional issues with how your firm operates. But this is scary. This is scary. Do you have real estate deals?

MR. WEISS: Not many. Very few.

THE COURT: What do you do with escrow? What do you escrow --

MR. WEISS: Maybe two at time. It's an escrow account.

THE COURT: What for? Why do you need an escrow account?

MR. WEISS: If we're representing the seller, there's a down payment.

THE COURT: That's a real estate transaction.

MR. WEISS: Right.

THE COURT: Or a corporate transaction.

MR. WEISS: We don't do corporate transactions --

THE COURT: So it's a real estate deal.

MR. WEISS: Yes.

THE COURT: Okay. So now you've got money and you place it in escrow.

MR. WEISS: Mm hmm.

THE COURT: There's one escrow account, correct? Not sub-accounts.

MR. WEISS: We haven't had that many real estate deals to do sub-accounts. One -- we're thinking about doing more real estate and we'll do the sub-accounts. Judge, after today, I'll look into sub-accounts. I'm not looking to quarrel with the Court over procedures.

THE COURT: You're not quarreling. I'm learning.

MR. WEISS: My issue is that after all these years you decided to bring it up with me, and I'm not sure why.

THE COURT: I decided to bring what up with you?

MR. WEISS: This approach of looking at escrow accounts. I'm not sure if you've asked that of any other attorney. But to the extent that you haven't asked any other attorney, my question is why not?

THE COURT: That's a good point. That's a good point. Maybe we should be clearer --

MR. WEISS: Why don't you ask every attorney? Why don't you ask every attorney?

THE COURT: Well, I only ask issues that are in front of me. But I think in the past, there are a number of occasions, since I probably have more history with this than most of the lawyers in front of me, how their escrow accounts work. And I had somebody in front of me a couple of weeks ago who said we have an escrow agreement. I said, where's the written agreement; said we don't have a written agreement. I said, you can't have an escrow without an escrow agreement. And no law firm these days takes escrow.

None of the large firms want to hold escrow monies. They'll use the title company or somebody else, because your client or somebody will always sue and say -- it was in the (indiscernible) case -- will always sue and

say you can't release the money. And the firm turns to the Court and says, my client is not allowing me to release the money, I need a court order.

This stopped 20 years ago. Large firms didn't want to escrow monies. They'll do it for certain clients, but rarely will they do it generally. In bankruptcy cases, monies held for distribution go into escrow, because they used to get commingled, and people found, how come I don't have enough money to make the distribution? Because after two years, somebody didn't show up and finally shows up. Where'd the extra hundred grand go that you had? We used it. It wasn't your money. It either goes back to the debtor or it goes someplace else.

So, if you want to check the litany of firms who are smart enough not to put this in front of the Court and who have had this issue, go to every single firm in Manhattan. Every firm has had this kind of issue and they all are smart enough to resolve it without getting a court involved. Because once you get --

MR. WEISS: Judge, I'm not looking to quarrel with you. We're in the Eastern District and I think in your litany you acknowledge that it might be a common practice. Look, Judge, I'm going to change it today. I'm going to look into sub-accounts today.

THE COURT: Stop --

MR. WEISS: I'll be a model citizen starting today. All right. So --

THE COURT: I don't know what you'll be. I am not saying anything is a common practice. I said in my history, it was common. I assume firms do it. I don't know. If you want to tell me firms who are doing it today and you want to inform the Court or the U.S. Trustee that you know lawyers who are putting these retainers in an account, we'd be happy -- I'm sure Mr. Burningham would be absolutely happy to hear that and they will pursue those firms. Be my guest.

MR. WEISS: Okay.

THE COURT: Tell him.

MR. WEISS: I'm not looking to get anybody else into trouble, Judge.

THE COURT: Sure you are.

MR. WEISS: I'm looking to make sure that I comply, and now that the Court has made itself clear, we'll comply.

THE COURT: All right, we're done. Thank you.

MR. WEISS: Thank you.

THE COURT: The Court will issue a decision.

(Whereupon these proceedings were concluded at 10:36 AM)

C E R T I F I C A T I O N

I, Rita Weltsch, certified that the foregoing transcript is a true and accurate record of the proceedings.



Rita Weltsch

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: February 19, 2025

**1**

**10** 3:5
**10:29** 1:16
**10:36** 30:23
**10th** 4:13
**11** 9:8,11,15 11:17 20:5 24:23,25
**11501** 31:23
**11722** 1:13 3:13
**11747** 3:6
**11s** 20:14,22
**12151** 31:6
**13** 20:4
**19** 31:25

**2**

**2** 1:15
**2,500** 2:3 17:24
**20** 29:4
**2024** 1:15 4:13 4:22 18:10
**2025** 31:25
**24** 4:22
**24,979** 17:19
**24-72229** 4:2
**24979.00** 2:2
**25th** 23:16
**26th** 23:15
**28** 18:10
**290** 1:12

**3**

**30** 20:18 25:9
**30,000** 5:24 11:11 13:22 19:16 22:6,10 22:14
**300** 31:22
**330** 31:21

**4**

**43** 2:1
**445** 3:5
**45** 21:3
**450** 17:21
**46.1** 17:19

**5**

**500** 5:3
**500,000** 10:7 10:12 12:22 18:18
**541.84** 17:20
**560** 3:12

**6**

**6,000** 5:2

**7**

**7** 19:3,3,3 20:4

**8**

**8-24-72229** 1:3

**a**

**ability** 14:14 15:4
**able** 8:11
**absolutely** 30:9
**accept** 21:17
**account** 6:9,10 6:17,23 7:4,18 20:18,25 25:1 25:2,3,13,15 25:23 26:1,3,7 26:8,8,10,18 26:21 27:5,7 27:19 30:8
**accounts** 25:12 25:21,23 27:20 27:22,23,24 28:6,17 29:24
**accurate** 31:4
**acknowledge** 24:5,10,10,11 24:12 29:22
**acknowledged** 10:5
**action** 22:19
**actually** 5:15
**additional** 26:24
**additionally** 17:17,22 18:6
**address** 24:24
**adds** 5:16
**adequate** 21:19
**administrativ...** 5:18 11:13
**advice** 16:6
**affected** 4:20
**affidavit** 15:24
**affidavits** 15:14
**ago** 17:7,7,7 20:18 21:2 28:18 29:4
**agree** 8:9
**agreement** 21:11 28:18,19 28:20,21
**alarming** 18:6
**alive** 12:4,9
**allow** 6:25
**allowing** 29:2
**alternative** 19:5
**amended** 5:2
**amount** 7:14
**answer** 11:22 13:21 14:6 15:12 23:6 26:4
**anybody** 12:25 30:13
**ao** 21:9
**appeal** 21:25 22:1,4 23:21 23:25 24:1,1,3
**appealing** 5:10
**appearance** 18:9,9
**appearances** 4:4
**appellate** 18:23
**application** 2:1
**appreciate** 23:23 24:5
**approach** 28:5
**approval** 9:13
**approve** 6:21 8:13
**approved** 7:14
**approves** 6:19 8:12
**argue** 15:5 17:16 24:13

**argument** 13:25 15:2 21:9
**asked** 28:6,7
**asking** 7:11 11:22 13:20 22:2 24:20
**asset** 14:14
**assume** 22:21 26:22 30:5
**assuming** 19:10
**attorney** 2:2 3:4,11 5:17 17:21 22:16 28:7,8,11,12
**attorneys** 4:12 5:10
**authorize** 21:25
**authorized** 22:4
**avoid** 10:2
**aware** 21:8

**b**

**b** 1:21
**back** 7:8 8:13 21:22 29:12
**bad** 8:22 20:13
**baffles** 18:13
**bank** 10:1
**bankruptcy** 1:1,11,24 10:9 10:11 16:11,18 17:5 21:10 29:6
**banks** 25:22
**bar** 22:18
**basically** 10:4 15:3 20:2,3
**beginning** 5:24 9:22
**behalf** 2:3 4:12
**believe** 15:16 18:20 19:12 24:20,22,23
**believes** 20:9
**belong** 19:6
**bench** 21:7
**benefit** 4:23
**better** 15:19
**beyond** 9:2
**big** 19:24 21:3
**billed** 17:21
**birmingham** 3:15 4:8,9,10 14:22 17:9,10 17:11 18:15 19:12,15 26:23
**birmingham's** 15:2
**black** 26:22
**blown** 14:2
**box** 20:23
**brethren** 20:16
**bring** 28:3,4
**broadhollow** 3:5
**broker** 4:15
**buffer** 25:17 25:17,18,20 26:19,20,21
**building** 1:7 2:3 4:3,6
**burden** 21:13
**burningham** 30:9
**business** 20:11 20:12 22:21

**c**

**c** 3:1 4:1 31:1,1
**calculation** 17:17
**calendars** 16:4
**call** 18:11
**called** 8:14
**care** 7:14 21:23 26:15
**case** 1:3 4:2,12 4:13,17,21,21 4:23 5:12,25 9:9,21,25 10:1 11:7,12,14,16 11:17 12:4,9 12:24 13:15 14:20 18:7,23 19:3,6,14,23 20:3 21:16 28:25
**cases** 5:20 8:10 9:8 13:19 14:12 21:15 24:23,25 29:6
**cash** 7:1
**caught** 8:16 24:13
**cause** 13:9
**center** 8:17
**central** 1:13 3:13
**certain** 21:8 29:5
**certainly** 14:18
**certified** 31:3
**chance** 9:25
**chances** 19:8,9
**change** 29:23
**changed** 19:18
**chapter** 9:8,10 9:15 11:17 19:3 24:23,25
**check** 17:2 20:23 29:14
**checking** 15:25
**citizen** 30:1
**cl** 3:5
**claim** 5:3
**clear** 9:24 17:13 20:7 21:16 22:10 23:3,9 30:17
**clearer** 28:10
**clerk** 4:2
**client** 9:18 10:13 12:20 14:22 15:23 16:3 21:21,22 21:25 22:4 25:24 28:24 29:2
**clients** 16:1 29:5
**colleagues** 14:4 22:20

**come** 6:2 21:15 29:8
**coming** 10:21 15:22 23:21
**comingling** 26:12
**comment** 15:15
**commingled** 29:8
**commitment** 15:19
**committee** 21:10
**committees** 22:19
**common** 24:5 24:17,17,21,23 29:22 30:4,5
**company** 15:6 28:23
**compensation** 2:1
**completely** 14:9
**comply** 30:17 30:18
**concern** 19:23
**concerns** 21:18
**concluded** 30:22
**conclusion** 18:23 19:14
**confirm** 10:22 11:4 20:22
**confirmed** 9:25
**congress** 20:6
**constant** 13:18 13:19
**converted** 19:3
**convoluted** 13:21
**corporate** 27:12,13
**corporation** 1:7 2:4 4:3,6
**correct** 5:25 6:1 13:16 16:16 17:1 19:12 27:19
**counsel** 10:4 18:8,12,14
**counsel's** 17:15
**count** 8:1 22:1
**country** 21:10 31:21
**couple** 28:17
**court** 1:1,11 4:4,7,10,19,21 5:5,11,13,23 6:2,4,6,8,14,18 6:18,20,22 7:1 7:6,11,15,20 7:20,25 8:2,5,7 8:9,9,12,19,19 8:21 9:2,5,10 9:13,13,15,17 9:20,21,24 10:9,11,16,17 10:19,22,25 11:3,7,8,10,14 11:16,19,24 12:1,3,8,14,18 12:21,24 13:1 13:3,6,8,9,11 13:14,15,17 14:9,13,15,17 14:25 15:2,8 15:11,15,24 16:9,15,16,20 16:21,23,25 17:3,4,4,8 18:13,16,21,23 19:1,7,7,25,25 20:2,9 21:16 22:2,3,6,9,12 22:14,18,25 23:3,5,7,9,10 23:12,18,21,23 23:25 24:3,7,9 24:19,20,24,24 25:5,8,11,16 25:18 26:1,4,7 26:11,15,17,20 27:2,6,10,12 27:14,16,19,25 28:1,4,9,13 29:2,3,15,18 29:25 30:3,7 30:12,15,17,19 30:21,21
**court's** 20:20
**courts** 21:10
**cover** 6:12 25:6
**creditor** 12:12
**creditors** 4:24 5:1
**curious** 6:9
**cut** 15:4 18:16

**d**

**d** 2:1,3 3:3,8 4:1
**date** 17:1 18:22 31:25
**day** 14:20 24:11,12
**days** 28:21
**dead** 12:9,11
**deal** 8:22 10:1 10:6 15:4,5,5 18:7,17 20:13 20:21 27:14
**dealing** 13:14
**deals** 26:25 27:22
**debtor** 1:9 2:2 3:4 4:5,15,23 5:18 6:6 7:15 17:13 18:4 29:13
**debtor's** 4:12 4:24 17:15 18:11
**debtors** 5:20
**december** 1:15
**decided** 19:17 28:3,4
**decision** 14:1,3 14:19 19:10 20:7 23:21 30:21
**defective** 23:22
**delay** 11:7 19:1
**delusional** 18:18

**denied** 7:20
**determine** 20:5 21:19
**die** 19:10
**different** 7:1
**difficulty** 21:12
**dillon** 12:15 14:21 15:9,13 19:13
**disappear** 8:5
**dismissal** 4:20 5:10
**dismissed** 4:21
**dispute** 10:14 10:21 26:2
**disputing** 4:17
**disregard** 23:18
**distribution** 29:7,9
**district** 1:2 5:11 8:23 21:3 21:7 29:21
**dnrs** 12:9
**doing** 8:16 16:8 27:22 30:6
**dollars** 5:5
**drain** 7:7

**e**

**e** 1:21,21,23 3:1,1 4:1,1 31:1
**eastern** 1:2 29:21
**easton** 8:23
**easy** 5:17 20:10
**ecro** 1:25
**either** 18:18 29:12
**else's** 25:20
**email** 18:11
**ended** 24:14
**entire** 9:21 10:1
**entitled** 14:9
**equity** 4:14 10:8,12 11:9 12:22 16:10 18:18
**escrow** 6:11 20:24,25 22:24 23:2 25:3,4,12 25:13,15,16,18 25:19,20,22,23 26:1,3,7,8,8,10 26:12,14,18 27:2,3,4,6,17 27:19 28:5,16 28:18,20,21,21 28:22 29:5,7
**escrowed** 25:8
**escrowing** 25:20
**escrows** 26:9
**esq** 3:3
**estate** 4:24,25 26:25 27:10,14 27:21,23
**everybody** 19:4,20 21:2
**everybody's** 20:12
**evidence** 18:3
**exactly** 20:8
**example** 12:8
**exceeded** 22:1
**excellent** 22:25 23:10
**existed** 12:10
**expenses** 2:2 17:23,24
**explaining** 22:3
**explanation** 18:19
**expressway** 24:12
**extent** 23:12,16 23:20 24:2,4 28:7
**extra** 29:11

**f**

**f** 1:21 31:1
**failed** 12:5,6,7 12:7
**fascinating** 26:21
**fashion** 21:20
**favor** 21:22
**february** 31:25
**federal** 1:12 3:12
**fee** 8:12,13 17:18
**feel** 19:6
**fees** 2:2 17:9 17:12 19:17,18 20:3,4,5,6,11 21:19
**fighting** 10:16
**file** 10:11 11:3 12:6 15:10
**filed** 2:3 4:13 5:21 10:2 11:7 17:5,10,12 18:8,9 23:15 23:15,16
**finally** 29:10
**financing** 4:16 5:7 15:7,16 18:3
**find** 14:17
**finish** 22:12
**firm** 7:8,16,21 10:4 13:20 15:3 16:3,24 19:7 21:1,3 22:15,20 26:24 28:21 29:1,16 29:17
**firms** 7:3,3 8:15,15 20:1 20:14,17,22 21:12 25:23 28:22 29:4,14 30:5,6,10
**five** 5:5,6,6 17:6,7
**foreclosure** 5:8 11:8 16:17
**foregoing** 31:3
**form** 20:24
**forward** 8:25

**found** 29:8
**four** 4:22 5:14 5:21 11:13 17:7 26:16,17
**front** 8:17 11:8 11:16 28:14,16 28:17 29:15
**full** 14:2
**fully** 10:14
**funding** 10:14
**funds** 7:7,7 8:11 14:10 20:23
**fungible** 6:12 7:2

**g**

**g** 4:1
**general** 6:10 6:16,22 7:4,17 8:10,11 20:18 25:22 26:1,21
**generally** 19:21,21,22 29:6
**generate** 20:2
**getting** 13:20 29:18
**give** 8:13
**go** 4:17 6:9,10 6:22 11:23 13:24 16:18 29:7,11,16
**goal** 4:13
**goes** 6:16 9:2 29:12,13
**going** 5:13 8:25 10:25 11:5,12 13:6,25 14:1,2 14:5,6,15 15:12 16:9 19:21 20:7,14 20:16 21:4,5 22:23 23:1,7 26:2 29:23,23
**good** 4:7,8,11 8:21 28:9,9
**grand** 29:11
**grossman** 1:23
**ground** 23:25
**guess** 8:14
**guest** 12:14 30:10
**guys** 5:24

**h**

**half** 4:14,22 5:14 11:13 17:7
**happen** 7:8,12 7:13,16,21 20:4,4
**happened** 21:2
**happy** 7:3 30:8 30:9
**hear** 23:9 30:9
**heard** 16:2
**hearing** 2:1 4:22 14:21 15:12 18:8 19:13,18 23:21
**held** 29:7
**help** 5:19
**helped** 5:21
**highlighting** 20:10
**highlights** 19:23
**hill** 19:9
**history** 13:17 13:18 16:1 28:15 30:4
**hmm** 7:5,19 8:18,20,25 9:4 9:23 22:17 26:6 27:18
**hold** 28:22
**home** 1:7 2:3 4:2,5
**hon** 1:23
**hope** 8:12 15:19
**hopefully** 20:22 21:6
**hour** 17:21
**hourly** 17:20
**hours** 17:19
**huh** 16:23
**hundred** 5:5,6 5:6 29:11

**i**

**idea** 21:14
**immediately** 22:19
**impact** 14:3 20:17
**implied** 24:19
**imply** 19:14
**important** 23:8
**incredibly** 22:10
**indicate** 17:20 17:23 18:10
**indiscernible** 12:1 20:24 21:25 28:25
**inform** 30:7
**information** 15:22 26:5
**initial** 18:1
**insurance** 5:21 12:7
**intend** 12:24 20:2
**intended** 20:1
**interested** 8:23
**involved** 29:19
**islip** 1:13 3:13
**issue** 20:8,10 20:20 23:8,8 28:2 29:16,17 30:21
**issue's** 19:19
**issues** 14:20 15:20 25:12 26:24 28:13
**item** 5:16,16,16
**itemization** 17:25
**itemizing** 17:24
**items** 11:21 26:13

**j**

**j** 3:15
**jaywalk** 24:12
**joined** 19:19
**judge** 1:24 4:8 4:11 7:9,22 9:1 9:7,16 10:6

11:21 12:11 13:4 14:8 16:5 16:24 17:10 18:2,15 21:24 24:4 25:25 27:23 29:20,23 30:14
**judges** 8:23
**judgment** 4:17 4:18 5:8
**june** 4:13 18:9 21:6

**k**

**keep** 12:4 21:22,23
**keeping** 20:4
**kept** 11:12 12:9 26:18
**kind** 29:17
**knew** 19:2
**know** 6:14,17 7:11 13:11,23 13:24 14:1,6 15:1 16:3 18:18 19:11 20:17,18 21:9 21:21 24:9 26:20 30:3,5,7
**knows** 19:20

**l**

**lamb** 24:6
**large** 28:22 29:4
**late** 23:15
**law** 20:15 25:19 28:21
**lawyer** 8:5
**lawyers** 8:10 8:14 28:16 30:7
**learning** 28:1
**legal** 31:20
**legally** 14:13
**legitimate** 14:16
**lender** 4:25 5:9 10:6,15
**level** 15:20
**likelihood** 8:7
**list** 11:18,23
**listed** 5:1
**listen** 19:20 22:9
**litany** 29:14,22
**look** 5:15,15 14:21 17:4 26:21 27:24 29:23,24
**looking** 27:24 28:5 29:20 30:13,16
**lot** 13:18 21:11 21:11
**loud** 23:9
**lucky** 15:11

**m**

**made** 4:18 9:24 15:15,18 21:9 30:17
**make** 7:13,16 17:17 20:7,20 21:16,23 22:5 22:9 23:3,12 29:9 30:16
**makes** 13:21
**making** 14:19 15:18
**maltz** 16:7
**manhattan** 29:17
**mathematical** 17:18
**matter** 1:5 4:2 20:15
**matters** 6:12
**mean** 12:18 15:7 19:24 24:13
**means** 6:15 20:8 25:18
**meant** 16:15 24:10
**melville** 3:6
**merely** 20:2
**mid** 8:15
**million** 4:14 21:4
**mineola** 31:23
**missing** 21:4
**mm** 7:5,19 8:18,20,25 9:4 9:23 22:17 26:6 27:18
**model** 30:1
**money** 6:18,20 7:4,16 8:13 10:21 12:13 13:24 14:18 15:3 18:21 19:4 20:16,17 21:1,21,22,23 22:22 25:1,8 25:12,20,24 26:12 27:16 29:1,3,9,12
**monies** 26:17 28:23 29:5,7
**months** 4:23 5:14 11:13 17:6,7,7
**morning** 4:7,8 4:11
**mortgage** 18:17,21
**mortgagee** 18:7,17
**mortgagee's** 18:8,12,14
**motion** 4:19 17:22 18:1 23:22
**move** 5:8 9:5

**n**

**n** 3:1 4:1 31:1
**name** 15:6,10
**necessary** 12:2
**need** 10:9 11:1 11:4 12:25 16:10 23:20 26:4 27:6 29:3
**needed** 12:20 13:1 16:12,13 16:13 23:16 25:4
**negotiating** 5:9
**negotiation** 15:14

**never** 12:9 15:15 20:1 25:14
**new** 1:2,13 5:3
**nonsensical** 12:22
**notice** 18:9,9
**november** 23:15,16
**number** 4:2 6:12 19:24 28:14
**numbers** 6:13 21:4,5
**ny** 3:6,13 31:23

**o**

**o** 1:21 4:1 31:1
**object** 19:17,17 20:11 21:17
**objected** 17:9
**objection** 17:12 23:13,14 23:19
**objections** 21:17
**occasions** 28:15
**occurred** 7:6
**october** 4:22
**offered** 26:5
**office** 3:10 4:9 17:11
**okay** 4:4 5:6 6:8 9:12,19 23:4,11 27:16 30:11
**old** 24:14 31:21
**once** 8:16 29:19
**open** 12:5
**operates** 26:24
**operating** 5:21 6:10,16,23 7:4 7:17 8:11 12:6 12:6 20:18 25:1 26:21
**opinion** 20:15
**oppose** 14:23
**order** 13:9 18:22 29:3
**original** 17:22
**oversaw** 21:10
**owed** 10:15 18:20

**p**

**p** 3:1,1 4:1
**paid** 13:23 19:5 20:6
**papers** 5:23 15:19 21:14
**particular** 25:24
**party** 15:14 18:3
**past** 28:14
**patients** 12:8
**pay** 7:7 10:25
**payment** 27:9
**payments** 4:18
**pending** 4:20 10:20
**people** 24:10 24:11,12 29:8
**perfectly** 23:5
**phone** 18:11
**place** 10:19 27:17
**placed** 20:23 25:1
**plan** 10:22 11:4 17:13
**plaza** 1:12 3:12
**plus** 26:19
**point** 7:9,10,11 7:22,23 9:8,20 16:9 17:18 20:8 22:4,8 23:3,11 28:9 28:10
**pointed** 18:2
**ponzi** 8:14
**portion** 19:16
**possible** 13:10 26:11
**possibly** 9:25
**post** 4:18
**practice** 14:4 22:20 24:5,16 24:18,21 26:22 29:22 30:4
**predicated** 10:1,23 18:7
**preferred** 4:16
**premise** 10:7
**preschool** 24:15
**principal** 6:3,4 13:23
**probably** 14:4 25:22 28:15
**problem** 23:24 25:14
**problems** 7:24 8:3
**procedures** 27:25
**proceeding** 16:16
**proceedings** 30:22 31:4
**process** 17:14 20:14
**proof** 18:5
**property** 5:7 11:2 16:6,7,13
**proposition** 8:10
**protect** 12:20
**protected** 5:7
**protection** 12:17,19 13:1
**purpose** 10:3
**pursue** 30:10
**put** 7:4,17 8:11 8:17 15:3,24 20:16,17 22:23 23:1 25:10,24 26:2 29:15
**putting** 30:8

**q**

**quarrel** 27:25 29:20
**quarreling** 28:1
**question** 7:1 11:23 28:8

**r**

**r** 1:21 3:1 4:1 31:1
**raised** 14:20
**rarely** 29:6
**rate** 17:20
**reach** 18:22
**read** 5:23 10:3 11:24 14:5,25 21:14,15
**real** 26:25 27:10,14,21,23
**really** 17:14 20:24
**reapplication** 4:12
**recognize** 21:12
**recommended** 16:5
**record** 17:5,12 31:4
**records** 15:13 17:2,20 18:10
**reduce** 18:17
**refer** 22:15,18
**refinance** 12:12
**reg** 1:3
**release** 29:1,2
**rely** 20:25
**relying** 23:12 23:14,22
**remarks** 23:14
**remember** 25:21
**remembers** 21:2
**reorganization** 4:23 14:16
**replete** 23:13
**report** 12:6
**reports** 5:21 12:6
**representation** 15:18
**represented** 16:20
**representing** 27:8
**require** 21:8
**required** 20:14
**requires** 25:19
**research** 14:11
**reserve** 6:24
**resolve** 21:16 29:18
**resolved** 18:21
**respect** 23:5
**respond** 21:24
**response** 17:15 17:25
**responses** 17:14
**responsive** 25:24
**rest** 21:6
**retain** 16:7
**retained** 4:15 9:10 13:24 14:18 20:22
**retainer** 5:24 6:8 7:17 19:24
**retainers** 8:11 9:17 30:8
**retention** 7:20 15:4
**right** 8:4 9:5 10:5,19 12:23 14:7,13 17:8 19:15 20:5,9 27:11 30:2,19
**rita** 2:25 31:3,8
**road** 3:5 31:21
**robert** 1:23
**ron** 4:5
**ronald** 2:1,3 3:3,8
**route** 4:16
**ruling** 21:23
**run** 25:22

**s**

**s** 3:1 4:1
**sacrificial** 24:6
**sale** 4:15 5:8 10:20 11:8 16:12,15,17 17:1 18:22
**sat** 14:19 16:2
**save** 4:14 11:9
**saying** 7:23 9:8 13:23 30:4
**says** 15:3 17:23 18:4 20:23 21:22 29:2
**scary** 26:25,25
**schedule** 5:2
**scheme** 8:14
**school** 25:19
**second** 9:20 22:4,8 23:11 25:5
**secure** 10:13
**secured** 4:16 4:25 5:9,20 10:6,14
**securing** 5:7
**see** 7:9,9,11 10:4 14:24 18:13 20:15
**seeking** 15:3,4
**seem** 17:12
**seemed** 19:13
**segregated** 20:25 25:1
**sell** 11:1 12:12 12:24 13:7 14:14 16:10,13 19:4
**seller** 27:8
**sense** 13:21 17:18
**sentence** 6:14 24:9
**separate** 6:9
**seriously** 22:2
**several** 19:8,8 19:9
**shouted** 18:4
**show** 13:9 15:17 16:6,7 29:10
**showing** 15:13
**shows** 29:10
**signature** 31:6

**single** 9:9 29:16
**sitting** 26:22 26:23
**situations** 25:6
**sized** 8:15
**slice** 25:18
**small** 7:3 8:15
**smaller** 21:12
**smart** 19:8 29:15,18
**sold** 11:5 13:4 16:19
**solely** 10:2
**solutions** 31:20
**somebody** 8:15 8:16 16:3,16 16:25 18:16,22 25:19,20 28:17 28:23,24 29:10
**someplace** 29:13
**sorry** 9:1 22:13 22:13
**sort** 24:14
**sought** 17:18
**southern** 21:3 21:7
**specific** 25:9
**specifically** 9:8
**speed** 24:11
**started** 15:12
**starting** 30:1
**state** 4:19 5:3 10:16 11:8 13:9 16:16,20 17:2,4 18:21 19:4,6,7
**states** 1:1,11 3:10,11 4:9 17:11 22:15
**stay** 10:3 16:12 16:15
**stayed** 4:15
**stop** 29:25
**stopped** 29:4
**stream** 13:18 13:19
**stuff** 16:1
**sub** 25:23 26:9 27:20,22,23,24 29:24
**substantial** 4:18
**successfully** 4:14 12:12
**sue** 28:24,25
**sufficient** 6:12
**suggest** 19:20
**suggested** 19:19
**suite** 3:5 31:22
**sum** 5:12
**sure** 4:5 7:13 28:3,6 30:9,15 30:16
**surplus** 25:15 25:16
**survive** 20:19
**suspend** 22:19

**t**

**t** 31:1,1
**take** 8:11 22:19 25:9
**taken** 7:14
**takes** 7:15 28:21
**talk** 14:22
**talking** 24:1
**tangle** 23:7
**tell** 5:13 11:17 16:1 23:9 30:6 30:12
**telling** 12:5 13:8 14:19 24:17
**tells** 13:17,18
**thank** 9:12,14 9:16 24:8 30:19,20
**theory** 18:25 19:1
**thing** 15:11 18:13 19:8 20:10
**things** 5:18 11:25 12:2 13:18 19:20,25 21:8
**think** 5:13 9:20 20:13 24:16,19 25:21 28:14 29:21
**thinking** 27:22
**thinks** 18:16
**third** 15:14 18:3
**three** 5:1 26:16 26:17
**thursday** 16:4
**time** 5:16,17 11:6,21 12:15 15:13 16:13 17:17,19,20,21 18:10 19:14 22:1 26:16 27:4
**times** 16:2
**timesheets** 11:24
**title** 28:23
**today** 16:4 22:6,14,24 23:2 26:3 27:24 29:23,24 30:2,6
**together** 20:12
**told** 12:14 13:6 16:3,4 19:20
**took** 7:17 11:21 16:5 19:16
**total** 5:12
**touch** 22:6,10 22:14,21
**transaction** 27:10,12
**transactions** 27:13
**transcribed** 2:25
**transcript** 14:25 23:13 31:4
**transcripts** 10:4

**trouble** 30:14
**true** 31:4
**trustee** 3:10,11 4:9 5:13 12:5 17:11 19:4 21:17 30:7
**trustee's** 23:13 23:19
**trying** 11:22
**turns** 29:1
**two** 13:22 24:14 26:15 27:4 29:10

**u**

**u.s.** 1:24 5:13 12:5 21:17 22:15 23:13,18 30:7
**u.s.t.** 20:9,21
**ultimately** 10:3
**understand** 7:2,22,23 9:7 17:8 23:8
**unfortunately** 5:17
**united** 1:1,11 3:10,11 4:9 17:11 22:15
**unknown** 1:25
**unsecured** 5:1 5:4
**use** 19:25 25:8 25:12 28:23
**used** 19:1 21:19 29:8,11
**utilize** 20:2

**v**

**vacate** 5:8
**veritext** 31:20
**view** 7:15 19:22

**w**

**wait** 25:5
**want** 8:9 9:13 14:5 15:17 19:9,16,18 20:20,25 21:15 22:5,9 23:11 23:18 28:22 29:5,14 30:6,6
**wanted** 10:13 13:25 23:3,9 25:14
**wants** 21:21
**watched** 14:20 14:21
**way** 9:2 17:1 19:15 22:1
**we've** 5:9 15:2 15:20
**weeks** 28:18
**weiss** 2:2,3 3:3 3:8 4:5,5,11 5:6,23 6:1,3,5 6:7,11,16,20 6:24 7:5,9,13 7:19,22 8:1,4,6 8:8,18,20,25 9:2,4,7,12,14 9:16,19,23 10:6,10,13,18 10:20,22,24 11:1,5,9,12,15 11:17,19,21,25 12:2,3,4,11,16 12:20,21,23 13:1,4,8,13,16 13:17 14:8,11 14:14,16,24 15:1,7,9,21,22 16:5,12,18,22 16:24 17:2,6 17:12 18:25 19:7 21:24 22:3,8,11,13 22:17,23 23:1 23:4,7,11,20 23:24 24:2,4,8 24:19,22 25:3 25:6,9,14,17 25:25 26:2,4,6 26:10,13,16,19 27:1,4,8,11,13 27:15,18,21 28:2,5,11 29:20 30:1,11 30:13,16,20
**weltsch** 2:25 31:3,8
**went** 16:25 25:19
**whatsoever** 18:5
**where'd** 29:11
**why'd** 11:3
**william** 3:15 4:8 17:11
**win** 24:1
**wish** 22:20
**work** 14:17 20:12 28:17
**working** 15:9
**world** 19:22
**worth** 14:18
**written** 28:19 28:19
**wrong** 19:13

**x**

**x** 1:4,10 13:20 13:23

**y**

**yeah** 15:8 17:7
**years** 13:19 16:2 20:18 21:2 24:14 28:2 29:4,10
**york** 1:2,13 5:3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
Case No. 8-24-72229-reg

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

HOME BUILDING CORPORATION,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court
290 Federal Plaza
Central Islip, New York 11722

August 12, 2024
10:46 AM

B E F O R E :
HON. ROBERT E. GROSSMAN
U.S. BANKRUPTCY JUDGE

ECRO: AMY

HEARING re [7] Order Scheduling Initial Case Management Conference

Transcribed by: Rita Weltsch

A P P E A R A N C E S :

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
Attorney for Debtor
200 Garden City Plaza, Suite 315
Garden City, NY 11530

BY: SCOTT T. DILLON

OFFICE OF THE UNITED STATES TRUSTEE
Attorney for the United States Trustee
560 Federal Plaza
Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM

STEIN WIENER & ROTH LLP
Attorney for Pitsa Kadianakis
1400 Old Country Road, Suite 315
Westbury, NY 11590

BY: EDWARD A. WIENER

P R O C E E D I N G S

CLERK: Next matter is case number 24-72229, Home Building Corporation.

MR. DILLON: Scott Dillon, Your Honor, on behalf of the Debtor.

THE COURT: Good morning.

MR. DILLON: Good morning.

MR. BIRMINGHAM: Morning, Judge. William Birmingham Office of the United States Trustee.

THE COURT: Good morning.

MR. WEINER: Good morning, Your Honor. Edward Wiener for (indiscernible), the secured Creditor.

THE COURT: Good morning. Okay, tell me what was going on.

MR. DILLON: So, Your Honor, we've filed the operating reports. We've filed them into schedules reflecting the unsecured Creditors. There was a hiccup with the quarterly fee to the United States trustee. The Debtor used the old account where all the money had gone to the DIP account, so the check bounced. They have reissued the order without the quarterly fee statement.

And I'm not sure that the U.S. trustee has actually received it yet. We are presently moving in the Suffolk County Supreme Court to attack the judgment amount because Rooker-Feldman clearly precludes us from attacking it here because --

THE COURT: Why are we here? This is what I asked last time. I don't understand why we're here. It's equity in the property. It's a single asset. It's an asset case against the Debtor and now you have a few Creditors who, I don't know who they are or not. How do you ever confirm a plan?

MR. DILLON: Well, now we have unsecured Creditors, Your Honor, who have their voting rights.

THE COURT: So, you have unsecured Creditors who would vote in favor of a plan where you have to pay the secured creditor 100 cents on the dollar. He'd be happy to take it today. Do whatever you want with the unsecured Creditors.

MR. DILLON: Your Honor, what --

THE COURT: You can't cram them down.

MR. DILLON: The Debtor took out -- the Debtor's principal took out a $250,000 mortgage on this home and paid it to the secured Creditor, which has not been credited to the account at all. So, there's a significant dispute.

THE COURT: That may be, but as you said, it's in Suffolk County.

MR. DILLON: It is in Suffolk County.

THE COURT: Not me. So, if I can't litigate the issue of the amount of the claim of the secured Creditor, and everybody acknowledges, apparently, that the property

is sufficient to pay off the secured Creditor, we're going to do an entire Chapter 11 to pay the unsecured -- what's the total amount of the unsecured debt?

MR. DILLON: Less than 5,000, Your Honor.

THE COURT: Less than $5,000. He could file a plan today for 100 percent, pay them 5,000, and that's the end of the case. I mean, --

MR. DILLON: What the simple answer is, Your Honor, is that this is their singular asset. This is their singular source of income.

THE COURT: I'm not accusing them of being bad people, and I don't want -- you know, a lot of people make deals. The problem is you -- they have, I don't think it was you, litigated this up to get a judgment in the state court. There's a judgment that this can't be attacked here.

MR. DILLON: Understood.

THE COURT: There's a property that can pay the judgment, albeit they'd have to sell it, and $5,000 of unsecured debt, which isn't worth the cost of filing a plan and disclosure statement. So, I don't know, I mean, I don't have a motion to dismiss. I guess you're the secured Creditor, right?

MR. WIENER: Yes, Your Honor.

THE COURT: What do you think?

MR. WIENER: So, there's significant equity here,

as Your Honor pointed out. As you said, we would take a payoff today, and the issues that they're raising regarding the state court judgment aren't entirely accurate. But again, that's not before Your Honor. We've given them credit for every payment that's been made. As of today, the totals about $630,000, the property is worth --

THE COURT: It doesn't matter to me. You have a judgment.

MR. WIENER: Yes.

THE COURT: Mr. Birmingham, am I missing something here?

MR. BIRMINGHAM: No, Judge. We didn't move to dismiss the case yet in order to give the -- to give the Debtor some time to negotiate with secured Creditor. The secured Creditor doesn't seem to be interested.

THE COURT: How do you negotiate with somebody when your asset's worth more than their owed?

MR. DILLON: You negotiate, Your Honor, based on the fact that they want to pay.

THE COURT: Okay, be my guest. On September 16th, when next you'll be here, either you have a deal, or the Court will take its own action. The U.S. trustee will have made its motion by then. I just don't want the courts clogged up with cases that can't go anyplace. I recognize somebody's hurt by this, it's the person who owns the property. But that's --

MR. DILLON: Reality.

THE COURT: Reality. They have a right to their money. You had a right to litigate, or they did, I don't think you did, but they had a right to litigate it. And they got a judgment against them. So, take it up through that process. Appeal it. Do whatever you want to do.

MR. DILLON: Understood, Your Honor.

THE COURT: But I got nothing else, guys. September 16th. Thank you.

MR. DILLON: Thank you, Your Honor.

CLERK: September 16th at 9:30.

(Whereupon these proceedings were concluded at 10:55 AM)

C E R T I F I C A T I O N

I, Rita Weltsch, certified that the foregoing transcript is a true and accurate record of the proceedings.

R. Weltsch

Rita Weltsch

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: February 19, 2025

**&**

**&** 3:3,17

**1**

**100** 5:10 6:5
**10:46** 1:16
**10:55** 8:12
**11** 6:1
**11501** 9:23
**11530** 3:6
**11590** 3:20
**11722** 1:13 3:13
**12** 1:15
**12151** 9:6
**1400** 3:19
**16th** 7:20 8:8 8:10
**19** 9:25

**2**

**200** 3:5
**2024** 1:15
**2025** 9:25
**24-72229** 4:2
**250,000** 5:16
**290** 1:12

**3**

**300** 9:22
**315** 3:5,19
**330** 9:21

**5**

**5,000** 6:3,4,5 6:18
**560** 3:12

**6**

**630,000** 7:5

**7**

**7** 2:1

**8**

**8-24-72229** 1:3

**9**

**9:30** 8:10

**a**

**account** 4:18 4:19 5:18
**accurate** 7:2 9:4
**accusing** 6:10
**acknowledges** 5:24
**action** 7:20
**actually** 4:21
**albeit** 6:18
**amount** 4:22 5:23 6:2
**amy** 1:25
**answer** 6:7
**anyplace** 7:22
**apparently** 5:24
**appeal** 8:5
**asked** 5:1
**asset** 5:2,3 6:8
**asset's** 7:16
**attack** 4:22
**attacked** 6:14
**attacking** 4:23
**attorney** 3:4,11 3:18
**august** 1:15

**b**

**b** 1:21
**bad** 6:10
**bankruptcy** 1:1,11,23
**based** 7:17
**behalf** 4:3
**birmingham** 3:15 4:7,8 7:9 7:11
**bounced** 4:19
**building** 1:7 4:2

**c**

**c** 3:1 4:1 9:1,1
**case** 1:3 2:1 4:2 5:3 6:6 7:12
**cases** 7:22
**central** 1:13 3:13
**cents** 5:10
**certified** 9:3
**chapter** 6:1
**check** 4:19
**city** 3:5,6
**claim** 5:23
**clearly** 4:23
**clerk** 4:2 8:10
**clogged** 7:22
**concluded** 8:11
**conference** 2:2
**confirm** 5:5
**corporation** 1:7 4:2
**cost** 6:19
**country** 3:19 9:21
**county** 4:22 5:20,21
**court** 1:1,11 4:5,9,12,22 5:1 5:8,14,20,22 6:4,10,14,17 6:23 7:2,6,9,15 7:19,20 8:1,7
**courts** 7:21
**cram** 5:14
**credit** 7:4
**credited** 5:18
**creditor** 4:11 5:10,17,23 6:1 6:21 7:13,14
**creditors** 4:16 5:4,7,8,12

**d**

**d** 4:1
**date** 9:25
**deal** 7:20
**deals** 6:12
**debt** 6:2,19
**debtor** 1:9 3:4 4:4,18 5:3,15 7:13
**debtor's** 5:15
**dillon** 3:8 4:3,3 4:6,14 5:6,13 5:15,21 6:3,7 6:16 7:17 8:1,6 8:9
**dip** 4:19

**disclosure** 6:20
**dismiss** 6:20 7:12
**dispute** 5:19
**district** 1:2
**dollar** 5:10

**e**

**e** 1:21,21,22 3:1,1 4:1,1 9:1
**eastern** 1:2
**ecro** 1:25
**edward** 3:22 4:10
**either** 7:20
**entire** 6:1
**entirely** 7:2
**equity** 5:2 6:24
**everybody** 5:24

**f**

**f** 1:21 9:1
**fact** 7:18
**favor** 5:9
**february** 9:25
**federal** 1:12 3:12
**fee** 4:17,20
**feldman** 4:23
**file** 6:4
**filed** 4:14,15
**filing** 6:19
**foregoing** 9:3

**g**

**g** 4:1
**garden** 3:5,6
**give** 7:12,12
**given** 7:3
**go** 7:22
**going** 4:13 6:1
**good** 4:5,6,9,10 4:12
**grossman** 1:22
**guess** 6:20
**guest** 7:19
**guys** 8:7

**h**

**happy** 5:10
**hearing** 2:1
**hiccup** 4:16
**home** 1:7 4:2 5:16
**hon** 1:22
**honor** 4:3,10 4:14 5:7,13 6:3 6:8,22 7:1,3,17 8:6,9
**hurt** 7:23

**i**

**income** 6:9
**indiscernible** 4:11
**initial** 2:1
**interested** 7:14
**islip** 1:13 3:13
**issue** 5:23
**issues** 7:1

**j**

**j** 3:15
**judge** 1:23 4:7 7:11
**judgment** 4:22 6:13,14,18 7:2 7:7 8:4

**k**

**kadianakis** 3:18
**kirschenbaum** 3:3,3
**know** 5:4 6:11 6:20

**l**

**legal** 9:20
**litigate** 5:22 8:2,3
**litigated** 6:13
**llp** 3:17
**lot** 6:11

**m**

**made** 7:4,21
**make** 6:11
**management** 2:1
**matter** 1:5 4:2 7:6
**mean** 6:6,20
**mineola** 9:23
**missing** 7:9
**money** 4:18 8:2
**morning** 4:5,6 4:7,9,10,12
**mortgage** 5:16
**motion** 6:20 7:21
**move** 7:11
**moving** 4:21

**n**

**n** 3:1 4:1 9:1
**negotiate** 7:13 7:15,17
**new** 1:2,13
**number** 4:2
**ny** 3:6,13,20 9:23

**o**

**o** 1:21 4:1 9:1
**office** 3:10 4:8
**okay** 4:12 7:19
**old** 3:19 4:18 9:21
**operating** 4:15
**order** 2:1 4:20 7:12
**owed** 7:16
**own** 7:20
**owns** 7:23

**p**

**p** 3:1,1 4:1
**p.c.** 3:3
**paid** 5:17
**pay** 5:9 6:1,1,5 6:17 7:18
**payment** 7:4
**payoff** 7:1
**people** 6:11,11
**percent** 6:5
**person** 7:23
**pitsa** 3:18
**plan** 5:5,9 6:5 6:19
**plaza** 1:12 3:5 3:12

**pointed** 7:1
**precludes** 4:23
**presently** 4:21
**principal** 5:16
**problem** 6:12
**proceedings** 8:11 9:4
**process** 8:5
**property** 5:2 5:24 6:17 7:5 7:24

**q**

**quarterly** 4:17 4:20

**r**

**r** 1:21 3:1 4:1 9:1
**raising** 7:1
**reality** 8:1,1
**received** 4:21
**recognize** 7:22
**record** 9:4
**reflecting** 4:16
**reg** 1:3
**regarding** 7:1
**reissued** 4:19
**reports** 4:15
**right** 6:21 8:1,2 8:3
**rights** 5:7
**rita** 2:25 9:3,8
**road** 3:19 9:21
**robert** 1:22
**rooker** 4:23
**roth** 3:17

**s**

**s** 3:1 4:1
**schedules** 4:15
**scheduling** 2:1
**scott** 3:8 4:3
**secured** 4:11 5:10,17,23 6:1 6:20 7:13,14
**seem** 7:14
**sell** 6:18
**september** 7:19 8:8,10
**signature** 9:6
**significant** 5:18 6:24
**simple** 6:7
**single** 5:2
**singular** 6:8,9
**solutions** 9:20
**somebody** 7:15
**somebody's** 7:23
**source** 6:9
**state** 6:13 7:2
**statement** 4:20 6:20
**states** 1:1,11 3:10,11 4:8,17
**stein** 3:17
**sufficient** 6:1
**suffolk** 4:22 5:20,21
**suite** 3:5,19 9:22
**supreme** 4:22
**sure** 4:21

**t**

**t** 3:8 9:1,1
**take** 5:11 7:1 7:20 8:4
**tell** 4:12
**thank** 8:8,9
**think** 6:12,23 8:3
**time** 5:1 7:13
**today** 5:11 6:5 7:1,4
**took** 5:15,16
**total** 6:2
**totals** 7:5
**transcribed** 2:25
**transcript** 9:4
**true** 9:4
**trustee** 3:10,11 4:8,17,21 7:20

**u**

**u.s.** 1:23 4:21 7:20
**understand** 5:1
**understood** 6:16 8:6
**united** 1:1,11 3:10,11 4:8,17
**unsecured** 4:16 5:6,8,11 6:1,2 6:19
**used** 4:18

**v**

**veritext** 9:20
**vote** 5:9
**voting** 5:7

**w**

**want** 5:11 6:11 7:18,21 8:5
**we've** 4:14,15 7:3
**weiner** 4:10
**weltsch** 2:25 9:3,8
**westbury** 3:20
**wiener** 3:17,22 4:11 6:22,24 7:8
**william** 3:15 4:7
**worth** 6:19 7:5 7:16

**x**

**x** 1:4,10

**y**

**york** 1:2,13